IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO, | CIVIL NO. 03-00563 SPK-KSC |
| Plaintiff(s), | |
| vs. | THIRD AMENDED RULE 16 SCHEDULING ORDER |
| UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO, | |
| Defendant(s). | |
| UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO, | |
| Third Party Plaintiff/ Counter Defendant, | |
| vs. | |
| GARY RODRIGUES, | |
| Third Party Defendant/ Counter Claimant, | |

## THIRD AMENDED RULE 16 SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16 and LR 16.2, a scheduling conference was held in chambers on May 1, 2006, before the Honorable Kevin S. C. Chang, United States Magistrate Judge. Appearing at the conference were Clayton Ikei on behalf

of the Plaintiff, Charles Price on behalf of the Defendant/Third Party Plaintiff/Counter Defendant and Eric Seitz on behalf of the Third Party Defendant/Counter Claimant.

Pursuant to Fed. R. Civ. P. 16(e) and LR 16.3, the Court enters this scheduling conference order:

**TRIAL AND PRETRIAL CONFERENCE SCHEDULING:**

**1.** **JURY** trial in this matter will commence before the Honorable Samuel P. King, Senior United States District Judge on July 18, 2006, at 9:00 am

**2.** A final pretrial conference shall be held on June 6, 2006, at 9:00 am before the Honorable Kevin S. C. Chang, United States Magistrate Judge.

3. (RESERVED)

**4.** Pursuant to LR 16.6, each party herein shall serve and file a separate final pretrial statement by May 30, 2006.

**MOTIONS:**

**5.** All motions to join additional parties or to amend the pleadings shall be filed by CLOSED.

**6.** Other non-dispositive motions, except for motions in limine and discovery motions, shall be filed by CLOSED.

**7.** Dispositive motions shall be filed by CLOSED.

**8.** Motions in limine shall be filed by June 27, 2006.

Any opposition memorandum to a motion in limine shall be filed by July 5, 2006.

**DISCOVERY:**

9. Unless and until otherwise ordered by the Court, the parties shall follow the discovery plan agreed to by the parties herein pursuant to Fed. R. Civ. P. 26(f).

**10.** (RESERVED)

**11.** Pursuant to Fed. R. Civ. P. 26(a)(2), each party shall disclose to each other party the identity and written report of any person who may be used at trial to present expert evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. The disclosures pursuant to this paragraph shall be according to the following schedule:

   **a.** All plaintiffs shall comply by CLOSED.

   **b.** All defendants shall comply by CLOSED.

Disclosure of the identity and written report of any person who may be called solely to contradict or rebut the evidence of a witness identified by another party pursuant to subparagraphs a and b hereinabove shall occur within thirty (30) days after the disclosure by the other party.

**12.**   Pursuant to Fed. R. Civ. P. 16(b)(3) and LR 16.2(a)(6), the discovery deadline shall be CLOSED.  Unless otherwise permitted by the Court, all discovery pursuant to Federal Rules of Civil Procedure, Rules 26 through 37 inclusive must be completed by the discovery deadline.  Unless otherwise permitted by the Court, all discovery motions and conferences made or requested pursuant to Federal Rules of Civil Procedure, Rules 26 through 37 inclusive of LR 26.1, 26.2 37.1 shall be heard no later than thirty (30) days prior to the discovery deadline.

**SETTLEMENT:**

**13.**   A settlement conference shall be held  ON CALL, at  before the Honorable Kevin S. C. Chang, United States Magistrate Judge.

**14.**   Each party shall deliver to the presiding Magistrate Judge a confidential settlement conference statement by ON CALL.  The parties are directed to LR 16.5(b) for the requirements of the confidential settlement conference statement.

**15.**   The parties shall exchange written settlement offers and meet and confer to discuss settlement before the date on which settlement conference statements are due.

**TRIAL SUBMISSIONS:**

    **JURY ISSUES:**

16.    The parties shall prepare in writing and submit to the Court any special voir dire inquiries they wish the judge to ask the jury panel.

17.  The parties shall confer in advance of trial for the purpose of preparing an agreed upon special verdict form, if a special verdict form is to be requested.  The agreed upon special verdict form shall be submitted to the Court.  In the event of disagreement, the parties shall submit all proposed special verdict forms to the Court.

18.  The parties shall confer in advance of trial for the purpose of preparing an agreed upon concise statement of the case that may be read by the trial judge to the jury during voir dire.  The agreed upon concise statement of the case shall be submitted to the Court.  In the event of disagreement, the parties shall submit all proposed concise statements of the case to the Court.

19.    Jury instructions shall be prepared in accordance with LR 51.1 and submitted to the Court.

**20.**  All submissions to the Court required by paragraphs 16, 17, 18 and 19 shall be made by July 5, 2006.

**WITNESSES:**

**21.**    By June 27, 2006, each party shall serve and file a final comprehensive

witness list indicating the identity of each witness that the party will call at trial and describing concisely the substance of the testimony to be given and the estimated time required for the testimony of the witness on direct examination.

22. The parties shall make arrangements to schedule the attendance of witnesses at trial so that the case can proceed with all due expedition and without any unnecessary delay.

23. The party presenting evidence at trial shall give notice to the other party the day before of the names of the witnesses who will be called to testify the next day and the order in which the witnesses will be called.

### **EXHIBITS:**

**24.** By June 20, 2006, the parties shall premark for identification all exhibits and shall exchange or, when appropriate, make available for inspection all exhibits to be offered, other than for impeachment or rebuttal, and all demonstrative aids to be used at trial.

**25.** The parties shall meet and confer regarding possible stipulations to the authenticity and admissibility of proposed exhibits by June 27, 2006.

**26.** By July 5, 2006, the parties shall file any objections to the admissibility of exhibits. Copies of any exhibits to which objections are made shall be attached to

the objections.

27. The original set of exhibits and two copies (all in binders) and a list of all exhibits shall be submitted to the Court the Thursday before trial.

**DEPOSITIONS:**

**28 a.** By June 27, 2006, the parties shall serve and file statements designating excerpts from depositions (specifying the witness and page and line referred to) to be used at trial other than for impeachment or rebuttal.

**b.** Statements counter-designating other portions of depositions or any objections to the use of depositions shall be served and filed by July 5, 2006.

**TRIAL BRIEFS:**

**29.** By July 5, 2006, each party shall serve and file a trial brief on all significant disputed issues of law, including foreseeable procedural and evidentiary issues, setting forth briefly the party's position and the supporting arguments and authorities.

30.    (RESERVED)

**OTHER MATTERS:**

There being no decision issued by the 9th Circuit Court of Appeals on defendant Rodrigues' criminal appeal and over Plaintiff's objection, trial continued

from 5/23/06 to July 18, 2006 at 9:00 am before The Honorable Samuel P. King, Senior United States District Judge.  No further continuances to be allowed and trial to proceed over defendant's objections.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, May 2, 2006.



    Kevin S.C. Chang
    United States Magistrate Judge