ORIGINAL

AO88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO,<br><br>           Plaintiff,<br>       v.<br><br>UNITED PUBLIC WORKERS, AFSCME LOCAL 646,<br>AFL-CIO,<br><br>           Defendant.<br>UNITED PUBLIC WORKERS, AFSCME LOCAL 646,<br>AFL-CIO,<br><br>           Third-Party Plaintiff,<br>       v.<br>GARY W. RODRIGUES,<br><br>           Third-Party Defendant. | **SUBPOENA IN A CIVIL CASE**<br>Case Number[1]: CV 03-00563 LEK<br><br>FILED IN THE<br>UNITED STATES DISTRICT COURT<br>DISTRICT OF HAWAII<br><br>APR 15 2008<br><br>at __ o'clock and __ min __ M<br>SUE BEITIA, CLERK |

TO:    AURORA FERNANDEZ
       c/o UPW OAHU DIVISION
       1426 N. SCHOOL STREET
       HONOLULU, HAWAII 96817

☒ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time, specified below to testify in the above case.

| PLACE OF TESTIMONY<br>United States District Court<br>300 Ala Moana Boulevard<br>Honolulu, Hawaii 96850 | COURTROOM |
|---|---|
| | DATE AND TIME<br>May 13, 2008 at 9 a.m. |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>                Attorney for Plaintiff | DATE<br>April 10, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
CLAYTON C. IKEI, Pacific Guardian Tower, Suite 1203, 1440 Kapiolani
Boulevard, Honolulu, Hawaii 96814; Telephone:  (808) 533-3777

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

A088 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 04/14/08  13:04 | 1426 N. School St.<br>Hon., HI. 96819 |
| SERVED ON (PRINT NAME) | Anthony Fernandez | MANNER OF SERVICE<br>Personal Service |
| SERVED BY (PRINT NAME) | Jacinto Carrasco<br>Civil Process Server | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___4/14/08___
                  DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER   P. O. Box 4302
Honolulu, HI 96812
Tel: (808) 521-5800

---

Rule 45, Federal Rules of Civil Procedure, Parts C&D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall force this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production of inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any and all the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such person may in order to attend trial be commanded to travel from any such place within which the trial is held or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claims shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.