```
                IN THE UNITED STATES DISTRICT COURT

                         DISTRICT OF HAWAII

JEANNE K. ENDO,                )    CIVIL NO. 03-00563 LEK
                               )
            Plaintiff,         )    MEMORANDUM IN SUPPORT
                               )
     vs.                       )
                               )
UNITED PUBLIC WORKERS, AFSCME  )
LOCAL 646, AFL-CIO,            )
                               )
            Defendant,         )
                               )
     vs.                       )
                               )
GARY W. RODRIGUES,             )
                               )
            Third-Party        )
            Defendant          )
                               )
_____)
```

MEMORANDUM IN SUPPORT

In the instant action, Plaintiff alleges that since she started working for Defendant United Public Workers, AFSCME Local 646, AFL-CIO (hereinafter "UPW") in or about late 1994 until on or about June 14, 2001, UPW's State Director, Third-Party Defendant Gary W. Rodrigues, subjected her to a sexually hostile work environment, and that he later retaliated against her for refusing to continue a sexual relationship with him.

The Plaintiff's claims are rife with rumor, supposition, and innuendo and constitute or are based upon impermissible hearsay. In her deposition Plaintiff has alleged that other people told her certain information about Rodrigues

in attempting to prove the truth of various matters asserted. Plaintiff claims that Merlene Akau told her in 1993 that Rodrigues would go into Akau's office and touch her arms and kiss her. Plaintiff alleges that Georgietta Carroll [Chock] told her that she was upset about Rodrigues' relationship with Tani Olaso. Plaintiff states that Clifford Uwaine told her that Rodrigues had instructed him to write an article criticizing her performance for the union newsletter. Plaintiff has repetitively alleged throughout the course of this litigation that Rodrigues would alternately pay attention to and/or have relationships with various female employees, and the basis of this knowledge would presumably be from information that those employees allegedly told Plaintiff.

      Plaintiff's allegations concerning what other people told her about Rodrigues are hearsay and should be deemed inadmissible pursuant to Rule 802, Federal Rules of Evidence (hereinafter "FRE"). None of this information falls within any of the hearsay exceptions enumerated in Rule 803, FRE.

      In addition to being hearsay, any potential probative value of information that Ms. Akau, Ms. Chock, and/or any other employee that Rodrigues allegedly harassed is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Furthermore, the information allegedly relayed by Ms. Chock and Mr. Uwaine will result in

undue delay, a waste of time, and the presentation of needless cumulative evidence because they are able to testify to these matters themselves, and Plaintiff has listed them as witnesses in her Final Pretrial Statement.  This evidence is therefore also inadmissible pursuant to Rule 403, FRE.

Any evidence concerning information about Rodrigues that Plaintiff claims she received from Ms. Akau, Ms. Chock, and/or any other employee that Rodrigues allegedly harassed would also be prohibited character evidence and inadmissible pursuant to Rule 404(b), FRE.

Based on the foregoing, Third-Party Defendant Rodrigues respectfully requests that this Court issue an order barring the parties from introducing and/or otherwise eliciting any testimony or evidence at trial of hearsay information that other people allegedly told Plaintiff.

DATED:  Honolulu, Hawaii, April 22, 2008.

/s/ Eric A. Seitz
ERIC A. SEITZ
LAWRENCE I. KAWASAKI
DELLA A. BELATTI

Attorneys for Third-Party
Defendant Gary W. Rodrigues