IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO,<br><br>        Plaintiff,<br><br>  vs.<br><br>UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO,<br><br>        Defendant,<br><br>  vs.<br><br>GARY W. RODRIGUES,<br><br>        Third-Party Defendant | CIVIL NO. 03-00563 LEK<br><br>MEMORANDUM IN SUPPORT |

MEMORANDUM IN SUPPORT

In the instant action, Plaintiff alleges that since she started working for Defendant United Public Workers, AFSCME Local 646, AFL-CIO (hereinafter "UPW") in or about late 1994 until on or about June 14, 2001, UPW's State Director, Third-Party Defendant Gary W. Rodrigues, subjected her to a sexually hostile work environment, and that he later retaliated against her for refusing to continue a sexual relationship with him.

In Georgietta Chock's deposition, she stated that she filed a claim sometime in either 1996 or 1997 alleging sexual harassment against Rodrigues and UPW.  These claims were settled in a confidential agreement binding on all parties.  Ms. Chock

had been employed by UPW as a secretary, receptionist, administrative executive secretary, and administrative assistant. Rodrigues and Ms. Chock previously were involved in an intimate consensual relationship that included their engagement and cohabitation for approximately nine years. Their relationship ended in 1994 and the alleged harassment occurred after that date.

Ms. Chock's case is clearly distinguishable and has no relevance whatsoever to the present matter. Any testimony or evidence of Ms. Chock's claims or settlement is not probative of any issue regarding the manner in which Plaintiff was treated in the course of her employment with the UPW and is therefore irrelevant and should be deemed inadmissible pursuant to Rule 402, Federal Rules of Evidence (hereinafter "FRE"). Such evidence clearly would result in unfair prejudice to Rodrigues, confuse the issues in this case, and/or mislead the jury and should therefore be inadmissible pursuant to Rule 403, FRE.

Such evidence would also constitute prohibited character evidence, which is inadmissible pursuant to Rule 404(b), FRE.

Based on the foregoing, Third-Party Defendant Rodrigues respectfully requests that this Court issue an order barring the parties from introducing and/or otherwise eliciting

any testimony or evidence at trial of Ms. Chock's claims or her confidential settlement thereof.

DATED:  Honolulu, Hawaii, April 22, 2008  .


/s/ Eric A. Seitz
ERIC A. SEITZ
LAWRENCE I. KAWASAKI
DELLA A. BELATTI

Attorneys for Third-Party
Defendant Gary W. Rodrigues