IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEANNE K. ENDO, | ) | CIVIL NO. 03-00563 LEK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GARY W. RODRIGUES, | ) | |
| | ) | |
| Third-Party Defendant | ) ) | |
| | ) | |

MEMORANDUM IN SUPPORT

      In the instant action, Plaintiff alleges that since she started working for Defendant United Public Workers, AFSCME Local 646, AFL-CIO (hereinafter "UPW") in or about late 1994 until on or about June 14, 2001, UPW's State Director, Third-Party Defendant Gary W. Rodrigues, subjected her to a sexually hostile work environment, and that he later retaliated against her for refusing to continue a sexual relationship with him.

      In hearsay accusations based upon rumor, suspicion, and innuendo, Plaintiff, Georgietta Chock, and Dayton Nakanelua have alleged that Rodrigues engaged in relationships with various other women.  Plaintiff has alleged that Rodrigues

engaged, or attempted to engage, in relationships with several other United Public Workers' (hereinafter "UPW") female employees, including Ms. Chock and Tani Olaso.  Ms. Chock claimed in her deposition that Rodrigues was engaged, or attempted to engage, in relationships with UPW employees Pat Fowler, Carol Farias, and Tani Olaso and with a court reporter named Donna Bullard.  Other than Ms. Olaso, Ms. Chock's assertions were based upon hearsay and her own unconfirmed suspicions.  Dayton Nakanelua alleged that he was told Rodrigues had harassed Diane Berndt and Plaintiff, and that he heard rumors of Rodrigues' other relationships.

The allegations concerning Rodrigues' relationships with women other than Plaintiff and Ms. Chock (only if they are each testifying concerning their own respective relationships) are hearsay and should be deemed inadmissible pursuant to Rule 802, Federal Rules of Evidence (hereinafter "FRE").  None of this information falls within any of the hearsay exceptions enumerated in Rule 803, FRE.

Furthermore, any testimony or evidence of Rodrigues' alleged relationships with other women is not probative of any issue regarding the manner in which Plaintiff was treated in the course of her employment with the UPW and is therefore irrelevant and should be deemed inadmissible pursuant to Rule 402, FRE.  Moreover because such evidence would clearly result

in unfair prejudice to Rodrigues, confuse the issues in this case, and/or mislead the jury, any testimony or evidence regarding Rodrigues' alleged relationships with other women is inadmissible pursuant to Rule 403, FRE.  This evidence will result in undue delay, a waste of time, and the presentation of needless cumulative evidence.

Evidence of Rodrigues' relationships with Ms. Chock or Ms. Olaso would also be irrelevant and non-probative of Plaintiff's allegations of a hostile working environment.  Those relationships are distinguishable from Plaintiff's accusations because Rodrigues was respectively involved in consensual long-term relationships with those women, and those particular relationships do not substantiate Plaintiff's allegations of Rodrigues' hostility, attitude of disrespect, or sexual objectification of female UPW employees.  Heyne v. Caruso, 69 F.3d 1475, 1479-1481 (9th Cir. 1995).

As such evidence would also clearly constitute prohibited character evidence, it is inadmissible pursuant to Rule 404(b), FRE.

Based on the foregoing, Third-Party Defendant Rodrigues respectfully requests that this Court issue an order barring the parties from introducing and/or otherwise eliciting any testimony or evidence at trial of his alleged relationships with women other than Plaintiff.

DATED:  Honolulu, Hawaii, April 22, 2008.

<pre>
                        /s/ Eric A. Seitz
                        ERIC A. SEITZ
                        LAWRENCE I. KAWASAKI
                        DELLA A. BELATTI

                        Attorneys for Third-Party
                        Defendant Gary W. Rodrigues
</pre>

4