IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEANNE K. ENDO, | ) | CIVIL NO. 03-00563 LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM IN SUPPORT |
| | ) | |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GARY W. RODRIGUES, | ) | |
| | ) | |
| Third-Party Defendant | ) | |

MEMORANDUM IN SUPPORT

In the instant action, Plaintiff alleges that since she started working for Defendant United Public Workers, AFSCME Local 646, AFL-CIO (hereinafter "UPW") in or about late 1994 until on or about June 14, 2001, UPW's State Director, Third-Party Defendant Gary W. Rodrigues, subjected her to a sexually hostile work environment, and that he later retaliated against her for refusing to continue a sexual relationship with him.

At their oral depositions Plaintiff's counsel attempted to elicit testimony from Dayton Nakanelua and Clifford T. Uwaine as to whether they believed that Rodrigues sexually harassed Plaintiff. In both instances, the witnesses admitted having no personal knowledge of these claims.

In connection with the above, Rule 602, FRE provides:

      A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses.

      In addition, Rule 701, FRE provides:

      If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

      As there is no evidence showing that any witness has any personal knowledge of whether Rodrigues ever sexually harassed Plaintiff any opinion testimony by witnesses as to whether Rodrigues engaged in sexual harassment of Plaintiff is barred by Rules 602 and 701, FRE. It is solely for the jury to determine whether Plaintiff's allegations are true, and allowing opinions on the ultimate issue clearly will invade the province of the finders of fact and result in unfair prejudice to Rodrigues in violation of Rule 403, FRE.

      Based on the foregoing, Third-Party Defendant Rodrigues respectfully requests that this Court issue an order barring any testimony by witnesses as to whether Rodrigues ever sexually harassed Plaintiff.

/

/

DATED: Honolulu, Hawaii, __April 22, 2008__ .


          /s/ Eric A. Seitz
ERIC A. SEITZ
LAWRENCE I. KAWASAKI
DELLA A. BELATTI

Attorneys for Third-Party
Defendant Gary W. Rodrigues