```
                IN THE UNITED STATES DISTRICT COURT

                       DISTRICT OF HAWAII

JEANNE K. ENDO,                    )   CIVIL NO. 03-00563 LEK
                                   )
        Plaintiff,                 )
                                   )
    vs.                            )   MEMORANDUM IN SUPPORT
                                   )
UNITED PUBLIC WORKERS, AFSCME      )
LOCAL 646, AFL-CIO,                )
                                   )
        Defendant.                 )
                                   )
    vs.                            )
                                   )
GARY W. RODRIGUES,                 )
                                   )
        Third-Party                )
        Defendant                  )
_____)
```

## MEMORANDUM IN SUPPORT

       In the instant action, Plaintiff alleges that since she started working for Defendant United Public Workers, AFSCME Local 646, AFL-CIO (hereinafter "UPW") in or about late 1994 until on or about June 14, 2001, UPW's State Director, Third-Party Defendant Gary W. Rodrigues, subjected her to a sexually hostile work environment, and that he later retaliated against her for refusing to continue a sexual relationship with him.

       At her deposition Plaintiff testified that after she initially filed her complaint with the EEOC in April 2002 she believes that Rodrigues attempted to retaliate against her when he instructed Clifford T. Uwaine to write a news article for the UPW newspaper which was critical of Plaintiff's work for the purpose of terminating her. Plaintiff testified that Clifford T.

Uwaine told her about this, and it is undisputed that the article was never published.

At his deposition Mr. Uwaine testified that after Plaintiff filed her complaint in April 2002 he saw no indication of Plaintiff being treated differently by Rodrigues in connection with the work which Plaintiff performed for his division, and that he had no knowledge of how Plaintiff was treated by Rodrigues at work otherwise.  Mr. Uwaine also testified that when Rodrigues asked him to write the news article Rodrigues made no reference to Plaintiff's complaint, that Rodrigues made no reference to an intent to terminate Plaintiff, and that he <u>assumed</u> that Rodrigues had intended to terminate Plaintiff when he requested the article be written.

As neither Plaintiff nor Mr. Uwaine have no personal knowledge of Rodrigues' intent when he requested Mr. Uwaine write the article any such evidence is barred by Rules 602 and 701, FRE.

Such testimony is barred by Rule 403, FRE and also clearly constitutes the specific kind of character evidence barred by Rule 404(b), FRE.

Any testimony by Plaintiff as to out-of-court statements purportedly made by Mr. Uwaine to Plaintiff about Rodrigues' intent would clearly constitute inadmissible hearsay barred by Rule 802, FRE.

Based on the foregoing, Third-Party Defendant Rodrigues respectfully requests that this Court issue an order barring any testimony regarding an article critical of Plaintiff which Clifford T. Uwaine wrote purportedly at Rodrigues' request.

DATED:  Honolulu, Hawaii,   April 22, 2008         .

                        /s/ Eric A. Seitz
                       ERIC A. SEITZ
                       LAWRENCE I. KAWASAKI
                       DELLA A. BELATTI

                       Attorneys for Third-Party
                       Defendant Gary W. Rodrigues