IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEANNE K. ENDO, | ) | CIVIL NO. 03-00563 LEK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GARY W. RODRIGUES, | ) | |
| | ) | |
| Third-Party Defendant | ) | |

MEMORANDUM IN SUPPORT

In the instant action, Plaintiff alleges that since she started working for Defendant United Public Workers, AFSCME Local 646, AFL-CIO (hereinafter "UPW") in or about late 1994 until on or about June 14, 2001, UPW's State Director, Third-Party Defendant Gary W. Rodrigues, subjected her to a sexually hostile work environment, and that he later retaliated against her for refusing to continue a sexual relationship with him.

In their depositions, Dayton Nakanelua and Clifford Uwaine testified concerning work that they allegedly performed on several occasions at Rodrigues' direction on a property that United Public Workers (hereinafter "UPW") owned in Bend, Oregon.

The UPW employees who worked on the property understood that it belonged to UPW; however, Rodrigues allegedly owned all or some portion of the property.  Mr. Nakanelua asserts that these incidents showed Rodrigues was dishonest because Rodrigues allegedly asked him to fill out a vacation time slip for the trip.

Any testimony concerning work performed on the subject property is not probative of any issue regarding the manner in which Plaintiff was treated in the course of her employment with UPW and is therefore irrelevant and should be deemed inadmissible pursuant to Rule 402, Federal Rules of Evidence (hereinafter "FRE").

The only possible purpose for allowing such evidence would be to imply that Rodrigues is a "bad man" who acted in conformity therewith in the course of Plaintiff's employment with UPW.

Such evidence clearly would result in unfair prejudice to Rodrigues, confuse the issues in this case, and/or mislead the jury.  Accordingly, any testimony or evidence regarding work on the subject property is inadmissible pursuant to Rule 403, FRE.  This evidence will result in undue delay, a waste of time, and the presentation of needless cumulative evidence, and constitutes prohibited character evidence which is inadmissible pursuant to Rule 404(b), FRE.

Based on the foregoing Third-Party Defendant Rodrigues respectfully requests that this Court issue an order barring the parties from introducing and/or otherwise eliciting any testimony concerning work allegedly performed on the subject property.

DATED:  Honolulu, Hawaii, <u>  April 22, 2008     </u>.

<u>/s/ Eric A. Seitz        </u>
ERIC A. SEITZ
LAWRENCE I. KAWASAKI
DELLA A. BELATTI

Attorneys for Third-Party
Defendant Gary W. Rodrigues