IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEANNE K. ENDO, | ) | CIVIL NO. 03-00563 LEK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GARY W. RODRIGUES, | ) | |
| | ) | |
| Third-Party Defendant | ) | |
| | ) | |

<u>MEMORANDUM IN SUPPORT</u>

In the instant action, Plaintiff alleges that since she started working for Defendant United Public Workers, AFSCME Local 646, AFL-CIO (hereinafter "UPW") in or about late 1994 until on or about June 14, 2001, UPW's State Director, Third-Party Defendant Gary W. Rodrigues, subjected her to a sexually hostile work environment, and that he later retaliated against her for refusing to continue a sexual relationship with him.

In their depositions, Dayton Nakanelua and Clifford Uwaine testified as to their opinions concerning Rodrigues' character. Those opinions were primarily based upon Rodrigues' criminal convictions. <u>See</u> Third-Party Defendant Gary Rodrigues'

First Motion In Limine.  Rodrigues anticipates that the Plaintiff may further inquire or testify as to his character involving his conviction or allegations of his relationships with other UPW female employees.  See Third-Party Defendant Gary Rodrigues' Fifth Motion In Limine.  This testimony is clearly barred by the Federal Rules of Evidence (hereinafter "FRE").

Testimony concerning Rodrigues' character is not probative of any issue regarding the manner in which Plaintiff was treated in the course of her employment with UPW and is therefore irrelevant and should be deemed inadmissible pursuant to FRE Rule 402.  Because such evidence clearly would result in unfair prejudice to Rodrigues, confuse the issues in this case, and/or mislead the jury, any testimony or evidence regarding Rodrigues' character is inadmissible pursuant to Rule 403, FRE.  Furthermore, this information will result in undue delay, a waste of time, and the presentation of needless cumulative evidence.

Such evidence also would constitute prohibited character evidence which is inadmissible pursuant to Rule 404, FRE.  That rule generally prohibits the admission of character evidence for the purpose of proving action in conformity therewith on a particular occasion except that an accused party is allowed to offer evidence of a pertinent trait of character and the prosecution may rebut such evidence.  Rodrigues has not

and does not anticipate making his character an issue in this case. Any evidence of Rodrigues' character is also inadmissible due to Rule 404(b)'s prohibition of evidence of other crimes, wrongs, or acts.

Rule 405(b) allows evidence specific instances of conduct in cases where character or a character trait is an essential element of a charge, claim, or defense. Rodrigues' character or a trait of his character is not an essential element to the charge, claim, or defense, and should not be admitted.

Based on the foregoing Third-Party Defendant Rodrigues respectfully requests that this Court issue an order barring the parties from introducing and/or otherwise eliciting any testimony concerning Rodrigues' character at trial.

DATED: Honolulu, Hawaii,   April 22, 2008   .

/s/ Eric A. Seitz
ERIC A. SEITZ
LAWRENCE I. KAWASAKI
DELLA A. BELATTI

Attorneys for Third-Party
Defendant Gary W. Rodrigues

3