IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO, | ) CIVIL NO. 03-00563 LEK |
| Plaintiff, | ) MEMORANDUM OF LAW IN SUPPORT OF ) MOTION |
| v. | ) |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) |
| Defendant. | ) |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| GARY W. RODRIGUES, | ) |
| Third-Party Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**

I. INTRODUCTION

Beginning on April 20, 1993, Plaintiff has been employed as the accountant to Defendant United Public Workers, AFSCME Local 646, AFL-CIO ("UPW"). During Plaintiff's employment, Third-Party Defendant Gary W. Rodrigues ("Rodrigues") was the State Director for the UPW.

Plaintiff alleges that throughout the time she worked under Rodrigues, she was subjected to a hostile work environment and sexual harassment. Plaintiff alleges that due to Rodrigues' unchecked power within UPW, women who refused Rodrigues' requests

for sexual favors were retaliated against, and women who submitted were rewarded with favorable treatment. Moreover, Plaintiff alleges that Rodrigues pressured her for sexual favors, including intercourse, as well as touching her breasts and buttocks.

As a result, Plaintiff filed this action against UPW alleging unlawful sex discrimination and harassment, as well as unlawful reprisal in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq.

On June 18, 1993, Plaintiff filed a complaint of discrimination with the Hawaii Civil Rights Commission ("HCRC") against her former employer, United Truck Rental and Equipment Leasing, Inc., and Edwin S. Lau, as an Individual, in FEP NO. 6141; EEOC NO. 37B-93-0182 ("1993 Complaint"). The parties in the 1993 Complaint settled by agreement on July 16, 1998. As part of the agreement, Plaintiff withdrew her complaint, and the case was closed by the HCRC effective July 24, 1998.

Plaintiff believes that the UPW and/or Rodrigues may seek to introduce evidence regarding Plaintiff's 1993 Complaint and/or its settlement. Thus, Plaintiff hereby submits this motion in limine to exclude such evidence.

\\
\\
\\

## II. ARGUMENT

### A. Federal Rules of Evidence ("FRE"), Generally

FRE 401, Definition of "Relevant Evidence," states:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

FRE 402, Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible, states:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

FRE 403, Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time, states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

FRE 408, Compromise and Offers to Compromise, states:

> (a) Prohibited uses. Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction: (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in

> compromising or attempting to compromise the claim; and (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.
>
> (b) Permitted uses. This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

Here, Plaintiff's 1993 Complaint was against her former employers who are not parties in this matter. As noted above, Plaintiff's 1993 Complaint was settled by agreement between the parties.

Plaintiff contends that the factual allegations in the 1993 Complaint and its eventual settlement are irrelevant to the factual allegations in this matter. Moreover, as the 1993 Complaint was settled, Plaintiff contends that any evidence relating to the settlement of that complaint is inadmissible under FRE 408.

Plaintiff further contends assuming, *arguendo*, that evidence regarding Plaintiff's 1993 Complaint or its settlement is relevant to this matter, it should nevertheless be excluded under FRE 403. The probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the

4

issues, or misleading the jury.  Introduction of any evidence regarding the 1993 Complaint or its settlement will likely confuse the jury into believing that they must determine the merits of the 1993 Complaint when it has no connection to this lawsuit, and was settled almost ten years ago.

### III. CONCLUSION

Therefore, for the foregoing reasons, Plaintiff requests that the Court grants her Motion.

DATED:   Honolulu, Hawaii, April 22, 2008.

_____
CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
JEANNE K. ENDO