IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO,<br><br>        Defendant.<br><br>UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO,<br><br>    Third-Party Plaintiff,<br><br>        v.<br><br>GARY W. RODRIGUES,<br><br>    Third-Party Defendant. | CIVIL NO. 03-00563 LEK<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION |

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION**

### I.   INTRODUCTION

Beginning on April 20, 1993, Plaintiff has been employed as the accountant to Defendant United Public Workers, AFSCME Local 646, AFL-CIO ("UPW"). During Plaintiff's employment, Third-Party Defendant Gary W. Rodrigues ("Rodrigues") was the State Director for the UPW.

Plaintiff alleges that throughout the time she worked under Rodrigues, she was subjected to a hostile work environment and sexual harassment. Plaintiff alleges that due to Rodrigues' unchecked power within UPW, women who refused Rodrigues' requests for sexual favors were retaliated against, and women who

submitted were rewarded with favorable treatment. Moreover, Plaintiff alleges that Rodrigues pressured her for sexual favors, including intercourse, as well as touching her breasts and buttocks.

As a result, Plaintiff filed this action against UPW alleging unlawful sex discrimination and harassment, as well as unlawful reprisal in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq.

As Plaintiff expects the UPW and/or Rodrigues may seek to introduce evidence related to Plaintiff's past sexual behavior, Plaintiff hereby submits this Motion in Limine to exclude such evidence.

## II. ARGUMENT

### A. Federal Rules of Evidence ("FRE"), Generally

FRE 401, Definition of "Relevant Evidence," states:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

FRE 402, Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible, states:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

2

FRE 412, Sex Offense Cases; Relevance of Alleged Victim's Past Sexual Behavior or Alleged Sexual Predisposition, states:

> (a) Evidence generally inadmissible. The following evidence is not admissible in any civil or criminal proceeding involving alleged sexual misconduct except as provided in subdivisions (b) and (c): (1) Evidence offered to prove that any alleged victim engaged in other sexual behavior. (2) Evidence offered to prove any alleged victim's sexual predisposition.
>
> (b) Exceptions. . . (2) In a civil case, evidence offered to prove the sexual behavior or sexual predisposition of any alleged victim is admissible if it is otherwise admissible under these rules and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. Evidence of an alleged victim's reputation is admissible only if it has been placed in controversy by the alleged victim.
>
> (c) Procedure to determine admissibility.
>    (1) A party intending to offer evidence under subdivision (b) must--
>       (A) file a written motion at least 14 days before trial specifically describing the evidence and stating the purpose for which it is offered unless the court, for good cause requires a different time for filing or permits filing during trial; and
>       (B) serve the motion on all parties and notify the alleged victim or, when appropriate, the alleged victim's guardian or representative.
>    (2) Before admitting evidence under this rule the court must conduct a hearing in camera and afford the victim and parties a right to attend and be heard. The motion, related papers, and the record of the hearing must be sealed and remain under seal unless the court orders otherwise.

### B. Evidence Regarding Plaintiff's Past Sexual Behavior is Inadmissible

In <u>Chamblee v. Harris & Harris, Inc. d/b/a McDonald's Restaurant</u>, 154 F.Supp. 2d 670, 2001 U.S. Dist. LEXIS 11153, * (S.D. N.Y. 2001), plaintiff alleged that she had consensual sex with her supervisor and was subsequently subjected to a hostile work environment, and was constructively discharged in violation of Title VII. Plaintiff filed a motion in limine excluding evidence of plaintiff's sexual history outside the workplace under FRE 412. Before working for defendant, plaintiff worked as a call girl. <u>Id.</u> at *4-8.

The court in <u>Chamblee</u> cited to FRE 412, and noted that the rule includes civil cases involving sexual misconduct and encompasses sexual harassment lawsuits. <u>Id.</u> at *23.

Additionally, FRE 412(b)(2) provides that in a civil case, "otherwise admissible" evidence may only be introduced if the proponent can show that "its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." <u>Id.</u> at *24.

