IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO, | ) CIVIL NO. 03-00563 LEK |
| | ) |
| Plaintiff, | ) MEMORANDUM OF LAW IN SUPPORT OF |
| | ) MOTION |
| v. | ) |
| | ) |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GARY W. RODRIGUES, | ) |
| | ) |
| Third-Party Defendant. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

**I. INTRODUCTION**

Beginning on April 20, 1993, Plaintiff has been employed as the accountant to Defendant United Public Workers, AFSCME Local 646, AFL-CIO ("UPW"). During Plaintiff's employment, Third-Party Defendant Gary W. Rodrigues ("Rodrigues") was the State Director for the UPW.

Plaintiff alleges that throughout the time she worked under Rodrigues, she was subjected to a hostile work environment and sexual harassment. Plaintiff alleges that due to Rodrigues' unchecked power within UPW, women who refused Rodrigues' requests for sexual favors were retaliated against, and women who

submitted were rewarded with favorable treatment. Moreover, Plaintiff alleges that Rodrigues pressured her for sexual favors, including intercourse, as well as touching her breasts and buttocks.

As a result, Plaintiff filed this action against UPW alleging unlawful sex discrimination and harassment, as well as unlawful reprisal in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq.

Plaintiff seeks an order to admit evidence of a prior complaint of sexual harassment by Georgetta Carroll against the UPW, which was settled.

## II. ARGUMENT

### A. Federal Rules of Evidence ("FRE"), Generally

FRE 401, Definition of "Relevant Evidence," states:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

FRE 402, Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible, states:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

2

FRE 404, Character Evidence Not Admissible To Prove Conduct; Exceptions; Other Crimes, states in part:

> (a) Character evidence generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except: (1) Character of accused. In a criminal case, evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same, or if evidence of a trait of character of the alleged victim of the crime is offered by an accused and admitted under Rule 404(a)(2), evidence of the same trait of character of the accused offered by the prosecution; (2) Character of alleged victim. In a criminal case, and subject to the limitations imposed by Rule 412, evidence of a pertinent trait of character of the alleged victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the alleged victim offered by the prosecution in a homicide case to rebut evidence that the alleged victim was the first aggressor; (3) Character of witness. Evidence of the character of a witness, as provided in Rules 607, 608, and 609.
>
> (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

FRE 408, Compromise and Offers to Compromise, states:

> (a) Prohibited uses. Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction: (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.
>
> (b) Permitted uses. This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

**B.   Evidence of Settlement of Prior Sexual Harassment Complaint Against UPW is Relevant**

In <u>Waterson v. Plank Road Motel Corp.</u>, 43 F.Supp. 2d 284 (N.D. N.Y. 1999), plaintiff hotel employee alleged that she was subjected to sexual harassment and was terminated under false pretenses and pursuant to a discriminatory purpose. Defendants moved to bar testimony of Malinowski, a former employee, who would have testified as to her own experiences of alleged sexual harassment and discrimination as irrelevant. Moreover,

4

Malinowski filed her own complaint against defendants which she settled and signed a nondisclosure agreement. Id. at 287.

The court in Waterson noted that one of the critical issues in a hostile work environment claim is the nature of the work environment itself. Several courts have held that evidence of discriminatory conduct directed at other employees is relevant in establishing a generally hostile environment and intent to create such an environment. Id. at 288 (citations omitted). Thus, it was clear that Malinowski's testimony was relevant in showing the defendant's discriminatory attitude toward women as well as demonstrating a generally hostile work environment permeated with ridicule and insult. Id.

Also, Malinowski's nondisclosure agreement only precluded disclosures of the terms of the settlement of the parties, not the circumstances giving rise to the complaint. Id. at 287 n.1. Defendants failed to show how the probative value of Malinowski's testimony was substantially outweighed by the danger of unfair prejudice or confusion of issues. Id. at 287.

Here, Plaintiff seeks to submit evidence regarding Georgetta (formerly Carroll) Chock, a former UPW employee who filed a complaint against the UPW that Rodrigues subjected her to sexual harassment. Ms. Chock settled her complaint with the UPW. Plaintiff does not seek to admit the terms of settlement between the UPW and Ms. Chock.

5

However, as noted above, the court in Waterson held that evidence of sexual harassment of other female employees is relevant to support a claim of sexual harassment, including the underlying facts of a another employee's complaint, even if it resulted in a settlement.  Moreover, Plaintiff contends that evidence of the settlement agreement is further relevant if UPW intends to raise the affirmative defense that it exercised reasonable care to prevent and promptly correct the sexually harassing behavior of Rodrigues in the workplace.  Faragher, v. City of Boca Raton, 524 U.S. 775, 807, 118 S.Ct. 2275, 141 L.Ed. 2d 662 (1988).

### III. CONCLUSION

Therefore, for the forgoing reasons, Plaintiff requests that the Court grants her Motion.

DATED:   Honolulu, Hawaii, April 22, 2008.

CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
JEANNE K. ENDO

6