```
            IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF HAWAII

JEANNE K. ENDO,                  ) CIVIL NO. 03-00563 LEK
                                 )
              Plaintiff,         ) MEMORANDUM OF LAW IN SUPPORT OF
                                 ) MOTION
         v.                      )
                                 )
UNITED PUBLIC WORKERS, AFSCME    )
LOCAL 646, AFL-CIO,              )
                                 )
              Defendant.         )
                                 )
                                 )
UNITED PUBLIC WORKERS,           )
AFSCME LOCAL 646, AFL-CIO,       )
                                 )
    Third-Party Plaintiff,       )
                                 )
         v.                      )
                                 )
GARY W. RODRIGUES,               )
                                 )
    Third-Party Defendant.       )
```

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**

I. INTRODUCTION

Beginning on April 20, 1993, Plaintiff has been employed as the accountant to Defendant United Public Workers, AFSCME Local 646, AFL-CIO ("UPW"). During Plaintiff's employment, Third-Party Defendant Gary W. Rodrigues ("Rodrigues") was the State Director for the UPW.

Plaintiff alleges that throughout the time she worked under Rodrigues, she was subjected to a hostile work environment and sexual harassment. Plaintiff alleges that due to Rodrigues' unchecked power within UPW, women who refused Rodrigues' requests

for sexual favors were retaliated against, and women who submitted were rewarded with favorable treatment. Moreover, Plaintiff alleges that Rodrigues pressured her for sexual favors, including intercourse, as well as touching her breasts and buttocks.

As a result, Plaintiff filed this action against UPW alleging unlawful sex discrimination and harassment, as well as unlawful reprisal in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq.

On November 19, 2002, Rodrigues was convicted by a jury in the U.S. District Court for the District of Hawaii on 101 federal charges of fraud and swindles (mail fraud), 18 U.S.C. § 1341 (counts 1-50), embezzlement of assets, 29 U.S.C. § 501 (counts 51-55), health care fraud, 18 U.S.C. § 1347 (count 56), money laundering-interstate commerce, 18 U.S.C. § 1956 (counts 57-100), and employee benefits fraud, 18 U.S.C. § 1954 (count 102), in Criminal No. 01-00078 DAE. On September 30, 2003, the Court sentenced Rodrigues to imprisonment of 60 months as to Counts 1-55, 64 months as to Counts 56-100, and 36 months as to Count 102, with all such terms to run concurrently, supervised release for 3 years as to Counts 1-100 and 1 year as to Count 102, with all such terms to run concurrently. Additionally, Rodrigues owes $378,103.63 to UPW for restitution, and a $50,000.00 fine, among other things.

As noted in the Court's Order Affirming Sentence of Defendant Gary Wayne Rodrigues and Setting Mittimus, in CR No. 01-00078-01 DAE, filed October 31, 2007 ("Order Affirming Sentience"):

> On September 30, 2003, Rodrigues filed a notice of appeal. On June 11, 2007, the Ninth Circuit affirmed the jury's verdict and ordered a limited remand pursuant to <u>United States v. Ameline</u>, 409 F.3d 1073 (9th Cir. 2005). The Ninth Circuit did not vacate Rodrigues' sentence and remand for a full resentencing. Instead, the Ninth Circuit ordered a "limited remand for the sentencing judge to determine whether the [sic] he would have imposed the same sentence if he had known the guidelines were advisory." <u>United States v. Rodrigues</u>, Nos. 03-10549, 04-10027, 2007 WL 1675012, at *4 (9th Cir. June 11, 2007). The Ninth Circuit denied Rodrigues' petition for rehearing and petition for rehearing en banc on August 21, 2007. On September 24, 2007, the Ninth Circuit denied Rodrigues' motion for a stay of mandate. The mandate was issued on September 27, 2007.
>
> On September 28, 2007, this Court issued an order affirming the sentences. On October 1, 2007, Defendant filed a motion to vacate that order because he had not yet filed a written submission regarding the limited remand. This Court granted that motion on October 2, 2007, and vacated the previous order. This Court ordered the parties to file their written submissions on October 15, 2007. Pursuant to that order, on October 15, 2007, both the Government and Defendant filed statements regarding the limited remand . . .

(<u>See</u>, Order Affirming Sentence at 2-4).

In summary, the Order Affirming Sentence affirmed Rodrigues' sentence in all respects. Additionally, the Court ordered

Rodrigues to self-surrender to the facility designated by the Bureau of Prisons no later than 2:00 p.m. on January 7, 2008. (See, Order Affirming Sentence at 10-11).

Plaintiff hereby submits this motion in limine to admit evidence of Rodrigues' criminal conviction as to the issue of credibility.

## II. ARGUMENT

### A. Federal Rules of Evidence ("FRE"), Generally

FRE 401, Definition of "Relevant Evidence," states:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

FRE 402, Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible, states:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

FRE 609, Impeachment by Evidence of Conviction of Crime, states in part:

> (a) General rule. For the purpose of attacking the character for truthfulness of a witness,
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under

> which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
> (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.
>
> (b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.
>
> \* \* \*
>
> (e) Pendency of appeal. The pendency of an appeal therefrom does not render evidence of a conviction inadmissible. Evidence of the pendency of an appeal is admissible.

Courts have generally considered five factors when balancing probative weight and prejudicial effect under 609(a)(1): (1) the nature (i.e., impeachment value) of the prior conviction; (2) the age of the conviction and the defendant's subsequent criminal

5

history; (3) the similarity between the prior conviction and the charges for which the defendant is on trial; (4) the importance of the defendant's testimony; and (5) the importance of the defendant's credibility. The government bears the burden of showing, based on these factors, that the proffered evidence's probative value substantially outweighs its prejudicial effect. See, e.g., United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir.), cert. denied, 516 U.S. 878, 116 S.Ct. 210, 133 L.Ed. 2d 142 (1995).

With regards to FRE 609(a)(2), the Notes of Conference Committee, House Report No. 93-1597, states the phrase "dishonesty and false statement" means:

> crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.

See also, United States v. Ortega, 561 F.2d 803, 806 (9th Cir. 1977). (We concluded that rule 609(a)(2) applied only to "those crimes that involve some element of misrepresentation or other indicium of a propensity to lie" and not to "those crimes which, bad though they are, do not carry with them a tinge of falsification.")

Here, Plaintiff contends that Rodrigues' conviction of fraud and swindles, embezzlement of assets, health care fraud, money

laundering-interstate commerce, and employee benefits fraud are crimes of dishonesty or false statement, which falls under the FRE 609(a)(2), and do not require the balancing test of FRE 403. Notes of Conference Committee, Ortega, supra.

Alternatively, if the Court determines that FRE 609(a)(2) is inapplicable, Plaintiff contends that Rodrigues' convictions may be admissible under FRE 609(a)(1). Rodrigues' conviction occurred in 2003, and resulted in imprisonment of over five years. Plaintiff contends that the probative value of admitting evidence of Rodrigues' criminal conviction outweighs the prejudicial effects, and the conviction goes to the issue of his credibility in this action as the jury must determine whether or not Rodrigues subjected Plaintiff to unlawful sexual harassment and discrimination, as well as reprisal for her prior EEO activity.

### III. CONCLUSION

Therefore, for the foregoing reasons, Plaintiff requests that the Court grants her Motion.

DATED:   Honolulu, Hawaii, April 22, 2008.

_____
CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
JEANNE K. ENDO