<u>"AUTHORIZED" CONDUCT</u>

Mr. Rodrigues' conduct with regard to Ms. Endo was "authorized" if it was within the scope of his employment with Defendant UPW.

Any act committed by Mr. Rodrigues with regard to Plaintiff which you determine caused Plaintiff to bring this action was within the scope of Mr. Rodrigues' employment with the UPW if

(1)  it is of the kind commonly done by an employee in Mr. Rodrigues' position;

(2)  it occurs substantially within the authorized time and space of Mr. Rodrigues' employment; and

(3)  it is actuated, at least in part, by a purpose to serve the employer.

An act committed by Mr. Rodrigues' conduct with regard to Ms. Endo was not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time and space limits, or too little actuated by a purpose to serve the employer.

Restatement (Second) of Agency §§228 and 229 (1957); <u>O'Hara v. Teamsters Union Local #856</u>, 151 F.3d 1152 (1998); <u>Hanley v. Virgin Islands Port Authority</u>, 57 F.Supp.2d 184 (D.C.V.I. 1999)