ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ           1412
LAWRENCE I. KAWASAKI    5820
DELLA A. BELATTI        7945
820 Mililani Street, Suite 714
Honolulu, Hawai'i 96813
Telephone: (808) 533-7434
Facsimile: (808) 545-3608

Attorneys for Third-Party
Defendant Gary W. Rodrigues

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEANNE K. ENDO, | ) | CIVIL NO. 03-00563 LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | THIRD-PARTY DEFENDANT GARY |
| UNITED PUBLIC WORKERS, AFSCME | ) | W. RODRIGUES' TRIAL |
| LOCAL 646, AFL-CIO, | ) | MEMORANDUM; CERTIFICATE OF |
| | ) | SERVICE |
| Defendant. | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GARY W. RODRIGUES, | ) | |
| | ) | |
| Third-Party Defendant | ) | |
| | ) | TRIAL: May 13, 2008 |

THIRD-PARTY DEFENDANT GARY W.
<u>RODRIGUES' TRIAL MEMORANDUM</u>

Third-Party Defendant Gary W. Rodrigues (hereinafter "Rodrigues") seeks indemnification and reimbursement for his costs and attorneys fees incurred in conducting his defense in this action from Defendant/Third-Party Plaintiff United Public Workers, AFSME Local 646 (hereinafter "UPW"), his employer at the

time of the events alleged herein, on the grounds that; (1) he acted at all times herein within the proper scope of his duties as an employee of UPW, and; (2) he is not individually liable for any of the claims asserted herein.  ¶(2), Third-Party Defendant Gary W. Rodrigues' Counterclaim Against Defendant United Public Workers, AFSME Local 646, AFL-CIO.

Rodrigues submits that the evidence at trial will show that the UPW conducted an internal investigation of the original claims Endo filed with the Hawaii Civil Rights Commission and the U.S. Equal Employment Opportunity Commission and determined that Endo's claims were unfounded.  Based upon those findings UPW promised to defend and indemnify Rodrigues in connection with Endo's claims, and John F. Perkin, Esq. and Robert F. Miller, Esq. were retained by UPW to defend Rodrigues and the UPW, respectively.  Rodrigues subsequently retired as State Director in November, 2002, and Endo filed the instant action in October, 2003.  Thereafter UPW terminated its defense of Rodrigues' leaving him without a union-paid attorney to defend him in this matter even though it has denied and continues to deny Endo's claims.

It is settled horn book law that an employer has a duty to indemnify its employee for reasonable and necessary expenses incurred where the employee defends against an action brought by a third party arising from conduct within the scope and authority

of the employee's employment.  2A C.J.S. Agency, §300 (2003); Restatement (Second) of Agency §§438, 439(d) (1957); Restatement (Third) of Agency §8.14 (2005); 3 Am.Jur.2d Agency §243; DeLoach v. Companhia de Navegacao Lloyd Brasileiro., 1986 WL 15015 (E.D.Pa. 1986)(hereinafter "DeLoach");  Hanley v. Virgin Islands Port Authority, 57 F.Supp.2d 184 (D.C.V.I. 1999)(hereinafter "Hanley"); Hill v. Okay Construction Co., Inc., 252 N.W.2d 107, 120 (1977)("The law implies a promise of indemnity from a principal to his agent for any damages resulting from the acts of the agent in the good faith execution of that agency.").

To obtain indemnification an employee must prove the following: (1) he was sued because of his authorized conduct; (2) the suit is unfounded, and; (3) the suit was not brought in bad faith.  Hanley, supra, at 189.

Plaintiff's underlying action alleges claims directly against UPW for: (1) hostile work environment due to sexual harassment by Rodrigues, UPW's State Director, and; (2) Rodrigues' retaliatory acts for her alleged refusal to continue a sexual relationship with him.[1]  Defendant UPW, in turn, has alleged third party claims against Rodrigues for indemnity and/or contribution as to any judgment Plaintiff may obtain against UPW in the underlying action.

---

[1] The fact that Rodrigues and Plaintiff were employees of UPW and that Rodrigues was Plaintiff's supervisor during the relevant time periods are not in dispute.

