ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ                1412
LAWRENCE I. KAWASAKI    5820
DELLA A. BELATTI          7945
820 Mililani Street
Suite 714
Honolulu, Hawaii  96813
Telephone:  (808) 533-7434
Facsimile:   (808) 545-3608

Attorneys for Third-Party
Defendant Gary W. Rodrigues


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEANNE K. ENDO, | ) | CIVIL NO. 03-00563 LEK |
| | ) | |
| Plaintiff, | ) | THIRD-PARTY DEFENDANT |
| | ) | GARY W. RODRIGUES' OP- |
| vs. | ) | POSITION TO PLAINTIFF'S |
| | ) | MOTIONS IN LIMINE; CER- |
| UNITED PUBLIC WORKERS, | ) | TIFICATE OF SERVICE |
| AFSCME LOCAL 646, AFL-CIO, | ) | |
| | ) | HEARING: |
| vs. | ) | May 9, 2008 |
| | ) | 11:00 A.M. |
| GARY W. RODRIGUES, | ) | Magistrate Kobayashi |
| | ) | |
| Third-Party Defendant | ) | TRIAL:   May 13, 2008 |
| | ) | |

### THIRD-PARTY DEFENDANT GARY W. RODRIGUES' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE

Third-Party Defendant Gary W. Rodrigues opposes all of the motions in limine submitted by Plaintiff for the reasons set forth below.

(1)   Evidence of Mr. Rodrigues' Removal from UPW

The purported "evidence" of Mr. Rodrigues' departure from his employment with the United Public Workers Union is hearsay, irrelevant, incompetent, and immaterial to any of the allegations in this case.  In the first place, Mr. Rodrigues contends that he resigned from his position as State Director, so by admitting any evidence to the contrary the Court thereby would be inviting a mini-trial on that issue alone.  Secondly, Mr. Rodrigues was not informed of, was not a party to, and is not in any manner bound by the purported judicial panel decision upon which Plaintff seeks to rely so, in short, that decision has no precedential or preclusive effects here. The decision is simply the opinion of someone who is not listed as a witness in this case on an issue that has no bearing upon the issues in this case.

Finally, Mr. Rodrigues' purported removal had nothing to do with the Plaintiff's allegations of sexual harassment or her broader claims that he engaged in sexual abuse of other UPW members over a prolonged period of time.  Thus, there is no evidentiary justification or basis for admitting either the document attached to Plaintiff's motion or any

information about this controversial episode that occurred long after the time frame in which the Plaintiff claims to have been subjected to abuse and retaliation. Accordingly, it is submitted that the Plaintiff's motion should be denied.

    (2) <u>Evidence of Mr. Rodrigues' Criminal Conviction</u>

    If and when Mr. Rodrigues testifies and places his credibility in issue the Court can determine at that time whether evidence of his federal conviction is admissible or not. However, offering that evidence simply to demonstrate that he is "a bad person," in a case where the relevant conduct has nothing to do with the matters on which he was convicted, has no evidentiary basis whatsoever and should not be permitted.

    (3) <u>Alleged Sexual Harassment of Other Women</u>

    The initial problem with Plaintiff's contention is that she seeks to present evidence via rumor, innuendo, and hearsay that is unreliable and incompetent to begin with. If Plaintiff were offering the first hand accounts of women who could be cross-examined as to their truthfulness and the reliability of their recollections, perhaps the instant motion would be taken more seriously, but that is not the case here with the possible exception of Mr. Rodrigues' long-term live-in girl friend, Georgetta Carroll, with whom

he broke up in the mid-1990's when he met and began a relationship with Tani Olaso, to whom he is now married.

Ms. Carroll is the prototype "spurned lover" who is still bitter about being dumped by Mr. Rodrigues in favor of a younger woman. After her relationship with Mr. Rodrigues ended, Ms. Carroll voluntarily resigned from her UPW employment and then filed various claims against Mr. Rodrigues and the UPW, none of which was adjudicated in her favor. Although we are informed that Ms. Carroll's workers' compensation claim eventually was settled, the settlement was confidential, and none of the documents pertaining to that litigation ever has been produced, so when we attempted to inquire at her deposition Ms. Carroll – who was represented by the same lawyer who filed this law suit for Jeanne Endo – declined to provide any information at all. Accordingly, if Ms. Carroll were permitted to testify and characterize her stale claims in some manner favorable to this Plaintiff, counsel for the defendants are in no position to cross-examine her and would be at a significant disadvantage. Moreover, the relationship between Ms. Carroll and Mr. Rodrigues – they lived together for many years and apparently contemplated marriage – was vastly different than the "relationship" Ms. Endo claims to have had with Mr. Rodrigues and has no

4

factual bearing whatsoever on the acts Plaintiff claims to have been committed against her.

Accordingly, the proposed testimony of Ms. Carroll is irrelevant and immaterial, highly subjective, and the potential prejudice resulting from her testimony would vastly outweigh any legitimate purpose for which it might be offered. For all of the reasons set forth herein and in Mr. Rodrigues' own motion in limine, it is submitted that all of the proffered evidence of Mr. Rodrigues' alleged harassment of other women should be precluded in the trial of this case.

   (4) <u>Evidence of Plaintiff's Past Sexual Behavior and Complaints.</u>

By her own admission Plaintiff is a foul-mouthed, sexually aggressive woman who has engaged in sexual relationships with married men and initiated "horseplay" at work by her unsolicited grabbing of men's testicles and other crass acts. On at least one prior occasion, when she was threatened with a disciplinary action by her employer, this Plaintiff went running to the Equal Employment Opportunity Commission to file a complaint and insulate herself from the discipline, just as we contend she did here.

Moreover, the Plaintiff now seeks license to smear Mr. Rodrigues with hearsay rumors and allegations of sexual misconduct that

5

occurred as long as thirty years ago while she poses as an innocent who has been bitterly wronged and emotionally harmed.  At the very least, it is submitted that the evidence of Plaintiff's past conduct is relevant to the injuries she now claims to have suffered.

Unlike the cases on which Plaintiff relies, it is submitted that the value of the evidence pertaining to this Plaintiff, in this case, is directly relevant to her credibility, motives, and purported injuries and that the probative value of that evidence clearly outweighs any potential prejudice.

DATED:    Honolulu, Hawaii April 29, 2008.

/s/ Eric A. Seitz
ERIC A. SEITZ
LAWRENCE I. KAWASAKI
DELLA A. BELATTI

Attorneys for Third-Party
Defendant Gary W. Rodrigues

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEANNE K. ENDO, | ) | CIVIL NO. 03-00563 LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) ) ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GARY W. RODRIGUES, | ) | |
| | ) | |
| Third-Party Defendant | ) ) ) | |

CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of the foregoing document was duly served this date to the following via CM/ECF at the addresses listed below:

        CLAYTON C. IKEI, ESQ.
        JERRY P.S. CHANG, ESQ.
        1440 Kapiolani Blvd.
        Suite 1203
        Honolulu, Hawaii  96814
        E-Mail:  CCIOffice@hawaii.rr.com

        Attorneys for Plaintiff
        Jeanne K. Endo

        JAMES E. T. KOSHIBA, ESQ.
        CHARLES A. PRICE, ESQ.
        2600 Pauahi Tower
        1001 Bishop Street
        Honolulu, Hawaii  96813
        E-Mail:  cprice@koshibalaw.com

        Attorneys for Defendant
        United Public Workers,
        AFSCME Local 646, AFL-CIO

DATED:   Honolulu, Hawaii, April 29, 2008.


        /s/ Eric A. Seitz
        ERIC A. SEITZ