KOSHIBA AGENA & KUBOTA

JAMES E. T. KOSHIBA          768-0
CHARLES A. PRICE             5098-0
ANDREW D. STEWART            7810-0
2600 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No.:      523-3900
Facsimile No.:      526-9829
Email:  jkoshiba@koshibalaw.com
        cprice@koshibalaw.com
        astewart@koshibalaw.com

Attorneys for Defendant
UNITED PUBLIC WORKERS,
AFSCME, LOCAL 646, AFL-CIO

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE ENDO, ) | CIVIL NO. CV03-00563 SPK KSC |
| ) | |
| Plaintiff, ) | DEFENDANT'S PROPOSED |
| ) | SPECIAL VERDICT FORM |
| vs. ) | |
| ) | |
| UNITED PUBLIC WORKERS, ) | |
| AFSCME LOCAL 646, AFL-CIO, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| vs. ) | |
| ) | |
| GARY W. RODRIGUES, ) | |
| ) | |
| Third-Party Defendant. ) | |
| _____ ) | |

1

## **DEFENDANT'S PROPOSED SPECIAL VERDICT FORM**

Defendant United Public Workers, AFSCME Local 646, AFL-CIO ("UPW")'s proposed Special Verdict Form is attached.


DATED:  Honolulu, Hawaii, April 29, 2008.



/s/ Andrew D. Stewart
JAMES E.T. KOSHIBA
CHARLES A. PRICE
ANDREW D. STEWART
Attorneys for Defendant
UNITED PUBLIC WORKERS
AFSCME LOCAL 646, AFL-CIO

2

<u>SPECIAL VERDICT FORM</u>

The jury must answer the questions in numerical order following all directions carefully. If you do not understand any question or if you wish to communicate with the Court on any other subject, you must do so in writing through the Court's bailiff.

The parties are designated in the special verdict as follows: Plaintiff Jeanne Endo ("Endo"), Defendant United Public Workers, AFSCME Local 646, AFL-CIO ("UPW"), and Third-Party Defendant Gary W. Rodrigues ("Rodrigues").

**A.    ENDO'S TITLE VII CLAIM AGAINST UPW**

<u>QUESTION NO. 1</u>

Was Endo subjected to a sexually hostile or abusive work environment?

Answer:    Yes _____    No _____

(<u>Note</u>: If you answered "Yes", go to Question No. 2. If you answered "No", go to Question No. 5.)

<u>QUESTION NO. 2</u>

Did Endo unreasonably fail to take advantage of any preventive or corrective opportunities provided by UPW or unreasonably fail to otherwise avoid harm?

Answer:    Yes _____    No _____

(<u>Note</u>: If you answered "Yes", go to Question No. 5. If you answered, "No", go to Question No. 3.)

1

QUESTION NO. 3

Did Endo have knowledge of her right to file a hostile environment sexual harassment claim and inexcusably or unreasonably delay filing the present lawsuit?

Answer:    Yes _____        No _____

(Note: If you answered "Yes", go to Question No. 5.  If you answered, "No", go to Question No. 4.)

QUESTION NO. 4

Was Endo damaged due to being subjected to a sexually hostile or abusive work environment?

You may only award Endo damages for acts that occurred on or after June 9, 2001.

Answer:    Yes _____        No _____

If your answer is "Yes," in what amount? $_____

2

**B.** **ENDO'S TITLE VII AND STATE LAW RETALIATION CLAIMS AGAINST UPW**

QUESTION NO. 5

Did UPW retaliate against Endo by subjecting her to an adverse employment action because she filed her sexual harassment complaint or refused sexual advances?

Answer:     Yes _____          No _____

(Note: If you answered "Yes", go to Question No. 6. If you answered "No", go to Question No. 7, unless you did not answer or also answered "No" to Question 4, then go to Question 12.   )

QUESTION NO. 6

Did Endo suffer damages that were caused by retaliation?

Answer:     Yes _____          No _____

If your answer is "Yes", what amount of money will reasonably compensate Endo?

Plaintiff will not be permitted to recover under both federal and state law for retaliation. Plaintiff will have to choose between the damage awarded under federal or state law. The damages awarded below should not be duplicative of each other or the damages awarded in Question 4, if any.

Title VII Retaliation Claim:     $_____

State Law Retaliation Claim:     $_____

**C.     PUNITIVE DAMAGES**

QUESTION NO. 7

Was Rodrigues an alter ego of UPW?

3

Answer:        Yes _____              No _____

 (Note: If you answered "Yes", go to Question 8.  If you answered "No", go to Question No. 11.)

QUESTION NO. 8

Did UPW itself act in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit discrimination in the workplace?

Answer:        Yes _____              No _____

(Note: If you answered "Yes", go to Question No. 12.  If you answered "No", go to Question No. 9).

QUESTION NO. 9

Did Rodrigues act within the scope of his employment?

Answer:        Yes _____              No _____

(Note: If you answered "Yes", go to Question No. 10.  If you answered, "No", go to Question No. 12.)

4

QUESTION NO. 10

        Did Endo prove by a preponderance of evidence that Rodrigues acted with malice or reckless indifference to Endo's federally protected rights within the scope of his employment?

        Answer:     Yes _____      No _____

        If you answered "Yes", what amount of punitive damages, if any, should be assessed against UPW on Endo's Title VII claim(s)?

        $_____.

(If you awarded Endo damages on her state law retaliation claim at Question No. 6, go to Question No. 11.  If not, go to Question No. 12.)

QUESTION NO. 11

        Did Endo prove by clear and convincing evidence that UPW acted intentionally, wilfully, wantonly, oppressively or with gross negligence?

        Answer:     Yes _____      No _____

        If you answered "Yes", what amount of punitive damages, if any, should be assessed against UPW on Endo's state law retaliation claim?
        $_____.

5

**D.    UPW'S THIRD-PARTY COMPLAINT AGAINST RODRIGUES ON THE STATE LAW RETALIATION CLAIM**

QUESTION NO. 12

Is UPW entitled to be indemnified by Rodrigues?

Answer:      Yes _____          No _____

**E.    RODRIGUES'S COUNTERCLAIM AGAINST UPW FOR INDEMNIFICATION OF ATTORNEY'S FEES**

QUESTION NO. 13

Did UPW and Rodrigues enter into an oral contract whereby UPW promised to indemnify Rodrgiues for the attorney's fees he would incur in this lawsuit?

Answer:      Yes _____          No _____

**CONCLUDING INSTRUCTION**

When this Special Verdict Form is complete, please insert the date and sign below and contact the bailiff.

DATED:  Honolulu, Hawaii, _____, 2008

_____
Jury Foreperson

6