ORIGINAL

CLAYTON C. IKEI
Attorney at Law
A Law Corporation

CLAYTON C. IKEI      1260
JERRY P.S. CHANG     6671
1440 Kapiolani Boulevard, Suite 1203
Honolulu, Hawaii 96814
Telephone: (808) 533-3777
Facsimile: (808) 521-7245
Email: CCIOffice@hawaii.rr.com

Attorneys for Plaintiff
JEANNE K. ENDO

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 29 2008

at ____ o'clock and ____ min. ____ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED PUBLIC WORKERS, AFSCME<br>LOCAL 646, AFL-CIO,<br><br>    Defendant.<br>_____<br>5031<br><br>UNITED PUBLIC WORKERS,<br>AFSCME LOCAL 646, AFL-CIO,<br><br>   Third-Party Plaintiff,<br><br>    v.<br><br>GARY W. RODRIGUES,<br><br>   Third-Party Defendant.<br>_____ | ) CIVIL NO. 03-00563 LEK<br>)<br>) PLAINTIFF'S PROPOSED JURY<br>) INSTRUCTIONS; CERTIFICATE OF<br>) SERVICE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) TRIAL DATE: May 13, 2008 |

## **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Plaintiff Jeanne K. Endo, by and through her counsel, hereby submits her Proposed Jury Instructions, pursuant to Local Rule 51.1.

DATED:  Honolulu, Hawaii, April 29, 2008.

CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
JEANNE K. ENDO

## INSTRUCTION NO. 1

### (CONSIDERATION & APPLICATION OF INSTRUCTIONS)

Members of the Jury:

You have heard the evidence in this case. I will now instruct you on the law that you must apply.

You are the judges of the facts. It is your duty to review the evidence and to decide the true facts. When you have decided the true facts, you must then apply the law to the facts. I will tell you the law that applies to this case. You must apply that law, and only that law, in deciding this case, whether you personally agree or disagree with it.

The order in which I give you the instructions does not mean that one instruction is any more or less important than any other instruction. You must follow all the instructions I give you. You must not single out some instructions and ignore others. All the instructions are equally important and you must apply them as a whole to the facts.


Source: Court's General Jury Instructions in Civil Cases 1.1.

## INSTRUCTION NO. 2

### (NO FAVORITISM, PASSION, PREJUDICE OR SYMPATHY)

It is your duty and obligation as jurors to decide this case on the evidence presented in court and upon the law given to you. You must perform your duty and obligation without favoritism, passion, or sympathy for any party in the case, and without prejudice against any of the parties.

Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in this case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice.


Source:  Court's General Jury Instructions in Civil Cases 1.2

4

**INSTRUCTION NO. 3**

**(CONSIDERATION OF BUSINESS ENTITY PARTIES)**

You must not be prejudiced or biased in favor of or against a party simply because the party is a labor organization.  You must treat a labor organization the same as you treat individuals.  In this case, the labor organization/defendant is entitled to receive the same fair and unprejudiced treatment that an individual plaintiff/defendant would receive under similar circumstances.

Source:  Court's General Jury Instructions in Civil Cases 1.3 (as modified)

**INSTRUCTION NO. 4**

**(MULTIPLE PARTIES)**

Each defendant in this case has separate and distinct rights.  You must decide the case of each defendant separately, as if it were a separate lawsuit.  Unless I tell you otherwise, these instructions apply to all of the defendants.


Source:  Court's General Jury Instructions in Civil Cases 1.4 (second paragraph)

**INSTRUCTION NO. 5**

**(REMARKS OF THE COURT)**

If any of these instructions, or anything I have said or done in this case makes you believe I have an opinion about the facts or issues in the case, the weight to be given to the evidence, or the credibility of any witness, then you must disregard such belief. It is not my intention to create such an impression. You, and you alone, must decide the facts of this case from the evidence presented in court and you must not be concerned about my opinion of the facts.

When warranted, additional reference may also be made to jury views, site inspections, matters of judicial notice, and the like.


Source:  Court's General Jury Instructions in Civil Cases 1.5

## INSTRUCTION NO. 6

### (CONSIDER ONLY THE EVIDENCE)

In reaching your verdict, you may consider only the testimony and the exhibits received in evidence. The following are not evidence and you must not consider them as evidence in deciding the facts of this case.

