ORIGINAL

CLAYTON C. IKEI
Attorney at Law
A Law Corporation

CLAYTON C. IKEI          1260
JERRY P.S. CHANG         6671
1440 Kapiolani Boulevard, Suite 1203
Honolulu, Hawaii 96814
Telephone: (808) 533-3777
Facsimile: (808) 521-7245
Email: CCIOffice@hawaii.rr.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
APR 29 2008
at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO, | ) CIVIL NO. 03-00563 LEK |
| | ) |
| Plaintiff, | ) PLAINTIFF'S PROPOSED SPECIAL |
| | ) VERDICT FORM; CERTIFICATE OF |
| v. | ) SERVICE |
| | ) |
| UNITED PUBLIC WORKERS, AFSCME | ) |
| LOCAL 646, AFL-CIO, | ) |
| | ) |
| Defendant. | ) |
| UNITED PUBLIC WORKERS, | ) |
| AFSCME LOCAL 646, AFL-CIO, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GARY W. RODRIGUES, | ) |
| | ) |
| Third-Party Defendant. | ) TRIAL DATE: May 13, 2008 |

**PLAINTIFF'S PROPOSED SPECIAL VERDICT FORM**

Plaintiff Jeanne K. Endo, by and through her counsel, hereby submits her Proposed Special Verdict Form, pursuant to Federal Rules of Civil Procedures 49 and the Rule 16 Scheduling Order.

**SPECIAL VERDICT FORM**

The jury must answer all of the questions, unless otherwise indicated. To understand what issues are being submitted to you, you may wish to read over the entire Special Verdict Form before preceding to answer. Answer the questions in numerical order. Follow all directions carefully. <u>Each</u> answer requires the agreement of <u>all</u> jurors. If you do not understand any questions or if you wish to communicate with the Court on any other subject, you must do so in writing through the Bailiff.

**COUNT 1**

Do you find from a preponderance of the evidence:

1.   That Plaintiff was subjected to a hostile or abusive work environment because of her sex?

        YES _____    NO _____

2.   That such hostile or abusive work environment was created by a supervisor with immediate or successively higher authority over the Plaintiff?

        YES _____    NO _____

3.   That the Plaintiff suffered damages as a proximate or legal cause of such hostile or abusive work environment?

        YES _____    NO _____

NOTE: If you answered "NO" to any one of the preceding three questions, you need not answer the remaining questions, and you may proceed to Count 2. Otherwise, proceed to Question No. 4.

2

4. That the Defendant UPW exercised reasonable care to prevent and promptly correct the sexually harassing behavior?

YES _____    NO _____

NOTE: If you answered "NO" to Question No. 4, then proceed to Question No. 5. Otherwise, you may proceed to Count 2.

5. That the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Defendant UPW or unreasonably failed to otherwise avoid harm?

YES _____    NO _____

NOTE: If you answered "NO" to Question No. 5, then proceed to Question No. 6. Otherwise, you may proceed to Count 2.

6. That the Plaintiff should be awarded damages to compensate her for emotional pain and mental anguish?

YES _____    NO _____

7. If your answer is "YES," in what amount?  $_____

8(a). That a higher management official of the Defendant UPW acted with malice or reckless indifference to the Plaintiff's federally protected rights?

YES _____    NO _____

\\
\\

8(b).    If your answer is "YES," that the Defendant UPW itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures to prohibit such discrimination in the workplace?

          YES _____    NO _____

8(c).    If your answer is "YES," what amount of punitive damages, if any, should be assessed against the Defendant UPW? $_____

NOTE:   Proceed to Count 2.

## COUNT 2

Do you find from a preponderance of the evidence:

1.   That the Plaintiff engaged in or was engaging in an activity protected under federal law?

          YES _____    NO _____

2.   That the Defendant UPW subjected the Plaintiff to an adverse employment action?

          YES _____    NO _____

3.   That the protected activity was a substantial or motivating factor in the adverse employment action?

          YES _____    NO _____

NOTE:   If you answered "NO" to any one of the preceeding three questions, you need not answer the remaining questions. Please have the Foreperson sign this verdict form, and advise the

Court that you have reached a verdict. Otherwise, you may proceed to Question No. 4.

4. That the Plaintiff should be awarded damages to compensate her for emotional pain and mental anguish?

        YES \_\_\_\_\_      NO \_\_\_\_\_

5. If your answer is "YES," in what amount?  $_____

6(a). That a higher management official of the Defendant UPW acted with malice or reckless indifference to the Plaintiff's federally protected rights?

        YES \_\_\_\_\_      NO \_\_\_\_\_

6(b). If your answer is "YES," that the Defendant UPW itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures to prohibit such discrimination in the workplace?

        YES \_\_\_\_\_      NO \_\_\_\_\_

6(c). If your answer is "YES," what amount of punitive damages, if any, should be assessed against the Defendant UPW? $_____

### JURY CERTIFICATE

THE VERDICT MUST BE UNANIMOUS AND MUST BE SIGNED BY THE JURY FOREPERSON.

Dated: Honolulu, Hawaii, _____.

                                                     FOREPERSON

```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

JEANNE K. ENDO,                  ) CIVIL NO. 03-00563 LEK
                                 )
           Plaintiff,            ) CERTIFICATE OF SERVICE
                                 )
      v.                         )
                                 )
UNITED PUBLIC WORKERS, AFSCME    )
LOCAL 646, AFL-CIO,              )
                                 )
           Defendant.            )
_____)
                                 )
UNITED PUBLIC WORKERS,           )
AFSCME LOCAL 646, AFL-CIO,       )
                                 )
      Third-Party Plaintiff,     )
                                 )
      v.                         )
                                 )
GARY W. RODRIGUES,               )
                                 )
      Third-Party Defendant.     )
_____)
```

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was duly served upon the following parties at their last known address via U.S. mail, postage prepaid, on April 29, 2008:

        TO:   ERIC A. SEITZ, ESQ.
              LAWRENCE I. KAWASAKI, ESQ.
              820 Mililani Street, Suite 714
              Honolulu, Hawaii 96813

              Attorneys for Third Party
              Defendant Gary W. Rodrigues

AND

```
                    JAMES E.T. KOSHIBA, ESQ.
                    CHARLES A. PRICE, ESQ.
                    KOSHIBA AGENA & KUBOTA
                    2600 Pauahi Tower
                    1001 Bishop Street
                    Honolulu, Hawaii 96813

                    Attorneys for Defendant
                    UPW, AFSCME, LOCAL 646, AFL-CIO

DATED:  Honolulu, Hawaii, April 29, 2008.

                    _____
                    CLAYTON C. IKEI
                    JERRY P.S. CHANG

                    Attorneys for Plaintiff
                    JEANNE K. ENDO
```

2