ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 29 2008

at __ o'clock and 4 8 min __ M.
SUE BEITIA, CLERK

CLAYTON C. IKEI
Attorney at Law
A Law Corporation

CLAYTON C. IKEI     1260
JERRY P.S. CHANG    6671
1440 Kapiolani Boulevard, Suite 1203
Honolulu, Hawaii 96814
Telephone: (808) 533-3777
Facsimile: (808) 521-7245
Email: CCIOffice@hawaii.rr.com

Attorneys for Plaintiff
JEANNE K. ENDO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO, | ) CIVIL NO. 03-00563 LEK |
| Plaintiff, | ) PLAINTIFF'S MEMORANDUM IN<br>) OPPOSITION TO DEFENDANT UNITED |
| v. | ) PUBLIC WORKERS' MOTION IN<br>) LIMINE RE: EXPERT OPINIONS; |
| UNITED PUBLIC WORKERS, AFSCME<br>LOCAL 646, AFL-CIO, | ) CERTIFICATE OF SERVICE |
| Defendant. | |
| UNITED PUBLIC WORKERS,<br>AFSCME LOCAL 646, AFL-CIO, | |
| Third-Party Plaintiff, | |
| v. | |
| GARY W. RODRIGUES, | |
| Third-Party Defendant. | |
| | ) TRIAL DATE: May 13, 2008 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT UNITED PUBLIC
WORKERS' MOTION IN LIMINE RE: EXPERT OPINIONS**

I.  INTRODUCTION

Plaintiff Jeanne K. Endo, by and through her counsel, hereby submits her Memorandum in Opposition to Defendant United Public Workers' Motion in Limine Re: Expert Opinions.

UPW seeks to exclude expert opinions from Izumi Kobashigawa, M.D., and Rosalie Tatsuguchi, Ph.D. because Plaintiff did not produce any expert reports per the Rule 16 Scheduling Order.

II.  ARGUMENT

   A.  **Expert Reports under Federal Rules of Civil Procedures (FRCP) 26 Are Not Required Here as Dr. Kobashigawa and Dr. Tatsuguchi Are Plaintiff's Treating Physician and Therapist, Respectively**

In Sharpardon v. West Beach Estates, 172 F.R.D. 415 (D. Haw. 1997), plaintiff-customer sued a restaurant alleging one of its employees spilled coffee on her resulting in physical injury. Plaintiff disclosed as her expert witnesses, all of whom were her treating physicians, pursuant to FRCP Rule 26(a)(2). Defendant sought to exclude Plaintiff's expert witnesses because they did not submit a written report pursuant to FRCP 26(a)(2)(B).

The court in Sharpardon noted that FRCP 26 clearly contemplated two types of experts: those who may qualify as experts, but are not retained or specifically employed, and those who are retained or specifically employed to provide testimony in the case. Written reports are required only for experts in the latter category. Id. at 416. The court stated:

2

> Treating physicians commonly consider the cause of any medical condition presented in a patient, the diagnosis, the prognosis and the extent of the disability, if any, caused by the condition or injury. Opinions as to these matters are encompassed in the ordinary care of a patient and do not subject the treating physician to the report requirements of Rule 26(a)(2)(B). Numerous other courts who have considered this issue have reached similar conclusion.

Id. at 417; see also, Mock v. Johnson, 218 F.R.D. 680, 682 (D. Haw. 2003) (FRCP 26 clearly distinguishes between retained experts, who have been hired solely for the purposes of providing expert opinions for trial and are required to submit an expert report, and other experts, such as treating physicians, who are not required to submit formal reports.)

Here, Plaintiff disclosed in her Initial Disclosure filed on March 8, 2004, and her Final Pretrial Statement filed on August 23, 2005, that Dr. Kobashigawa and Dr. Tatsuguchi, are Plaintiff's treating physician and therapist, respectively, who would testify as to Plaintiff's conditions and their treatment provided thereof.

Plaintiff contends that as Dr. Kobashigawa and Dr. Tatsuguchi are her treating physician and therapist, respectively, they may testify as to the Plaintiff's conditions and the treatment they provided to her, without having to previously submit an expert report under FRCP 26. Sharpardon, Mock, supra.

3

### III. CONCLUSION

Therefore, for the foregoing reasons, Plaintiff requests that the Court denies the UPW's Motion.

DATED:  Honolulu, Hawaii, April 29, 2008.

_____
CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
JEANNE K. ENDO

4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO, | ) CIVIL NO. 03-00563 LEK |
| | ) |
| Plaintiff, | ) CERTIFICATE OF SERVICE |
| | ) |
| v. | ) |
| | ) |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GARY W. RODRIGUES, | ) |
| | ) |
| Third-Party Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was duly served upon the following parties at their last known address via U.S. mail, postage prepaid, on April 29, 2008:

TO: ERIC A. SEITZ, ESQ.
LAWRENCE I. KAWASAKI, ESQ.
820 Mililani Street, Suite 714
Honolulu, Hawaii 96813

Attorneys for Third Party
Defendant Gary W. Rodrigues

AND

```
                    JAMES E.T. KOSHIBA, ESQ.
                    CHARLES A. PRICE, ESQ.
                    KOSHIBA AGENA & KUBOTA
                    2600 Pauahi Tower
                    1001 Bishop Street
                    Honolulu, Hawaii 96813

                    Attorneys for Defendant
                    UPW, AFSCME, LOCAL 646, AFL-CIO
```

DATED:  Honolulu, Hawaii, April 29, 2008.

_____
CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
JEANNE K. ENDO

2