ORIGINAL

CLAYTON C. IKEI
Attorney at Law
A Law Corporation

CLAYTON C. IKEI      1260
JERRY P.S. CHANG     6671
1440 Kapiolani Boulevard, Suite 1203
Honolulu, Hawaii 96814
Telephone: (808) 533-3777
Facsimile: (808) 521-7245
Email: CCIOffice@hawaii.rr.com

Attorneys for Plaintiff
JEANNE K. ENDO

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 29 2008

at ____ o'clock and ____ min. ____ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED PUBLIC WORKERS, AFSCME<br>LOCAL 646, AFL-CIO,<br><br>        Defendant.<br><br>UNITED PUBLIC WORKERS,<br>AFSCME LOCAL 646, AFL-CIO,<br><br>    Third-Party Plaintiff,<br><br>      v.<br><br>GARY W. RODRIGUES,<br><br>    Third-Party Defendant. | ) CIVIL NO. 03-00563 LEK<br>)<br>) PLAINTIFF'S MEMORANDUM IN<br>) OPPOSITION TO THIRD-PARTY<br>) DEFENDANT GARY W. RODRIGUES'<br>) SECOND MOTION IN LIMINE TO BAR<br>) ALL TESTIMONY OR EVIDENCE AS TO<br>) INFORMATION THAT THE PLAINTIFF<br>) ALLEGES OTHER PEOPLE TOLD HER<br>) ABOUT GARY RODRIGUES;<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) TRIAL DATE: May 13, 2008 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THIRD-PARTY
DEFENDANT GARY W. RODRIGUES' SECOND MOTION IN LIMINE TO
BAR ALL TESTIMONY OR EVIDENCE AS TO INFORMATION THAT THE
<u>PLAINTIFF ALLEGES OTHER PEOPLE TOLD HER ABOUT GARY RODRIGUES</u>**

## I.  INTRODUCTION

Plaintiff Jeanne K. Endo, by and through her counsel, hereby submits her Memorandum in Opposition to Third-Party Defendant Gary W. Rodrigues' Second Motion in Limine to Bar All Testimony or Evidence as to Information That the Plaintiff Alleges Other People Told Her about Gary Rodrigues.

Rodrigues' Motion contends evidence or testimonies allegedly told to Plaintiff by other UPW employees about Rodrigues is irrelevant, inadmissible hearsay and should be excluded under Federal Rules of Evidence (FRE) 403 and 404(b).  Rodrigues cited to Plaintiff's allegation that Merlene Akau told her in 1993 that Rodrigues would go into her office and touch her arms and kiss her.  Plaintiff's further allegation that Georgetta Carroll (Chock) told her that she was upset about Rodrigues' relationship with Tani Olaso.  Plaintiff's further allegation that Clifford Uwaine told her that Rodrigues had instructed him to write an article criticizing her performance for the union newsletter. Moreover, Rodrigues cites to Plaintiff's allegations that Rodrigues would alternatively pay attention to and/or have relationships with various female employees, and he presumes the basis of this knowledge came from information that those employees allegedly told Plaintiff.  (See, Rodrigues Motion at 2.)

2

II.  **ARGUMENT**

   A.  **Federal Rules of Evidence ("FRE"), Generally**

   FRE 401, Definition of "Relevant Evidence," states:

> "Relevant evidence" means evidence having any
> tendency to make the existence of any fact
> that is of consequence to the determination
> of the action more probable or less probable
> than it would be without the evidence.

   FRE 402, Relevant Evidence Generally Admissible; Irrelevant
Evidence Inadmissible, states:

> All relevant evidence is admissible, except
> as otherwise provided by the Constitution of
> the United States, by Act of Congress, by
> these rules, or by other rules prescribed by
> the Supreme Court pursuant to statutory
> authority. Evidence which is not relevant is
> not admissible.

   FRE 404, Character Evidence Not Admissible To Prove Conduct;
Exceptions; Other Crimes, states in part:

> (a) Character evidence generally. Evidence of
> a person's character or a trait of character
> is not admissible for the purpose of proving
> action in conformity therewith on a
> particular occasion, except:
>    (1) Character of accused. Evidence of a
> pertinent trait of character offered by an
> accused, or by the prosecution to rebut the
> same, or if evidence of a trait of character
> of the alleged victim of the crime is offered
> by an accused and admitted under Rule 404
> (a)(2), evidence of the same trait of
> character of the accused offered by the
> prosecution;
>    (2) Character of alleged victim. Evidence
> of a pertinent trait of character of the
> alleged victim of the crime offered by an
> accused, or by the prosecution to rebut the
> same, or evidence of a character trait of
> peacefulness of the alleged victim offered by

3

the prosecution in a homicide case to rebut
evidence that the alleged victim was the
first aggressor;
    (3) Character of witness. Evidence of the
character of a witness, as provided in rules
607, 608, and 609.

