ORIGINAL

CLAYTON C. IKEI
Attorney at Law
A Law Corporation

CLAYTON C. IKEI     1260
JERRY P.S. CHANG    6671
1440 Kapiolani Boulevard, Suite 1203
Honolulu, Hawaii 96814
Telephone: (808) 533-3777
Facsimile: (808) 521-7245
Email: CCIOffice@hawaii.rr.com

Attorneys for Plaintiff
JEANNE K. ENDO

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 29 2008

at _____ o'clock and _____ min. ____ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO,<br><br>                Plaintiff,<br><br>        v.<br><br>UNITED PUBLIC WORKERS, AFSCME<br>LOCAL 646, AFL-CIO,<br><br>            Defendant.<br><br>UNITED PUBLIC WORKERS,<br>AFSCME LOCAL 646, AFL-CIO,<br><br>    Third-Party Plaintiff,<br><br>       v.<br><br>GARY W. RODRIGUES,<br><br>    Third-Party Defendant. | ) CIVIL NO. 03-00563 LEK<br>)<br>) PLAINTIFF'S MEMORANDUM IN<br>) OPPOSITION TO THIRD-PARTY<br>) DEFENDANT GARY W. RODRIGUES'<br>) THIRD MOTION IN LIMINE TO BAR<br>) ALL TESTIMONY OR EVIDENCE<br>) REGARDING UPW'S SUSPENSION<br>) AND/OR REMOVAL OF GARY<br>) RODRIGUES FROM HIS POSITION AT<br>) UPW; CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) TRIAL DATE: May 13, 2008 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THIRD-PARTY
DEFENDANT GARY W. RODRIGUES' THIRD MOTION IN LIMINE TO
BAR ALL TESTIMONY OR EVIDENCE REGARDING UPW'S SUSPENSION
AND/OR REMOVAL OF GARY RODRIGUES FROM HIS POSITION AT UPW**

I.    **INTRODUCTION**

Plaintiff Jeanne K. Endo, by and through her counsel, hereby submits her Memorandum in Opposition to Third-Party Defendant Gary W. Rodrigues' Third Motion in Limine to Bar All Testimony or Evidence Regarding UPW's Suspension and/or Removal of Gary Rodrigues from His Position at UPW.

Rodrigues essentially contends such evidence is irrelevant and should be excluded under Federal Rules of Evidence 403 and 404(b).

Plaintiff notes that she filed a Motion in Limine to Admit Evidence Regarding Third-party Defendant Gary W. Rodrigues' Removal from United Public Workers, AFSCME Local 646, AFL-CIO ("Plaintiff's Removal MIL"), and incorporates by reference the factual and legal arguments therein.

On November 19, 2002, Rodrigues was convicted by a jury in the U.S. District Court for the District of Hawaii on 101 federal charges of fraud and swindles (mail fraud), 18 U.S.C. § 1341 (counts 1-50), embezzlement of assets, 29 U.S.C. § 501 (counts 51-55), health care fraud, 18 U.S.C. § 1347 (count 56), money laundering-interstate commerce, 18 U.S.C. § 1956 (counts 57-100), and employee benefits fraud, 18 U.S.C. § 1954 (count 102), in Criminal No. 01-00078 DAE.  On September 30, 2003, the Court sentenced Rodrigues to imprisonment of 60 months as to Counts 1-55, 64 months as to Counts 56-100, and 36 months as to Count 102,

2

with all such terms to run concurrently, supervised release for 3
years as to Counts 1-100 and 1 year as to Count 102, with all
such terms to run concurrently.  Additionally, Rodrigues owes
$378,103.63 to UPW for restitution, and a $50,000.00 fine, among
other things.

After the verdict, George Yasumoto ("Yasumoto"), UPW's State
President, informed the members of UPW's Executive Board
("Board") that he was calling a special meeting at 10:00 a.m. on
November 22, 2002 for the purpose of suspending Rodrigues from
office on the basis of the jury verdict.  Almost immediately
after Yasumoto gave his notice, Rodrigues notified the Board
through his deputy, Dwight Takeno, that he was calling a special
meeting of the Board that same day at 9:00 a.m. to have it
confirm his continuation in office pending sentencing.  (See,
Plaintiff's Removal MIL, Ex. "A" at 4.)

