ORIGINAL

CLAYTON C. IKEI
Attorney at Law
A Law Corporation

CLAYTON C. IKEI     1260
JERRY P.S. CHANG    6671
1440 Kapiolani Boulevard, Suite 1203
Honolulu, Hawaii 96814
Telephone: (808) 533-3777
Facsimile: (808) 521-7245
Email: CCIOffice@hawaii.rr.com

Attorneys for Plaintiff
JEANNE K. ENDO

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 29 2008

at ___ o'clock and __ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO, | ) CIVIL NO. 03-00563 LEK |
| Plaintiff, | ) PLAINTIFF'S MEMORANDUM IN |
| | ) OPPOSITION TO THIRD-PARTY |
| v. | ) DEFENDANT GARY W. RODRIGUES' |
| | ) FOURTH MOTION IN LIMINE TO BAR |
| UNITED PUBLIC WORKERS, AFSCME | ) ALL TESTIMONY OR EVIDENCE OF |
| LOCAL 646, AFL-CIO, | ) GEORGETTA CHOCK'S CLAIMS |
| | ) AGAINST AND SETTLEMENT WITH |
| Defendant. | ) UNITED PUBLIC WORKERS; |
| | ) CERTIFICATE OF SERVICE |
| UNITED PUBLIC WORKERS, | ) |
| AFSCME LOCAL 646, AFL-CIO, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GARY W. RODRIGUES, | ) |
| | ) |
| Third-Party Defendant. | ) |
| | ) TRIAL DATE: May 13, 2008 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THIRD-PARTY
DEFENDANT GARY W. RODRIGUES' FOURTH MOTION IN LIMINE TO
BAR ALL TESTIMONY OR EVIDENCE OF GEORGETTA CHOCK'S CLAIMS
AGAINST AND SETTLEMENT WITH UNITED PUBLIC WORKERS**

## I.  INTRODUCTION

Plaintiff Jeanne K. Endo, by and through her counsel hereby submits her Memorandum in Opposition to Third-Party Defendant Gary W. Rodrigues' Fourth Motion in Limine to Bar All Testimony or Evidence of Georgetta Chock's Claims Against and Settlement with United Public Workers.

Rodrigues' motion notes that Chock, who had been employed by the UPW as a secretary receptionist, administrative executive assistant, and administrative assistant, and had a consensual relationship that included their engagement and cohabitation for about nine years which ended in 1994, and Chock alleged that she was sexually harassment by Rodrigues after that date.  Rodrigues contends that Chock's claims of alleged sexual harassment against Rodrigues and the UPW, which were settled in a confidential agreement, is irrelevant to this matter, and should be excluded under Federal Rules of Evidence 403 and 404(b).

## II.  ARGUMENT

### A.  Federal Rules of Evidence ("FRE"), Generally

FRE 401, Definition of "Relevant Evidence," states:

> "Relevant evidence" means evidence having any
> tendency to make the existence of any fact
> that is of consequence to the determination
> of the action more probable or less probable
> than it would be without the evidence.

FRE 402, Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible, states:

2

All relevant evidence is admissible, except
as otherwise provided by the Constitution
the United States, by Act of Congress, by
these rules, or by other rules prescribed by
the Supreme Court pursuant to statutory
authority. Evidence which is not relevant is
not admissible.

FRE 403, Exclusion of Relevant Evidence on Grounds of

Prejudice, Confusion, or Waste of Time, states:

Although relevant, evidence may be excluded
if its probative value is substantially
outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the
jury, or by considerations of undue delay,
waste of time, or needless presentation of
cumulative evidence.

FRE 404, Character Evidence Not Admissible To Prove Conduct;

Exceptions; Other Crimes, states in part:

(a) Character evidence generally. Evidence of
a person's character or a trait of character
is not admissible for the purpose of proving
action in conformity therewith on a
particular occasion, except:
(1) Character of accused. Evidence of a
pertinent trait of character offered by an
accused, or by the prosecution to rebut the
same, or if evidence of a trait of character
of the alleged victim of the crime is offered
by an accused and admitted under Rule 404
(a)(2), evidence of the same trait of
character of the accused offered by the
prosecution;
(2) Character of alleged victim. Evidence
of a pertinent trait of character of the
alleged victim of the crime offered by an
accused, or by the prosecution to rebut the
same, or evidence of a character trait of
peacefulness of the alleged victim offered by
the prosecution in a homicide case to rebut
evidence that the alleged victim was the
first aggressor;

3

(3) Character of witness. Evidence of the character of a witness, as provided in rules 607, 608, and 609.

(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. *It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident*, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

**B.    Chock Should Be Allowed to Testify as to the Sexual Harassment She Was Subjected to by Rodrigues**

In <u>Henye v. Caruso</u>, 69 F.3d 1475 (9th Cir. 1995), plaintiff sued her employer for sexual harassment under Title VII.  On appeal, plaintiff contends that the district court erred in excluding the testimonies of other female employees that were harassed by the employer in order to show that the employer's proffered reason for terminating plaintiff was pretextual.  <u>Id</u>. at 1477-1478.

The Ninth Circuit in <u>Henye</u> determined that the district court erred in excluding such evidence.  It stated that it is clear that an employer's conduct tending to demonstrate hostility towards a certain group is both relevant and admissible where the employer's general hostility towards that group is the true reason behind firing an employee who is a member of that group.

