CLAYTON C. IKEI
Attorney at Law
A Law Corporation

CLAYTON C. IKEI      1260
JERRY P.S. CHANG     6671
1440 Kapiolani Boulevard, Suite 1203
Honolulu, Hawaii 96814
Telephone: (808) 533-3777
Facsimile: (808) 521-7245
Email: CCIOffice@hawaii.rr.com

Attorneys for Plaintiff
JEANNE K. ENDO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO,<br><br>        Defendant.<br><br>UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>GARY W. RODRIGUES,<br><br>    Third-Party Defendant. | CIVIL NO. 03-00563 LEK<br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THIRD-PARTY DEFENDANT GARY W. RODRIGUES' FIFTH MOTION IN LIMINE TO BAR ALL TESTIMONY OR EVIDENCE OF DEFENDANT'S ALLEGED RELATIONSHIP WITH WOMEN OTHER THAN PLAINTIFF; CERTIFICATE OF SERVICE<br><br><br><br><br><br><br>TRIAL DATE: May 13, 2008 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THIRD-PARTY
DEFENDANT GARY W. RODRIGUES' FIFTH MOTION IN LIMINE TO
BAR ALL TESTIMONY OR EVIDENCE OF DEFENDANT'S ALLEGED
<u>RELATIONSHIP WITH WOMEN OTHER THAN PLAINTIFF</u>**

I.  **INTRODUCTION**

Plaintiff Jeanne K. Endo, by and through her counsel, hereby submits her Memorandum in Opposition to Third-party Defendant Gary W. Rodrigues' Fifth Motion in Limine to Bar All Testimony or Evidence of Defendant's Alleged Relationship with Women Other than Plaintiff.

Rodrigues' Motion essentially contends that any testimony or evidence of his alleged relationships with women other than Plaintiff, or Georgetta Chock (only if they testify concerning their own respective relationship), are irrelevant, inadmissible hearsay, and should be excluded under Federal Rules of Evidence 403 and 404(b).

II. **ARGUMENT**

   A.  **Federal Rules of Evidence ("FRE"), Generally**

   FRE 401, Definition of "Relevant Evidence," states:

   > "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

   FRE 402, Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible, states:

   > All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

2

FRE 403, Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time, states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

FRE 404, Character Evidence Not Admissible To Prove Conduct; Exceptions; Other Crimes, states in part:

> (a) Character evidence generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
> (1) Character of accused. Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same, or if evidence of a trait of character of the alleged victim of the crime is offered by an accused and admitted under Rule 404 (a)(2), evidence of the same trait of character of the accused offered by the prosecution;
> (2) Character of alleged victim. Evidence of a pertinent trait of character of the alleged victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the alleged victim offered by the prosecution in a homicide case to rebut evidence that the alleged victim was the first aggressor;
> (3) Character of witness. Evidence of the character of a witness, as provided in rules 607, 608, and 609.
>
> (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. *It may, however, be admissible for*

*other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident*, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

FRE Rule 801.  Definitions, states in part:

The following definitions apply under this article:

(a) Statement. A "statement" is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion.

(b) Declarant. A "declarant" is a person who makes a statement.
(c) Hearsay. "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.
(d) Statements which are not hearsay. A statement is not hearsay if:  (1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, or (C) one of identification of a person made after perceiving the person; or
   (2) Admission by party-opponent. The statement is offered against a party and is (A) the party's own statement in either an individual or a representative capacity or

4

>    (B) a statement of which the party has
>    manifested an adoption or belief in its
>    truth, or (C) a statement by a person
>    authorized by the party to make a statement
>    concerning the subject, or (D) a statement by
>    the party's agent or servant concerning a
>    matter within the scope of the agency or
>    employment, made during the existence of the
>    relationship, or (E) a statement by a
>    coconspirator of a party during the course
>    and in furtherance of the conspiracy. The
>    contents of the statement shall be considered
>    but are not alone sufficient to establish the
>    declarant's authority under subdivision (C),
>    the agency or employment relationship and
>    scope thereof under subdivision (D), or the
>    existence of the conspiracy and the
>    participation therein of the declarant and
>    the party against whom the statement is
>    offered under subdivision (E).

