CLAYTON C. IKEI
Attorney at Law
A Law Corporation

CLAYTON C. IKEI      1260
JERRY P.S. CHANG     6671
1440 Kapiolani Boulevard, Suite 1203
Honolulu, Hawaii 96814
Telephone: (808) 533-3777
Facsimile: (808) 521-7245
Email: CCIOffice@hawaii.rr.com

Attorneys for Plaintiff
JEANNE K. ENDO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO,<br><br>       Plaintiff,<br><br>   v.<br><br>UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO,<br><br>       Defendant.<br><br>UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO,<br><br>   Third-Party Plaintiff,<br><br>   v.<br><br>GARY W. RODRIGUES,<br><br>   Third-Party Defendant. | CIVIL NO. 03-00563 LEK<br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THIRD-PARTY DEFENDANT GARY W. RODRIGUES' SIXTH MOTION IN LIMINE TO BAR ALL OPINION TESTIMONY BY WITNESSES AS TO WHETHER DEFENDANT ENGAGED IN SEXUAL HARASSMENT OF PLAINTIFF; CERTIFICATE OF SERVICE<br><br><br><br><br><br><br><br>TRIAL DATE: May 13, 2008 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THIRD-PARTY
DEFENDANT GARY W. RODRIGUES' SIXTH MOTION IN LIMINE TO
BAR ALL OPINION TESTIMONY BY WITNESSES AS TO WHETHER
DEFENDANT ENGAGED IN SEXUAL HARASSMENT OF PLAINTIFF**

I.  INTRODUCTION

Plaintiff Jeanne K. Endo, by and through her counsel, hereby submits her Memorandum in Opposition to Third-Party Defendant Gary W. Rodrigues' Sixth Motion in Limine to Bar All Opinion Testimony by Witnesses as to Whether Defendant Engaged in Sexual Harassment of Plaintiff.

Rodrigues' Motion essentially contends that at the oral depositions of Dayton Nakanelua and Clifford T. Uwaine, both individuals were asked whether they believed that Rodrigues sexually harassed Plaintiff. Both individuals admitted that they have no personal knowledge of these claims. Rodrigues contends that there is no evidence showing that any witness has personal knowledge of whether Rodrigues ever sexually harassed Plaintiff. Thus, any opinion testimony by witnesses as to whether Rodrigues sexually harassed Plaintiff is barred under Federal Rules Evidence ("FRE") 602 and 701, and should be excluded under FRE 403 and 404(b).

II.  ARGUMENT

   A.  FRE, Generally

FRE 403, Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time, states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay,

waste of time, or needless presentation of cumulative evidence.

FRE 404, Character Evidence Not Admissible To Prove Conduct; Exceptions; Other Crimes, states in part:

> (a) Character evidence generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
> (1) Character of accused. Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same, or if evidence of a trait of character of the alleged victim of the crime is offered by an accused and admitted under Rule 404 (a)(2), evidence of the same trait of character of the accused offered by the prosecution;
> (2) Character of alleged victim. Evidence of a pertinent trait of character of the alleged victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the alleged victim offered by the prosecution in a homicide case to rebut evidence that the alleged victim was the first aggressor;
> (3) Character of witness. Evidence of the character of a witness, as provided in rules 607, 608, and 609.
>
> (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. *It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident*, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the

general nature of any such evidence it
intends to introduce at trial.

FRE 602, Lack of Personal Knowledge, states:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of rule 703, relating to opinion testimony by expert witnesses.

FRE 701, Opinion Testimony by Lay Witnesses,

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

**B.  Plaintiff Should Be Permitted to Present Evidence as to the Rodrigues Conduct Reflecting the Control He Had over the UPW, Which Is Relevant to Her Claim of a Hostile Work Environment**

Plaintiff contends that testimonies from UPW employees and official, such as Mr. Nakanelua and Mr. Uwaine, as to their observations of how Rodrigues conducted himself at UPW and his interaction with the female employees, including Plaintiff, are relevant to establish Plaintiff's claims of being subjected to a hostile work environment.

4

Moreover, such testimonies are relevant to show that Rodrigues held so much control over the UPW that even the UPW's parent organization recognized the control Rodrigues held when it decided place the UPW under administratorship, suspend and remove Rodrigues after his criminal conviction.[1]

Thus, Plaintiff contends she should be permitted to introduce evidence or testimony as to witnesses observations of Rodrigues' conduct within the UPW, and his interactions with the female employees, including Plaintiff.

### III. CONCLUSION

Therefore, for the foregoing reasons, Plaintiff requests that the Court denies Rodrigues' Motion.

DATED: Honolulu, Hawaii, April 29, 2008.

_____
CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
JEANNE K. ENDO

---

[1] Plaintiff notes that she filed a Motion in Limine to Admit Evidence Regarding Third-party Defendant Gary W. Rodrigues' Removal from United Public Workers, AFSCME LOCAL 646, AFL-CIO and incorporates by reference the factual and legal arguments therein.

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO, | ) CIVIL NO. 03-00563 LEK |
| | ) |
| Plaintiff, | ) CERTIFICATE OF SERVICE |
| | ) |
| v. | ) |
| | ) |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GARY W. RODRIGUES, | ) |
| | ) |
| Third-Party Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was duly served upon the following parties at their last known address via U.S. mail, postage prepaid, on April 29, 2008:

TO: ERIC A. SEITZ, ESQ.
LAWRENCE I. KAWASAKI, ESQ.
820 Mililani Street, Suite 714
Honolulu, Hawaii 96813

Attorneys for Third-Party
Defendant Gary W. Rodrigues

AND

```
                JAMES E.T. KOSHIBA, ESQ.
                CHARLES A. PRICE, ESQ.
                KOSHIBA AGENA & KUBOTA
                2600 Pauahi Tower
                1001 Bishop Street
                Honolulu, Hawaii 96813

                Attorneys for Defendant
                UPW, AFSCME, LOCAL 646, AFL-CIO
```

DATED: Honolulu, Hawaii, April 29, 2008.

```
                _____
                CLAYTON C. IKEI
                JERRY P.S. CHANG

                Attorneys for Plaintiff
                JEANNE K. ENDO
```

2