The court in <u>Chamblee</u> noted that a plaintiff's private and consensual sexual activities do not constitute a waiver of her legal protections against unwelcome and unsolicited sexual harassment at work. <u>Id.</u> at *24, <u>citing</u>, <u>Winsor v. Hinckley Dodge, Inc.</u>, 79 F.3d 996, 1001 (10th Cir. 1996).

Therefore, the court in <u>Chamblee</u> determined that plaintiff's history as a call girl, and any other evidence of her sexual history is irrelevant except to prove a sexual disposition of plaintiff, a purpose plainly forbidden under FRE 412. Thus, evidence governed by FRE 412 regarding plaintiff's speech and conduct with, and in the presence of, her supervisor was admissible, but evidence of her sexual conduct outside the workplace, and unrelated to her supervisor was not. <u>Id.</u> at *25.

In <u>Wolak v. Spucci</u>, 217 F.3d 157 (2d Cir. 2000), plaintiff, a village policewoman, sued the village alleging that police officers failed to back her up on the field, demeaned her with pornographic and other derogatory postings, and denied her equal facilities at the police station. At trial, the jury determined that plaintiff was subjected to a hostile work environment, but suffered no injury. On appeal, plaintiff contended that the trial court erred in allowing the defense to question her about her out-of-work sexual behavior. <u>Id</u>. at 158-159.

The Second Circuit in <u>Wolak</u> held that FRE 412, which explicitly includes civil cases involving sexual misconduct, encompasses sexual harassment lawsuits. <u>Id.</u> at 160, <u>citing</u>, FRE 412 Advisory Committee Notes.

Defendants in <u>Wolak</u> argued that their questions regarding plaintiff's viewing of pornography were relevant to the subjective prong of the hostile work environment test--whether

she was actually offended--and to damages.  Id. at 160.  However, the Second Circuit rejected that contention.  "Whether a sexual advance was welcome, or whether an alleged victim in fact perceived an environment to be sexually offensive, does not turn on the private sexual behavior of the alleged victim, because a woman's expectation about her work environment cannot be said to change depending upon her sexual sophistication."  Id. at 160.

In Socks-Brunot v. Hirschvogel Inc., 184 F.R.D. 113 (S.D. Ohio, 1999), plaintiff moved for a new trial in her sexual harassment case which the court granted.  The court in Socks-Brunot noted that evidence tending to prove both prior sexual conduct of the plaintiff and workplace conversations of the plaintiff is covered by FRE 412.  Generally, evidence admissible for one purpose but inadmissible for another may be heard by a jury, under FRE 105.  However, the general rule is inapplicable with regard to evidence covered by FRE 412.  Under FRE 412, procedures must be followed including in camera review proceedings which require pretrial resolution of the admissibility issues; the rule also provides a fundamentally different balancing test as to admissibility than that provided under the general relevance standard found in FRE 403.  Id. at 119.

The court in Socks-Brunot determined that the following evidence should not have been admitted, under FRE 412 and thus

required a new trial: evidence of statements made by plaintiff to coworkers concerning a sexual relationship between plaintiff and a former supervisor at a prior place of employment; testimony of female coworker that plaintiff discussed oral sex with her; testimony of coworker that plaintiff flirted with her alleged harasser; evidence of plaintiff's use of profanity; and evidence tending to show that plaintiff alleged harassment. Id. at 120-124.

Here, Plaintiff expects that UPW and/or Rodrigues may seek to introduce evidence regarding her past sexual behavior. Plaintiff contends that under FRE 412, Chamblee, Wolak, and Socks-Brunot, such evidence is irrelevant and inadmissable.

### III. CONCLUSION

Therefore, for the foregoing reasons, Plaintiff requests that the Court grants her Motion.

DATED: Honolulu, Hawaii, April 22, 2008.

_____
CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
JEANNE K. ENDO