Although it is apparent that Rodrigues has been subjected to Plaintiff's suit, in part and/or entirely, because of his authorized conduct, i.e., the exercise of his supervisory authority to discipline Plaintiff, (See, Hanley, supra[2]), the determination of UPW's duty to indemnify Rodrigues ultimately will turn on whether the jury determines that Plaintiff's claims are unfounded.  DeLoach, supra (holding that the court looks to the final resolution reached in the underlying case to determine whether the underlying lawsuit was brought because of the defendant's authorized conduct and whether it was unfounded, and the mere allegation that the agent acted negligently or exceeded

---

[2]   Where the court looked to Restatement (Second) of Agency §228 (1957) to determine whether the acts upon which alleged sexual discrimination was based were within the scope of his employment.

The Restatement (Second) of Agency §228 (1957) provides the following:

> (1) Conduct of a servant is within the scope of employment if, but only if:
>     (a)  it is of the kind he is employed to perform;
>     (b)  it occurs substantially within the authorized time and space limits;
>     (c)  it is actuated, at least in part, by a purpose to serve the master, and
>     (d)  if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.
> (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.

the scope of his agency does not insulate the principal from indemnification[3]).

Accordingly, in the event the jury returns a verdict in the underlying action in favor of Defendant UPW, the Court should determine that the underlying action was unfounded and award Rodrigues his attorneys fees and costs from UPW.  In the alternative, in the event the jury returns a verdict in favor of Plaintiff, the jury should be instructed to determine whether the

---

[3]    See also, Restatement (Second) of Agency §229 (1957) which provides:

> (1)  To be within the scope of the employment, conduct must be of the same general nature as that authorized, or incidental to the conduct authorized.
> (2)  In determining whether or not the conduct, although no authorized, is nevertheless so similar to or incidental to the conduct authorized as to be within the scope of employment, the following matters of fact are to be considered:
>     (a)   whether or not the act is one commonly done by such servants;
>     (b)   the time, place and purpose of the act;
>     (c)   the previous relations between the master and servant;
>     (d)   the extent to which the business of the master is apportioned between different servants;
>     (e)   whether or not the act is outside the enterprise of the master or, if within the enterprise, has not been entrusted to any servant;
>     (f)   whether or not the master has reason to expect that such an act will be done;
>     (g)   the similarity in quality of the act done to the act authorized;
>     (h)   whether or not the instrumentality by which the harm is done has been furnished by the master to the servant;
>     (i)   the extent of departure from the normal method of accomplishing an authorized result; and
>     (j)   whether or not the act is seriously criminal.

acts upon which the underlying suit is based were within the scope and authority of Rodrigues' employment so the Court can determine as a matter of law whether Rodrigues is entitled to indemnification and/or reimbursement of his attorneys fees and costs from Defendant UPW.

    DATED:   Honolulu, Hawaii,   April 29, 2008   .


                                           /s/ Eric A. Seitz
                                      ERIC A. SEITZ
                                      LAWRENCE I. KAWASAKI
                                      DELLA A. BELATTI

                                      Attorneys for Third-Party
                                      Defendant Gary Rodrigues

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEANNE K. ENDO, | ) | CIVIL NO. 03-00563 LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GARY W. RODRIGUES, | ) | |
| | ) | |
| Third-Party Defendant | ) | |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was duly served this date to the following via CM/ECF at the addresses listed below:

> CLAYTON C. IKEI, ESQ.
> JERRY P.S. CHANG, ESQ.
> 1440 Kapiolani Blvd.
> Suite 1203
> Honolulu, Hawaii 96814
> E-Mail: CCIOffice@hawaii.rr.com

> Attorneys for Plaintiff
> Jeanne K. Endo

> JAMES E. T. KOSHIBA, ESQ.
> CHARLES A. PRICE, ESQ.
> 2600 Pauahi Tower
> 1001 Bishop Street
> Honolulu, Hawaii 96813
> E-Mail: cprice@koshibalaw.com

```
                    Attorneys for Defendant
                    United Public Workers,
                    AFSME Local 646, AFL-CIO

DATED:  Honolulu, Hawaii,   April 29, 2008         .




                              /s/ Eric A. Seitz
                            ERIC A. SEITZ
```