1.    Attorneys' statements, arguments and remarks during opening statements, closing arguments, jury selection, and other times during the trial are not evidence, but may assist you in understanding the evidence and applying the law.

2.    Attorneys' questions and objections are not evidence.

3.    Excluded or stricken testimony or exhibits are not evidence and must not be considered for any purpose.

4.    Anything seen or heard when the court was not in session is not evidence. You must decide this case solely on the evidence received at the trial.

Source:  Court's General Jury Instructions in Civil Cases 2.1

## INSTRUCTION NO. 7

## (OBSERVATIONS & EXPERIENCE)

Even though you are required to decide this case only upon the evidence presented in court, you are allowed to consider the evidence in light of your own observations, experiences, and common sense. You may use your common sense to make reasonable inferences from the facts.


Source:  Court's General Jury Instructions in Civil Cases 2.2

## INSTRUCTION NO. 8

### (NO INDEPENDENT INVESTIGATION OR RESEARCH)

You must not use any source outside the courtroom to assist you in deciding any question of fact. This means that you must not make an independent investigation of the facts or the law. For example, you must not visit the scene on your own, conduct experiments, or consult dictionaries, encyclopedias, textbooks, or other reference materials for additional information.


Source:  Court's General Jury Instructions in Civil Cases 2.3

## INSTRUCTION NO. 9

## (BURDEN OF PROOF)

Plaintiff has the burden of proving by a preponderance of the evidence every element of each claim that plaintiff asserts. Defendants have the burden of proving by a preponderance of the evidence every element of each affirmative defense that defendants assert.  In these instructions, whenever I say that a party must prove a claim or affirmative defense, that party must prove such claim or affirmative defense by a preponderance of the evidence, unless I instruct you otherwise.


Source:  Court's General Jury Instructions in Civil Cases 3.1

INSTRUCTION NO. 10

**(PREPONDERANCE OF THE EVIDENCE)**

To "prove by a preponderance of the evidence" means to prove that something is more likely so than not so.  It means to prove by evidence which, in your opinion, convinces you that something is probably more true than not true.  It does not mean that a greater number of witnesses or a greater number of exhibits must be produced.

In deciding whether a claim, defense, or fact has been proven by a preponderance of the evidence, you must consider all of the evidence presented in court by both the plaintiff and the defendants.  Upon consideration of all the evidence, if you find that a particular claim, defense or fact is more likely true than not true, then such claim, defense, or fact has been proven by a preponderance of the evidence.

If a preponderance of the evidence does not support each essential element of a claim or affirmative defense, then the jury should find against the party having the burden of proof as to that claim or affirmative defense.


Source:  Court's General Jury Instructions in Civil Cases 3.2

## INSTRUCTION NO. 11

### (STIPULATIONS)

Where the attorneys for the parties have stipulated to a fact, you must consider the fact as having been conclusively proved.


Source:  Court's General Jury Instructions in Civil Cases 4.1

**INSTRUCTION NO. 12**

**(DEPOSITION TESTIMONY)**

The testimony of a witness has been read into evidence from a deposition.  A deposition is the testimony of a witness given under oath before the trial and preserved in written form.  You must consider and judge the deposition testimony of a witness in the same manner as if the witness actually appeared and testified in court in this trial.


Source:  Court's General Jury Instructions in Civil Cases 4.2

INSTRUCTION NO. 13

(ANSWERS TO INTERROGATORIES)

Evidence has been presented in the form of written answers given by a party in response to written questions from another party. The written answers were given under oath by the party. The written questions are called "interrogatories."

You must consider and judge a party's answers to interrogatories in the same manner as if the party actually appeared and testified in court in this trial.


Source: Court's General Jury Instructions in Civil Cases 4.3

## INSTRUCTION NO. 14

### (JUDICIAL NOTICE)

The Court may take judicial notice of certain facts.  When the Court says that it takes judicial notice of some fact, the jury must accept that fact as conclusively proved.


Source:  Court's General Jury Instructions in Civil Cases 4.4

### INSTRUCTION NO. 15

### (TYPES OF EVIDENCE--DIRECT & CIRCUMSTANTIAL)

There are two kinds of evidence from which you may decide the facts of a case:  direct evidence and circumstantial evidence.  Direct evidence is direct proof of a fact, for example, the testimony of an eyewitness.