(b) Other crimes, wrongs, or acts. Evidence
of other crimes, wrongs, or acts is not
admissible to prove the character of a person
in order to show action in conformity
therewith. *It may, however, be admissible for
other purposes, such as proof of motive,
opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or
accident*, provided that upon request by the
accused, the prosecution in a criminal case
shall provide reasonable notice in advance of
trial, or during trial if the court excuses
pretrial notice on good cause shown, of the
general nature of any such evidence it
intends to introduce at trial.

FRE 801 states in part:

(d) Statements which are not hearsay.  A
statement is not hearsay if . . .
(2)Admission by party-opponent. The statement
is offered against a party and is (A) the
party's own statement, in either an
individual or a representative capacity or
(B) a statement of which the party has
manifested an adoption or belief in its
truth, or (C) a statement by a person
authorized by the party to make a statement
concerning the subject, or (D) a statement by
the party's agent or servant concerning a
matter within the scope of the agency or
employment, made during the existence of the
relationship . . .

\\

\\

\\

4

B.   **Plaintiff Should Be Allowed to Testify as to Her Observations as Well as What Other Upw Employees Told Her Regarding Rodrigues to Establish Her Claim of a Hostile Work Environment and Retaliation**

In <u>Hirase-Doi v. U.S. West Communications, Inc.</u>, 61 F.3d 777 (10th Cir. 1995), plaintiff sued her employer alleging hostile work environment and sexual harassment in violation of Title VII. Coleman, a male coworker, repeatedly sexually harassed female employees and the employer was notified about some of these incidents. Coleman engaged in verbal and written sexually offensive behavior against plaintiff, as well as attempts to touch her breasts, and later to grab her legs. In addition, plaintiff observed Coleman approach and flirt with several female employees. <u>Id.</u> at 781.

On appeal, the employer argued that plaintiff could not rely on Coleman's harassment of other workers to establish a hostile work environment for herself. However, the Tenth Circuit rejected that argument as it previously held that evidence of a general work atmosphere, including evidence of harassment of other women, may be considered in evaluating a claim. <u>Id.</u> at 782, <u>citing</u>, <u>Hicks v. Gates Rubber Co.</u>, 833 F.2d 1406 at 1415-16 (10th Cir. 1987). A plaintiff may prove the existence of a hostile work environment and sexual harassment "where the sexual conduct has the purpose or effect of unreasonably interfering with the individual's work performance or creating an intimidating, hostile, or offensive work environment." <u>Id.</u>

(quoting, <u>Meritor Savings Bank, FSB v. Vinson</u>, 477 U.S. 57 at 67 (1986)).

Thus, the Tenth Circuit in <u>Hirase-Doi</u> determined that plaintiff may establish the existence of a genuine issue of material fact as to whether she was subjected to a hostile work environment based on evidence of Coleman's sexually offensive conduct toward herself and/or others in her office provided she was aware of such conduct. Plaintiff had produced such evidence through her affidavit alleging Coleman's verbal and written comments, his attempt to touch her breasts, and finally his grabbing of her. Moreover, plaintiff alleges she saw Coleman harass numerous other women during the relevant time period, and that Casper, a female worker, told plaintiff of Coleman's harassment of her, although Casper did not report it to management. Together, these allegations, if accepted, could provide the finder of fact with a reasonable basis upon which to find that plaintiff was subjected to a hostile work environment and sexual harassment. <u>Id.</u> at 782.

In <u>Hurley v. Atlantic City Police Dep't</u>, 174 F.3d 95 (3d Cir. N.J. 1999), <u>cert. denied</u>, 528 U.S. 1074, 120 S.Ct. 786, 145 L.Ed. 2d 663 (2000), the district court determined that plaintiff, a female police officer, was subjected to sexual harassment and discrimination by the Atlantic City Police Department ("ACPD") and one of its captains. The district noted

6

that FRE 401 allowed plaintiff to submit evidence to show that while she was not personally subjected to harassing conduct, her working conditions were nevertheless altered as a result of witnessing defendants' hostility toward other women at the workplace.  On appeal, defendants' argued, in part, that the district court abused its discretion under FRE 403 by admitting evidence of alleged misconduct to which plaintiff was not exposed.  Id. at 102-107.