When AFSCME International President Gerald W. McEntee
("Pres. McEntee") learned of these developments at UPW, he
immediately acted to suspend Rodrigues as UPW State Director
pursuant to Article V, Section 13 of the International
Constitution.  The letter notifying Rodrigues of his suspension
was faxed to him at UPW headquarters at around noon, local time,
on November 21, 2002.  Id. at 4.

Upon learning of Rodrigues' suspension, Yasumoto decided to
cancel the special Board meeting scheduled for November 22, and

3

attempted to advise the Board members of the cancellation.  On

the morning of November 22, Yasumoto learned that UPW's staff was

countermanding his cancellation of the Board meeting.  Yasumoto

contacted the International Union to find out whether he had the

authority to cancel the special Board meeting.  Pres. McEntee

responded in a letter faxed before the special meeting that

Yasumoto had the authority to cancel the meeting.  Id. at 5.

Despite Yasumoto's attempt to tell the Board members outside

UPW headquarters that the meeting was cancelled, Rodrigues told

the members to enter the building and proceed with the meeting.

The Board called an informational meeting, and created a new

agenda which it voted to suspend Yasumoto for leaving the meeting

and approved Rodrigues recommendation to appoint his deputy,

Dwight Takeno, as his successor.  Id. at 5-9.

On December 5, 2002, Pres. McEntee placed the UPW under

administratorship pursuant to Article IX, Section 36 of the

International Constitution.  The primary reasons for the

administratorship were:

> (1) Rodrigues' continued involvement in, and
> influence over the affairs of UPW after he
> was found guilty of more than 100 crimes
> against the union and its members and despite
> the fact that he had been suspended from
> office by President McEntee; (2)
> constitutional violations committed by UPW in
> the course of the November 22 meeting of the
> board; and (3) the threat that the funds of
> UPW would be further dissipated as a result,
> as well as by the payment of Rordrigues'
> claims for almost $700,000 in vacation and

> sick leave.  Ample evidence was presented to
> support all of these reasons.

Id. at 1, 11-12.

Pursuant to the International Constitution, the matter was referred to the Judicial Panel for hearing in Case No. 02-121. Id. at 1.  On June 4, 2003, the Judicial Panel issued its decision which affirmed Pres. McEntee's decision to impose administratorship over the UPW.  Id. at 18.

Plaintiff contends that evidence regarding Rodrigues' removal from the UPW in the form of the Judicial Panel's decision is relevant and admissible.

## II.  ARGUMENT

### A.    Federal Rules of Evidence ("FRE"), Generally

FRE 401, Definition of "Relevant Evidence," states:

> "Relevant evidence" means evidence having any
> tendency to make the existence of any fact
> that is of consequence to the determination
> of the action more probable or less probable
> than it would be without the evidence.

FRE 402, Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible, states:

> All relevant evidence is admissible, except
> as otherwise provided by the Constitution of
> the United States, by Act of Congress, by
> these rules, or by other rules prescribed by
> the Supreme Court pursuant to statutory
> authority. Evidence which is not relevant is
> not admissible.

FRE 404, Character Evidence Not Admissible To Prove Conduct;

Exceptions; Other Crimes, states:

>     (a) Character evidence generally. Evidence of
> a person's character or a trait of character
> is not admissible for the purpose of proving
> action in conformity therewith on a
> particular occasion, except:  (1) Character
> of accused. In a criminal case, evidence of a
> pertinent trait of character offered by an
> accused, or by the prosecution to rebut the
> same, or if evidence of a trait of character
> of the alleged victim of the crime is offered
> by an accused and admitted under Rule
> 404(a)(2), evidence of the same trait of
> character of the accused offered by the
> prosecution; (2) Character of alleged victim.
> In a criminal case, and subject to the
> limitations imposed by Rule 412, evidence of
> a pertinent trait of character of the alleged
> victim of the crime offered by an accused, or
> by the prosecution to rebut the same, or
> evidence of a character trait of peacefulness
> of the alleged victim offered by the
> prosecution in a homicide case to rebut
> evidence that the alleged victim was the
> first aggressor; (3) Character of witness.
> Evidence of the character of a witness, as
> provided in Rules 607, 608, and 609.
>
>     (b) Other crimes, wrongs, or acts. Evidence
> of other crimes, wrongs, or acts is not
> admissible to prove the character of a person
> in order to show action in conformity
> therewith. It may, however, be admissible for
> other purposes, such as proof of motive,
> opportunity, intent, preparation, plan,
> knowledge, identity, or absence of mistake or
> accident, provided that upon request by the
> accused, the prosecution in a criminal case
> shall provide reasonable notice in advance of
> trial, or during trial if the court excuses
> pretrial notice on good cause shown, of the
> general nature of any such evidence it
> intends to introduce at trial.

**B.    The Judicial Panel's Decision is Relevant to Rodrigues' Credibility and Control of the UPW**

Here, as the Judicial Panel's decision notes, upon Rodrigues' criminal conviction, Pres. McEntee suspended Rodrigues in his capacity as the UPW's State Director. Rather than accept the suspension, Rodrigues effectively directed the Board to suspend Yasumoto, and appoint Takeno as the interim State Director, thereby continuing his control of the UPW.

Pres. McEntee decided to place the UPW under administratorship despite his suspension of Rodrigues for several reasons: First, Rodrigues' continued involvement in and influence over the affairs of UPW after he was found guilty of more than a hundred crimes against the Union and its members. Second, the constitutional violations committed by UPW in the course of the November 22 meeting of the Board. Finally, the threat that almost $700,000 of UPW funds would be dissipated because of Rodrigues' claim for that amount in vacation and sick leave.

In accordance with the International Constitution, the Judicial Panel held a hearing on the administratorship. The Judicial Panel made a finding of fact and determined that Pres. McEntee's decision to impose administratorship was justified.

Plaintiff contends the Judicial Panel's decision is relevant to the issues of Rodrigues' credibility and control of the UPW in this matter in that Pres. McEntee determined, and the Judicial

Board agreed, that Rodrigues would continue to control the UPW unless it was placed under administratorship.

**III. CONCLUSION**

Therefore, for the foregoing reasons, Plaintiff requests that the Court grants her Motion.

DATED:  Honolulu, Hawaii, April 29, 2008.


_____
CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
JEANNE K. ENDO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO, | ) CIVIL NO. 03-00563 LEK |
| | ) |
| Plaintiff, | ) CERTIFICATE OF SERVICE |
| | ) |
| v. | ) |
| | ) |
| UNITED PUBLIC WORKERS, AFSCME | ) |
| LOCAL 646, AFL-CIO, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| UNITED PUBLIC WORKERS, | ) |
| AFSCME LOCAL 646, AFL-CIO, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GARY W. RODRIGUES, | ) |
| | ) |
| Third-Party Defendant. | ) |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was duly served upon the following parties at their last known address via U.S. mail, postage prepaid, on April 29, 2008:

        TO:   ERIC A. SEITZ, ESQ.
              LAWRENCE I. KAWASAKI, ESQ.
              820 Mililani Street, Suite 714
              Honolulu, Hawaii 96813

              Attorneys for Third-Party
              Defendant Gary W. Rodrigues

AND

JAMES E.T. KOSHIBA, ESQ.
CHARLES A. PRICE, ESQ.
KOSHIBA AGENA & KUBOTA
2600 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

Attorneys for Defendant
UPW, AFSCME, LOCAL 646, AFL-CIO

DATED:  Honolulu, Hawaii, April 29, 2008.


_____
CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
JEANNE K. ENDO

2