4

Id. at 1479.   There will seldom be eyewitness testimony as to the employer's mental processes.   Evidence of prior acts of discrimination is relevant to an employer's motive in discharging a plaintiff, even where this evidence is not extensive enough to establish discriminatory animus by itself.   Id. at 1480.

Moreover, evidence of an employer's sexual harassment of female employees other than the plaintiff and evidence of the employer's disparaging remarks about women in general were relevant to a discriminatory discharge claim which alleged that the plaintiff's discharge was motivated by the employer's general feeling of hostility towards women.   Id. at 1480.

The Ninth Circuit in Henye also noted that the employer's alleged sexual harassment of other employees cannot be used to prove that the employer propositioned plaintiff on the night before she was fired.   Id. at 1480, citing, Fed. R.Evid. 404(b). However, evidence of employer's sexual harassment of other female workers may be used, to prove his motive or intent in discharging plaintiff.   The sexual harassment of others, if shown to have occurred, is relevant and probative of employer's general attitude of disrespect toward his female employees, and his sexual objectification of them.   That attitude is relevant to the question of Caruso's motive for discharging plaintiff.   Id. at 1480.

Moreover, the probative value of the employer's sexual harassment of other female employees is especially high because of the inherent difficulty of proving state of mind.  There is no unfair prejudice, however, if the jury were to believe that an employer's sexual harassment of other female employees made it more likely that an employer viewed his female workers as sexual objects, and that, in turn, convinced the jury that an employer was more likely to fire an employee in retaliation for her refusal of his sexual advances.  There is a direct link between the issue before the jury, the employer's motive behind firing the plaintiff, and the factor on which the jury's decision is based, the employer's harassment of other female employees.  Id. at 1481.

The Ninth Circuit in Henye state that the district court may provide safeguards to any potential unfair prejudice, such as a limiting jury instruction to the effect that the sexual harassment testimony is to be considered only for the determination of the employer's motive.  Id. at 1481

In Waterson v. Plank Road Motel Corp., 43 F.Supp. 2d 284 (N.D. N.Y. 1999), plaintiff, a hotel employee, alleged that she was subjected to sexual harassment and was terminated under false pretenses pursuant to a discriminatory purpose.  Defendants moved to bar testimony of Malinowski, a former employee, who would have testified as to her own experiences of alleged sexual harassment

and discrimination as irrelevant.  Moreover, Malinowski filed her own complaint against defendants which she settled and about which signed a nondisclosure agreement.  Id. at 287.

The court in Waterson noted that one of the critical issues in a hostile work environment claim is the nature of the work environment itself.  Several courts have held that evidence of discriminatory conduct directed at other employees is relevant in establishing a generally hostile environment and intent to create such an environment.  Id. at 288 (citations omitted).  Thus, it was clear that Malinowski's testimony was relevant in showing the defendant's discriminatory attitude toward women as well as demonstrating a generally hostile work environment permeated with ridicule and insult.  Id.

Also Malinowski's nondisclosure agreement only precluded disclosures of the terms of the settlement of the parties, not the circumstances giving rise to the complaint.  Id. at 287 n.1. Defendants failed to show how the probative value of Malinowski's testimony was substantially outweighed by the danger of unfair prejudice or confusion of issues.  Id. at 287.

Here, Plaintiff contends that Chock is expected to testify that she was subjected to sexual harassment by Rodrigues after she ended her consensual relationship with him.  Chock's testimony is relevant in establishing a generally hostile environment and intent to create such an environment.  Henye,

<u>Waterson</u>, <u>supra</u>. Chock's testimony is relevant in showing Rodrigues' discriminatory attitude toward women as well as demonstrating a generally hostile work environment toward them.

Morever, the fact that Chock settled her sexual harassment claims in a confidential agreement, as the court in <u>Waterson</u> noted, Malinowski could not disclose the terms of the settlement between the parties, but not the circumstances giving rise to the complaint. <u>Waterson</u>, 43 F.Supp. 2d at 287 n.1.

Thus, Plaintiff contends that Chock should be permitted to testify as to sexual harassment she was subjected to by Rodrigues.

## III. CONCLUSION

Therefore, for the foregoing reasons, Plaintiff requests that the Court denies Rodrigues' Motion.

DATED:  Honolulu, Hawaii, April 29, 2008.

_____
CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
JEANNE K. ENDO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO, | ) CIVIL NO. 03-00563 LEK |
| | ) |
| Plaintiff, | ) CERTIFICATE OF SERVICE |
| | ) |
| v. | ) |
| | ) |
| UNITED PUBLIC WORKERS, AFSCME | ) |
| LOCAL 646, AFL-CIO, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| UNITED PUBLIC WORKERS, | ) |
| AFSCME LOCAL 646, AFL-CIO, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GARY W. RODRIGUES, | ) |
| | ) |
| Third-Party Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was duly served upon the following parties at their last known address via U.S. mail, postage prepaid, on April 29, 2008:

TO:  ERIC A. SEITZ, ESQ.
LAWRENCE I. KAWASAKI, ESQ.
820 Mililani Street, Suite 714
Honolulu, Hawaii 96813

Attorneys for Third-Party
Defendant Gary W. Rodrigues

AND

JAMES E.T. KOSHIBA, ESQ.
CHARLES A. PRICE, ESQ.
KOSHIBA AGENA & KUBOTA
2600 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

Attorneys for Defendant
UPW, AFSCME, LOCAL 646, AFL-CIO

DATED:  Honolulu, Hawaii, April 29, 2008.

_____
CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
JEANNE K. ENDO

2