**B.  Evidence Regarding Rodrigues' Relationships with UPW Female Employees Other than Plaintiff Is Relevant to Her Claims of Being Subjected to a Hostile Work Environment**

In Henye v. Caruso, 69 F.3d 1475 (9th Cir. 1995), plaintiff sued her employer for sexual harassment under Title VII. On appeal, plaintiff contends that the district court erred in excluding the testimonies of other female employees that were harassed by the employer in order to show that the employer's proffered reason for terminating plaintiff was pretextual. Id. at 1477-1478.

The Ninth Circuit in Henye determined that the district court erred in excluding such evidence. It stated that it is clear that an employer's conduct tending to demonstrate hostility towards a certain group is both relevant and admissible where the

employer's general hostility towards that group is the true reason behind firing an employee who is a member of that group. Id. at 1479. There will seldom be eyewitness testimony as to the employer's mental processes. Evidence of prior acts of discrimination is relevant to an employer's motive in discharging a plaintiff, even where this evidence is not extensive enough to establish discriminatory animus by itself. Id. at 1480.

Moreover, evidence of an employer's sexual harassment of female employees other than the plaintiff and evidence of the employer's disparaging remarks about women in general were relevant to a discriminatory discharge claim which alleged that the plaintiff's discharge was motivated by the employer's general feeling of hostility towards women. Id. at 1480.

The Ninth Circuit in Henye also noted that the employer's alleged sexual harassment of other employees cannot be used to prove that the employer propositioned plaintiff on the night before she was fired. Id. at 1480, citing, Fed. R.Evid. 404(b). However, evidence of employer's sexual harassment of other female workers may be used, to prove his motive or intent in discharging plaintiff. The sexual harassment of others, if shown to have occurred, is relevant and probative of employer's general attitude of disrespect toward his female employees, and his sexual objectification of them. That attitude is relevant to the

6

question of Caruso's motive for discharging plaintiff. Id. at 1480.

Moreover, the probative value of the employer's sexual harassment of other female employees is especially high because of the inherent difficulty of proving state of mind. There is no unfair prejudice, however, if the jury were to believe that an employer's sexual harassment of other female employees made it more likely that an employer viewed his female workers as sexual objects, and that, in turn, convinced the jury that an employer was more likely to fire an employee in retaliation for her refusal of his sexual advances. There is a direct link between the issue before the jury, the employer's motive behind firing the plaintiff, and the factor on which the jury's decision is based, the employer's harassment of other female employees. Id. at 1481.

The Ninth Circuit in Henye state that the district court may provide safeguards to any potential unfair prejudice, such as a limiting jury instruction to the effect that the sexual harassment testimony is to be considered only for the determination of the employer's motive. Id. at 1481.

In Garvey v. Dickinson College, 763 F.Supp. 799 (M.D. Pa. 1991), plaintiff employee alleged that she was subjected to sexual harassment and discrimination by her employer, her supervisor and the college dean. Defendants sought to exclude

7

evidence about the supervisor's alleged harassment of students and other female staff members.  They argued that such evidence is irrelevant to the issues before the court, and its probative value is outweighed by its prejudicial tendencies under FRE 403. Id. at 801.

The court in Garvey noted that in an employment discrimination case, one element of the plaintiff's case is showing that she was intentionally discriminated in the workplace.  To prove intentional discrimination, she must show state of mind.  State of mind can be proven through circumstantial evidence such as evidence of past conduct or prior incidents.  Id. at 801 (citations omitted).

Although evidence of character traits or prior wrongs is generally inadmissible to show that a person acted in conformity therewith on a particular occasion, FRE 404 permits the use of such evidence to prove motive or intent.  Evidence of the supervisor's alleged harassment of others is clearly relevant because it tends to show his attitude toward women and his treatment of them at the college.  Id. at 801.

The court in Garvey noted that such evidence is subject to the balancing requirements of FRE 403, but such rulings are best made at the time of trial when the court has all relevant considerations before it.  Id. at 802.