Circumstantial evidence is indirect proof of a fact, that is, when certain facts lead you to conclude that another fact also exists.

You may consider both direct evidence and circumstantial evidence when deciding the facts of this case.  You are allowed to give equal weight to both kinds of evidence.  The weight to be given any kind of evidence is for you to decide.


Source:  Court's General Jury Instructions in Civil Cases 4.5

17

## INSTRUCTION NO. 16

### (OBJECTIONS TO EVIDENCE)

During the trial, I have ruled on objections made by the attorneys.  Objections are based on rules of law designed to protect the jury from unreliable or irrelevant evidence.  It is an attorney's duty to object when he or she believes that the rules of law are not being followed.  These objections relate to questions of law for me to decide and with which you need not be concerned.

As to any questions to which an objection was sustained, you must not speculate as to what the answer might have been or as to the reason for the objection.  You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken out by the court; such matter is to be treated as though you had never known of it.

You must never speculate as to be true any insinuation suggested by a question asked a witness.  A question is not evidence and may be considered only as it supplied meaning to the answer.

Source:  Court's General Jury Instructions in Civil Cases 4.6

18

## INSTRUCTION NO. 17

### (WEIGHT ON EVIDENCE & CREDIBILITY OF WITNESSES)

I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility of all witnesses who testified in this case.  The weight their testimony deserves is for you to decide.

It is your exclusive right to determine whether and to what extent a witness should be believed and to give weight to that testimony according to your determination of the witness' credibility.  In evaluating a witness, you may consider:

(1) the witness' appearance and demeanor on the witness stand;

(2) the manner in which a witness testified and the degree of intelligence shown;

(3) the witness' degree of candor or frankness;

(4) the witness' interest, if any, in the result of this case;

(5) the witness' relationship to either party in the case;

(6) any temper, feeling or bias shown by the witness;

(7) the witness' character as shown by the evidence;

(8) the witness' means and opportunity to acquire information;

(9) the probability or improbability of the witness' testimony;

(10) the extent to which the witness' testimony is supported or contradicted by other evidence;

(11) the extent to which the witness made contradictory statements; and

(12) all other circumstances affecting the witness' credibility.

Inconsistencies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause you to discredit the inconsistent testimony.  This is because two or more persons witnessing an event may see or hear the event differently.  An innocently mistaken recollection or failure to remember is not an uncommon experience.  In examining any inconsistent testimony, you should consider whether the inconsistency concerns important matters or unimportant details. You should also consider whether inconsistent testimony is the result of an innocent mistake or a deliberate false statement. You may, in short, accept or reject the testimony or any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the

existence or non-existence of any fact.  You may find that the
testimony of a smaller number of witnesses as to any
fact is more credible than the testimony of a larger number of
witnesses to the contrary.


Source:  Court's General Jury Instructions in Civil Cases 5.1

## INSTRUCTION NO. 18

### (DISCREDITED TESTIMONY)

The testimony of a witness may be discredited by contradictory evidence or by evidence showing that at other times the witness made statements inconsistent with the witness' testimony in this trial.

If you believe that testimony of any witness has been discredited, you may give that testimony the degree of credibility you believe it deserves.


Source:  Court's General Jury Instructions in Civil Cases 5.2

**INSTRUCTION NO. 19**

**(FALSE WITNESS)**

You may reject the testimony of a witness if you find and believe from all of the evidence presented in this case that:

      1.   The witness intentionally testified falsely in this trial about any important fact; or

      2.   The witness intentionally exaggerated or concealed an important fact or circumstance in order to deceive or mislead you.

In giving you this instruction, I am not suggesting that any witness intentionally testified falsely or deliberately exaggerated or concealed an important fact or circumstance.  That is for you to decide.


Source:  Court's General Jury Instructions in Civil Cases 5.3

**INSTRUCTION NO. 20**

**(EXPERT WITNESSES)**

In this case, you heard testimony from witnesses described as experts.  Experts are persons who, by education, experience, training or otherwise, have special knowledge which is not commonly held by people in general.  Experts may state an opinion on matters in their field of special knowledge and may also state their reasons for the opinion.