However, the Third Circuit in Hurley disagreed.  Evidence that other women other than plaintiff were subjected to a hostile work environment clearly meet FRE 401's requirement in a number of situations.  For example, a plaintiff may show that while she was not personally subjected to harassing conduct, her working conditions were nevertheless altered as a result of witnessing a defendant's hostility toward other women in the workplace.  Id. at 110.

Moreover, the Third Circuit in Hurley stated that a plaintiff's knowledge of harassment or pervasively sexist attitudes is not, however, a requirement for admitting testimony on those subjects in a harassment suit.  Evidence of harassment of other women and widespread sexism is also probative of "whether one of the principal non-discriminatory reasons asserted by [an employer] for its actions was in fact a pretext for . . . discrimination."  Id. at 110, (quoting, Glass v. Philadelphia

Elec. Corp., 34 F.3d 188, 194 (3rd Cir. 1994)); citing, Heyne v.

Caruso, 69 F.3d 1475, 1480 (9th Cir. 1995). Moreover, in FRE 403

terms, such evidence is highly probative, hence it is unlikely

that any putative prejudice therefrom will be unfair or will

outweigh its value. Id. at 110.

The Third Circuit in Hurley further stated:

> Evidence of other acts of harassment is
> extremely probative as to whether the
> harassment was sexually discriminatory and
> whether the ACPD knew or should have known
> that sexual harassment was occurring despite
> the formal existence of an anti-harassment
> policy. Neither of these questions depends on
> the plaintiff's knowledge of incidents;
> instead, they go to the motive behind the
> harassment, which may help the jury interpret
> otherwise ambiguous acts, and to the
> employer's liability. This kind of evidence
> is particularly important given the ACPD's
> main defenses at trial, which were that the
> incidents of abuse Hurley suffered were
> trivial horseplay to which both men and women
> were subjected and that its written sexual
> harassment policy was sufficient to insulate
> it from liability. Contrary to the ACPD's
> position, it is implausible in the extreme
> that Hurley was somehow immune from the
> pervasive sexism at the ACPD, as it was
> described by both female and male officers.
>
> The challenged evidence creates a basis
> for an inference that Hurley was targeted for
> abuse because she was a woman. It also gives
> reason to infer that the ACPD knew or should
> have known not only what was happening to its
> female officers but also, and most
> importantly, that the written sexual
> harassment policy was ineffective, and
> patently so. Indeed, it is
> hard to imagine evidence more relevant to the
> issue of whether a sexual harassment policy

was generally effective than evidence that male officers did not

respect it and that female officers were not protected by it.

        Officer Rando and Ms. Cardy, for example, both testified about the dismissive and even retaliatory treatment they experienced when they reported male officers' misbehavior, and this was relevant, probative evidence that the ACPD was consistently insensitive to female employees' experiences of harassment. This evidence remains highly relevant under [Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed. 2d 633 (1998)] and [Faragher v. City of Boca Raton, 524 U.S. 775 (1998)].

        Aside from its relevance to the issue of whether the ACPD is liable for the hostile environment Hurley encountered, the evidence is also relevant to her intentional sex discrimination, quid pro quo, and retaliation claims. The general atmosphere of sexism reflected by the challenged evidence is quite probative of whether decision makers at the ACPD felt free to take sex into account when making employment decisions, when deciding whether to abuse their positions by asking for sexual favors, and when responding to sexual harassment complaints. As [Glass v. Philadelphia Elec. Co., 34 F.3d 188 (3rd Cir. 1994)] held, evidence of pervasive sexual harassment makes retaliation claims more credible, because harassers may be expected to resent attempts to curb their male prerogatives.

Id. at 111-112 (citations omitted).

    In Garvey v. Dickinson College, 763 F.Supp. 799 (M.D. Pa. 1991), plaintiff employee alleged that she was subjected to sexual harassment and discrimination by her employer, her supervisor and the college dean.  Defendants sought to exclude evidence about the supervisor's alleged harassment of students and other female staff members.  They argued that such evidence

is irrelevant to the issues before the court, and its probative value is outweighed by its prejudicial tendencies under FRE 403. Id. at 801.