In <u>Waterson v. Plank Road Motel Corp.</u>, 43 F.Supp. 2d 284 (N.D. N.Y. 1999), plaintiff, a hotel employee, alleged that she was subjected to sexual harassment and was terminated under false pretenses pursuant to a discriminatory purpose. Defendants moved to bar testimony of Malinowski, a former employee, who would have testified as to her own experiences of alleged sexual harassment and discrimination as irrelevant. Moreover, Malinowski filed her own complaint against defendants which she settled and about which signed a nondisclosure agreement. <u>Id.</u> at 287.

The court in <u>Waterson</u> noted that one of the critical issues in a hostile work environment claim is the nature of the work environment itself. Several courts have held that evidence of discriminatory conduct directed at other employees is relevant in establishing a generally hostile environment and intent to create such an environment. <u>Id.</u> at 288 (citations omitted). Thus, it was clear that Malinowski's testimony was relevant in showing the defendant's discriminatory attitude toward women as well as demonstrating a generally hostile work environment permeated with ridicule and insult. <u>Id.</u>

Also Malinowski's nondisclosure agreement only precluded disclosures of the terms of the settlement of the parties, not the circumstances giving rise to the complaint. <u>Id.</u> at 287 n.1. Defendants failed to show how the probative value of Malinowski's

9

testimony was substantially outweighed by the danger of unfair prejudice or confusion of issues. Id. at 287.

Here, Plaintiff seeks to provide evidence and testimony regarding Rodrigues' relationships with other UPW female employees. Also, Plaintiff intends to give testimony as to her observations of Rodrigues relationships towards other female UPW employees such as Merlene Akau and Tani Olaso (at the time, Tani Akiona). In addition, Plaintiff seeks to testify as to what Ms. Akau told her regarding being sexually harassed by Rodrigues.

Also, as the hearsay under the Federal Rules of Evidence pertains to "statements." See, FRE 801. Plaintiff contends that such evidence or testimony describing the relationships Rodrigues had with other female UPW employees would not be hearsay.

Rodirgues contends that evidence of his relationships with Chock or Olaso are distinguishable to this case as their relationships with Rodrigues were consensual. However, Chock is expected to testify that after their consensual relationship ended, she was subjected to sexual harassment by Rodrigues and filed a complaint against him and the UPW which was subsequently settled.

As noted above, the courts have held that evidence of sexual harassment of other female employees is relevant to support a claim of sexual harassment under FRE 401 and 404. Moreover, the courts do not consider the probative value of such evidence

outweighed the danger of unfair prejudice or confusion of the issues under FRE 403.

Thus, Plaintiff contends that she should be permitted to introduce evidence or testimony regarding Rodrigues' relationships with other UPW female employees.

### III. CONCLUSION

Therefore, for the foregoing reasons, Plaintiff requests that the Court denies Rodrigues' Motion.

DATED:  Honolulu, Hawaii, April 29, 2008.

                                   _____
                                   CLAYTON C. IKEI
                                   JERRY P.S. CHANG

                                   Attorneys for Plaintiff
                                   JEANNE K. ENDO

11

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO, | ) CIVIL NO. 03-00563 LEK |
| | ) |
| Plaintiff, | ) CERTIFICATE OF SERVICE |
| | ) |
| v. | ) |
| | ) |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GARY W. RODRIGUES, | ) |
| | ) |
| Third-Party Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was duly served upon the following parties at their last known address via U.S. mail, postage prepaid, on April 29, 2008:

        TO:    ERIC A. SEITZ, ESQ.
                 LAWRENCE I. KAWASAKI, ESQ.
                 820 Mililani Street, Suite 714
                 Honolulu, Hawaii 96813

                 Attorneys for Third-Party
                 Defendant Gary W. Rodrigues

AND

JAMES E.T. KOSHIBA, ESQ.
CHARLES A. PRICE, ESQ.
KOSHIBA AGENA & KUBOTA
2600 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

Attorneys for Defendant
UPW, AFSCME, LOCAL 646, AFL-CIO

DATED: Honolulu, Hawaii, April 29, 2008.

_____
CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
JEANNE K. ENDO