The testimony of expert witnesses should be judged in the same manner as the testimony of any witness.  You may accept or reject the testimony in whole or in part.  You may give the testimony as much weight as you think it deserves in consideration of all of the evidence in this case.


Source:  Court's General Jury Instructions in Civil Cases 5.4

**INSTRUCTION NO. 21**

**(DAMAGE INSTRUCTIONS--FOR GUIDANCE ONLY)**

Instructions on damages are only a guide for an award of damages if you find defendants responsible to plaintiff.  The fact that the Court is instructing you on damages does not mean that defendants are responsible to plaintiff.  That is for you to decide.


Source:  Court's General Jury Instructions in Civil Cases 8.1

25

### INSTRUCTION NO. 22

### (IMPEACHMENT EVIDENCE—WITNESS)

The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.


Source: 9th Circuit Civil Model Jury Instruction 2.8 (March 2008)

INSTRUCTION NO. 23

**(CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT—HARASSMENT BECAUSE OF PROTECTED CHARACTERISTICS—ELEMENTS)**

The plaintiff seeks damages against the defendant for sexually hostile work environment while employed by the defendant.  In order to establish a sexually hostile work environment, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.    The plaintiff was subjected to sexual advances, requests for sexual conduct, or other verbal or physical conduct of a sexual nature;

2.    The conduct was unwelcome;

3.    The conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a sexually abusive or hostile work environment;

4.    The plaintiff perceived the working environment to be abusive or hostile; and

5.    A reasonable woman in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a sexually hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and

27

whether it unreasonably interfered with an employee's work
performance.


Source: 9th Circuit Civil Model Jury Instruction 10.2A (March
2008)

## INSTRUCTION NO. 24

### (SEXUAL HARASSMENT--"UNWELCOMED")

In order to constitute sexual harassment, the conduct must be "unwelcome" in the sense that the employee did not solicit or invite it, and the employee regarded the conduct as undesirable or offensive.

The voluntariness of sexual contact, in the sense that the complainant was not forced to participate against her will, is not a defense to a sexual harassment suit brought under Title VII. The gravamen of any sexual harassment claim is that the alleged sexual advances were unwelcome.


Source:   Moylan v. Maries County, 792 F.2d 746 (8th Cir. 1986); Mukaida v. Hawaii, 159 F. Supp. 2d 1211, 1230 (D. Haw. 2001), affirmed, 85 Fed. Appx. 631 (9th Cir. 2004), citing, Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 68, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986)

INSTRUCTION NO. 25

**(CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY SUPERVISOR—CLAIM BASED UPON VICARIOUS LIABILITY—TANGIBLE EMPLOYMENT ACTION—AFFIRMATIVE DEFENSE)**

An employer may be liable when a supervisor with immediate or successively higher authority over the employee creates sexually hostile work environment for that employee. The plaintiff claims that she was subjected to a sexually hostile work environment by Gary Rodrigues, and that Gary Rodrigues was a person with successively higher authority over plaintiff.

The defendant UPW denies the plaintiff's claim. The plaintiff must prove her claim by a preponderance of the evidence.

In addition to denying the plaintiff's claim, defendant UPW has asserted an affirmative defense. Before you consider this affirmative defense, you must first decide whether plaintiff has proved by a preponderance of the evidence that she suffered a tangible employment action as a result of harassment by the supervisor.

If you find that the plaintiff has proved that she suffered a tangible employment action as a result of harassment by the supervisor, you must not consider the affirmative defense.

If the plaintiff has not proved that she suffered a tangible employment action, then you must decide whether the defendant has

30

proved by a preponderance of the evidence each of the following elements:

      1.   Defendant UPW exercised reasonable care to prevent and promptly correct the sexually harassing behavior, and

      2.   The plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or unreasonably failed to otherwise avoid harm.

   If defendant UPW proves these elements, the plaintiff is not entitled to prevail on this claim.

Source: 9th Circuit Civil Model Jury Instruction 10.2B (March 2008)

INSTRUCTION NO. 26

**(CIVIL RIGHTS—TITLE VII—"TANGIBLE EMPLOYMENT ACTION" DEFINED)**

Tangible employment actions are the means by which a supervisor brings the official power of the enterprise to bear on subordinates. A tangible employment action requires an official act of the enterprise, a company act. A tangible employment action consists of a significant change in employment status such as a significant change in responsibilities, or a significant change in benefits. A tangible employment action occurs when a superior obtains sexual favors from an employee by conditioning continued employment on participation in unwelcome acts.