The court in <u>Garvey</u> noted that in an employment discrimination case, one element of the plaintiff's case is showing that she was intentionally discriminated in the workplace. To prove intentional discrimination, she must show state of mind. State of mind can be proven through circumstantial evidence such as evidence of past conduct or prior incidents. Id. at 801 (citations omitted).

Although evidence of character traits or prior wrongs is generally inadmissible to show that a person acted in conformity therewith on a particular occasion, FRE 404 permits the use of such evidence to prove motive or intent. Evidence of the supervisor's alleged harassment of others is clearly relevant because it tends to show his attitude toward women and his treatment of them at the college. Id. at 801.

The court in <u>Garvey</u> noted that such evidence is subject to the balancing requirements of FRE 403, but such rulings are best made at the time of trial when the court has all relevant considerations before it. Id. at 802.

In <u>Waterson v. Plank Road Motel Corp.</u>, 43 F.Supp. 2d 284 (N.D. N.Y. 1999), plaintiff, a hotel employee, alleged that she was subjected to sexual harassment and was terminated under false

pretenses pursuant to a discriminatory purpose.  Defendants moved
to bar testimony of Malinowski, a former employee, who would have
testified as to her own experiences of alleged sexual harassment
and discrimination as irrelevant.  Moreover, Malinowski filed her
own complaint against defendants which she settled and about
which signed a nondisclosure agreement.  Id. at 287.

    The court in Waterson noted that one of the critical issues
in a hostile work environment claim is the nature of the work
environment itself.  Several courts have held that evidence of
discriminatory conduct directed at other employees is relevant in
establishing a generally hostile environment and intent to create
such an environment.  Id. at 288 (citations omitted).  Thus, it
was clear that Malinowski's testimony was relevant in showing the
defendant's discriminatory attitude toward women as well as
demonstrating a generally hostile work environment permeated with
ridicule and insult.  Id.  Defendants failed to show how the
probative value of Malinowski's testimony was substantially
outweighed by the danger of unfair prejudice or confusion of
issues.  Id. at 287.

    Here, Rodrigues' Motion noted that Plaintiff testified in
her deposition of other UPW employees who told her certain
information about Rodrigues.  To wit, Merlene Akau told Plaintiff
that Rodrigues would go into her office to touch and kiss her.
Georgetta Chock telling Plaintiff about being upset about

Rodrigues' relationship with Tani Olaso, another UPW employee. Clifford Uwaine told Plaintiff that he had was instructed by Rodrigues to prepare an article critical of Plaintiff in the UPW newsletter.

Plaintiff is further expected to testify that she observed Rodrigues with Akau in her office, as well as observed Rodrigues kiss Tani Olaso at the workplace while he was living with Ms. Chock.

Plaintiff contends that evidence regarding what other UPW employees told her about their interactions with Rodrigues, as well as Plaintiff's observations of Rodrigues' conduct toward other UPW female employees, is relevant to establish her claim of being subjected to a hostile work environment and reprisal.

## III. CONCLUSION

Therefore, for the forgoing reasons, Plaintiff requests that the Court denies Rodrigues' Motion.

DATED:  Honolulu, Hawaii, April 29, 2008.

CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
JEANNE K. ENDO

12

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO, | ) CIVIL NO. 03-00563 LEK |
| | ) |
| Plaintiff, | ) CERTIFICATE OF SERVICE |
| | ) |
| v. | ) |
| | ) |
| UNITED PUBLIC WORKERS, AFSCME | ) |
| LOCAL 646, AFL-CIO, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| UNITED PUBLIC WORKERS, | ) |
| AFSCME LOCAL 646, AFL-CIO, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GARY W. RODRIGUES, | ) |
| | ) |
| Third-Party Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the
forgoing document was duly served upon the following parties at
their last known address via U.S. mail, postage prepaid, on April
29, 2008:

> TO:   ERIC A. SEITZ, ESQ.
>       LAWRENCE I. KAWASAKI, ESQ.
>       820 Mililani Street, Suite 714
>       Honolulu, Hawaii 96813
>
>       Attorneys for Third-Party
>       Defendant Gary W. Rodrigues

AND

JAMES E.T. KOSHIBA, ESQ.
CHARLES A. PRICE, ESQ.
KOSHIBA AGENA & KUBOTA
2600 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

Attorneys for Defendant
UPW, AFSCME, LOCAL 646, AFL-CIO

DATED:  Honolulu, Hawaii, April 29, 2008.


CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
JEANNE K. ENDO

2