A tangible employment action may also occur when the harassing supervisor bestows benefits in exchange for an employee's acquiescence.

**Source**: Source: 9th Circuit Civil Model Jury Instruction 10.4B (March 2008); Holly D. v. California Institute of Technology, 339 F.3d 1158, 1172 (9th Cir. 2003)

INSTRUCTION NO. 27

**(EVIDENCE OF OTHER CLAIMS OF SEXUAL HARASSMENT)**

You may consider evidence of a hostile work environment against other employees to determine whether one of the principal non-discriminatory reasons asserted by an employer for its actions was, in fact, a pretext for discrimination.


Sources:  Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1086 (3rd Cir. 1996); Heyne v. Caruso, 69 F.3d 1475, 1479-80 (9th Cir. 1995), Wilson v. Muckala, 303 F.3d 1207 (10th Cir. 2002); Fed. R. Evid. 404(b)

INSTRUCTION NO. 28

**(CIVIL RIGHTS—TITLE VII—RETALIATION—ELEMENTS AND BURDEN OF PROOF)**

The plaintiff seeks damages against the defendant for retaliation. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.  The plaintiff engaged in or was engaging in an activity protected under federal law, that is filing complaints of discrimination;

2.  The employer subjected the plaintiff to an adverse employment action, that is, being subjected to punishment and ridicule, close scrutiny of her work, staff member instructed to write a critical article about her, plans to terminate her, suspension in September 2001, denial of vacation, discipline in March 2002, criticism to UPW's executive committee after April 2002, admonishments, reduced assignments, and accusations of insubordination; and

3.  The protected activity was a motivating factor in the adverse employment action.

If you find that the plaintiff has failed to prove any of these elements, your verdict should be for the defendant. If the plaintiff has proved all three of these elements, the plaintiff is entitled to your verdict, unless the defendant has proved by a preponderance of the evidence that it would have made the same decision even if the plaintiff's participation in a protected

34

activity had played no role in the employment decision.  In that event, the defendant is entitled to your verdict, even if the plaintiff has met her burden of proof on all three of the above elements.

Sources: 9th Circuit Civil Model Jury Instruction 10.3 (March 2008); Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment at 9-10, filed July 18, 2005

**INSTRUCTION NO. 29**

**(CIVIL RIGHTS—TITLE VII—"ADVERSE EMPLOYMENT ACTION" IN RETALIATION CASES)**

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination.


Source:  9th Circuit Civil Model Jury Instruction 10.4A.1 (March 2008); Burlington Northern & Santa Fe Ry. v. White, 548 U.S. 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345, 2006 ; Ray v. Henderson, 217 F.3d 1234, 1242-43 (9th Cir.2000)

**INSTRUCTION NO. 30**

**(COMPENSATORY DAMAGES)**

If you find defendant discriminated against plaintiff based on plaintiff's sex and/or prior equal employment opportunity (EEO) activity, then you must determine an amount that is fair compensation for plaintiff's damages. You may award compensatory damages only for injuries that plaintiff proves were caused by defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation--no more and no less.

You may award damages for any pain, suffering, or mental anguish that plaintiff experienced as a consequence of defendant's hostile work environment and/or reprisal. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the fact in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that plaintiff prove the amount of

37

plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Sources:  3C O'Malley, Grenig, & Lee, <u>Federal Jury Practice & Instructions</u>, 5th Ed., § 171.90; 42 U.S.C. § 1981a

INSTRUCTION NO. 31

(PUNITIVE DAMAGES)

Plaintiff claims the acts of defendant UPW were done with malice or reckless indifference to the plaintiff's federally protected rights so as to entitle plaintiff to an award of punitive damages in addition to compensatory damages.

In some cases, punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct.  However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate in this case only if you find for plaintiff and then further find from a preponderance of the evidence:

First:  That a higher management official of defendant UPW personally acted with malice or reckless indifference to plaintiff's federally protected rights; and

Second:  That defendant UPW itself had not acted in a good faith attempt to comply with the law by adopting polices and

procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against defendant UPW, you may consider the financial resources of defendant UPW in fixing such damages.

Sources:  3C O'Malley, Grenig, & Lee, Federal Jury Practice & Instructions, 5th Ed. § 171.94; 42 U.S.C. § 1981a; Kolstad v. American Dental Assoc., 527 U.S. 526, 119 S.Ct. 2118, 144 L. Ed. 2d 494 (1999)

INSTRUCTION NO. 32

(CONDUCT OF JURY)

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

When you retire to the jury room to begin your deliberations, your first duty will be selection of a foreperson to preside over the deliberations and to speak on your behalf in court.

The foreperson's duties are:

    1.   To keep order during the deliberations and to make sure that every juror who wants to speak is heard;

    2.   To represent the jury in communications you wish to make to me; and

    3.   To sign, date and present the jury's verdict to me.

In deciding the verdict, all jurors are equal and the foreperson does not have any more power than any other juror. After you select a foreperson, you will proceed to discuss the case with your fellow jurors and reach agreement on a verdict, if you can.  You may take as much time as you feel is necessary for your deliberations.

41

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after you have considered the views of your fellow jurors.  Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is a right decision, or simply to get the case over with.

Source:  Court's General Jury Instructions in Civil Cases 9.1

**INSTRUCTION NO. 33**

**(EXHIBITS IN THE JURY ROOM)**

During this trial, items were received in evidence as exhibits.  These exhibits will be sent into the jury room with you when you begin to deliberate.


Source:  Court's General Jury Instructions in Civil Cases 9.2

**INSTRUCTION NO. 34**

**(VERDICT)**

Remember at all times that you are not partisans.  You are judges - judges of the facts in this case.  Your only interest is to seek the truth from the evidence presented.  From the time you retire to the jury room to begin your deliberations until you complete your deliberations, it is necessary that you remain together as a body.  You should not discuss the case with anyone other than your fellow jurors.  If it becomes necessary for you to communicate with me during your deliberations, you may send a note by the bailiff.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom.

Your verdict will consist of answers to the questions on the verdict form.  You will answer the questions according to the instructions I have given you and according to the directions contained in the verdict form.

Your verdict must be unanimous.  It is necessary that each of you agree on all answers required by the verdict form.  Each of you must be able to state, when you return to the courtroom after a verdict is reached, that his or her vote is expressed in the answers on the verdict form.

As soon as all of you agree upon each answer required by the directions in the verdict form, the form should be dated and

44

signed by your foreperson.  The foreperson will then notify the bailiff by a written communication that the jury has reached a verdict.  Thereafter, the bailiff will arrange to have you return with the verdict form to the courtroom.

Bear in mind that you are not to reveal to the court or anyone else how the jury stands on the verdict until all of you have agreed on it.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

JEANNE K. ENDO,                    ) CIVIL NO. 03-00563 LEK
                                   )
            Plaintiff,             ) CERTIFICATE OF SERVICE
                                   )
      v.                           )
                                   )
UNITED PUBLIC WORKERS, AFSCME      )
LOCAL 646, AFL-CIO,                )
                                   )
            Defendant.             )
                                   )
_____)
                                   )
UNITED PUBLIC WORKERS,             )
AFSCME LOCAL 646, AFL-CIO,         )
                                   )
      Third-Party Plaintiff,       )
                                   )
      v.                           )
                                   )
GARY W. RODRIGUES,                 )
                                   )
      Third-Party Defendant.       )
_____)


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was duly served upon the following parties at their last known address via hand delivery, on April 29, 2008:

                    TO:  ERIC A. SEITZ, ESQ.
                         LAWRENCE I. KAWASAKI, ESQ.
                         820 Mililani Street, Suite 714
                         Honolulu, Hawaii 96813

                         Attorneys for Third Party
                         Defendant Gary W. Rodrigues

                         JAMES E.T. KOSHIBA, ESQ.
                         CHARLES A. PRICE, ESQ.
                         KOSHIBA AGENA & KUBOTA
                         2600 Pauahi Tower
                         1001 Bishop Street
                         Honolulu, Hawaii 96813

Attorneys for Defendant
UPW, AFSCME, LOCAL 646, AFL-CIO

DATED:  Honolulu, Hawaii, April 29, 2008.

_____
CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
JEANNE K. ENDO

2