ORIGINAL

CLAYTON C. IKEI
Attorney at Law
A Law Corporation

CLAYTON C. IKEI        1260
JERRY P.S. CHANG       6671
1440 Kapiolani Boulevard, Suite 1203
Honolulu, Hawaii 96814
Telephone: (808) 533-3777
Facsimile: (808) 521-7245
Email: CCIOffice@hawaii.rr.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 29 2008

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

Attorneys for Plaintiff
JEANNE K. ENDO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO,<br><br>    Defendant.<br><br>UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>GARY W. RODRIGUES,<br><br>    Third-Party Defendant. | CIVIL NO. 03-00563 LEK<br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THIRD-PARTY DEFENDANT GARY W. RODRIGUES' SEVENTH MOTION IN LIMINE TO BAR ALL OPINION TESTIMONY BY WITNESSES ON WHETHER DEFENDANT "CONTROLLED" THE UPW, ITS STATE EXECUTIVE BOARD, OR ITS EXECUTIVE COMMITTEE; CERTIFICATE OF SERVICE<br><br>TRIAL DATE: May 13, 2008 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THIRD-PARTY DEFENDANT
GARY W. RODRIGUES' SEVENTH MOTION IN LIMINE TO BAR ALL OPINION
TESTIMONY BY WITNESSES ON WHETHER DEFENDANT "CONTROLLED" THE UPW,
ITS STATE EXECUTIVE BOARD, OR ITS EXECUTIVE COMMITTEE**

I.  **INTRODUCTION**

Plaintiff Jeanne K. Endo, by and through her counsel, hereby submits her Memorandum in Opposition to Third-Party Defendant Gary W. Rodrigues' Seventh Motion in Limine to Bar All Opinion Testimony by Witnesses on Whether Defendant "Controlled" the UPW, its State Executive Board, or its Executive Committee.

Rodrigues' Motion essentially contends that any evidence of whether Rodrigues "controlled" the UPW in any manner is speculative, vague and unrelated to his matter, and thus, irrelevant. Also, such evidence should be excluded under Federal Rules of Evidence ("FRE") 403.

Plaintiff notes that she filed a Motion in Limine Admit Evidence Regarding Third-party Defendant Gary W. Rodrigues' Removal from United Public Workers, AFSCME Local 646, AFL-CIO ("Plaintiff's Removal MIL") and incorporates by reference the factual and legal arguments therein.

II. **ARGUMENT**

  A.  **FRE, Generally**

FRE 401, Definition of "Relevant Evidence," states:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

FRE 402, Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible, states:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

FRE 404, Character Evidence Not Admissible To Prove Conduct; Exceptions; Other Crimes, states:

> (a) Character evidence generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except: (1) Character of accused. In a criminal case, evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same, or if evidence of a trait of character of the alleged victim of the crime is offered by an accused and admitted under Rule 404(a)(2), evidence of the same trait of character of the accused offered by the prosecution; (2) Character of alleged victim. In a criminal case, and subject to the limitations imposed by Rule 412, evidence of a pertinent trait of character of the alleged victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the alleged victim offered by the prosecution in a homicide case to rebut evidence that the alleged victim was the first aggressor; (3) Character of witness. Evidence of the character of a witness, as provided in Rules 607, 608, and 609.
>
> (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for

>other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

**B. Plaintiff Should Be Allowed to Present Evidence or Testimony as to the "Control" Rodrigues Held over the UPW to Support Her Claim of Being Subject to a Hostile Work Environment and Reprisal**

On November 19, 2002, Rodrigues was convicted by a jury in the U.S. District Court for the District of Hawaii on 101 federal charges of fraud and swindles (mail fraud), 18 U.S.C. § 1341 (counts 1-50), embezzlement of assets, 29 U.S.C. § 501 (counts 51-55), health care fraud, 18 U.S.C. § 1347 (count 56), money laundering-interstate commerce, 18 U.S.C. § 1956 (counts 57-100), and employee benefits fraud, 18 U.S.C. § 1954 (count 102), in Criminal No. 01-00078 DAE. On September 30, 2003, the Court sentenced Rodrigues to imprisonment of 60 months as to Counts 1-55, 64 months as to Counts 56-100, and 36 months as to Count 102, with all such terms to run concurrently, supervised release for 3 years as to Counts 1-100 and 1 year as to Count 102, with all such terms to run concurrently. Additionally, Rodrigues owes $378,103.63 to UPW for restitution, and a $50,000.00 fine, among other things.

After the verdict, George Yasumoto ("Yasumoto"), UPW's State President, informed the members of UPW's Executive Board ("Board") that he was calling a special meeting at 10:00 a.m. on November 22, 2002 for the purpose of suspending Rodrigues from office on the basis of the jury verdict. Almost immediately after Yasumoto gave his notice, Rodrigues notified the Board through his deputy, Dwight Takeno, that he was calling a special meeting of the Board that same day at 9:00 a.m. to have it confirm his continuation in office pending sentencing. (See, Plaintiff's Removal MIL, Ex. "A" at 4.)

When AFSCME International President Gerald W. McEntee ("Pres. McEntee") learned of these developments at UPW, he immediately acted to suspend Rodrigues as UPW State Director pursuant to Article V, Section 13 of the International Constitution. The letter notifying Rodrigues of his suspension was faxed to him at UPW headquarters at around noon, local time, on November 21, 2002. Id. at 4.

Upon learning of Rodrigues' suspension, Yasumoto decided to cancel the special Board meeting scheduled for November 22, and attempted to advise the Board members of the cancellation. On the morning of November 22, Yasumoto learned that UPW's staff was countermanding his cancellation of the Board meeting. Yasumoto contacted the International Union to find out whether he had the authority to cancel the special Board meeting. Pres. McEntee

responded in a letter faxed before the special meeting that Yasumoto had the authority to cancel the meeting. Id. at 5.

Despite Yasumoto's attempt to tell the Board members outside UPW headquarters that the meeting was cancelled, Rodrigues told the members to enter the building and proceed with the meeting. The Board called an informational meeting, and created a new agenda in which it voted to suspend Yasumoto for leaving the meeting and approved Rodrigues recommendation to appoint his deputy, Dwight Takeno, as his successor. Id. at 5-9.

On December 5, 2002, Pres. McEntee placed the UPW under administratorship pursuant to Article IX, Section 36 of the International Constitution. The primary reasons for the administratorship were:

> (1) Rodrigues' continued involvement in, and influence over the affairs of UPW after he was found guilty of more than 100 crimes against the union and its members and despite the fact that he had been suspended from office by President McEntee; (2) constitutional violations committed by UPW in the course of the November 22 meeting of the board; and (3) the threat that the funds of UPW would be further dissipated as a result, as well as by the payment of Rodrigues' claims for almost $700,000 in vacation and sick leave. Ample evidence was presented to support all of these reasons.

Id. at 1, 11-12.

Pursuant to the International Constitution, the matter was referred to the Judicial Panel for hearing in Case No. 02-121. Id. at 1. On June 4, 2003, the Judicial Panel issued its

6

decision which affirmed Pres. McEntee's decision to impose administratorship over the UPW.  <u>Id.</u> at 18.

Plaintiff contends that evidence or testimony on whether Rodrigues "controlled" the UPW in any matter is relevant to the issue of Rodrigues' credibility.  Also, evidence reflecting that Rodrigues held extensive control over the UPW, which Pres. McEntee and the Judicial Panel recognized, is relevant to establish that Plaintiff was subject to a hostile work environment and reprisal for her protected EEO activity by Rodrigues, and that the UPW was unable to rectify the matter on its own.

### III. CONCLUSION

Therefore, for the foregoing reasons, Plaintiff requests that the Court denies Rodrigues' Motion.

DATED:  Honolulu, Hawaii, April 29, 2008.

_____
CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
JEANNE K. ENDO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO, | ) CIVIL NO. 03-00563 LEK |
| | ) |
| Plaintiff, | ) CERTIFICATE OF SERVICE |
| | ) |
| v. | ) |
| | ) |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GARY W. RODRIGUES, | ) |
| | ) |
| Third-Party Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was duly served upon the following parties at their last known address via U.S. mail, postage prepaid, on April 29, 2008:

        TO:    ERIC A. SEITZ, ESQ.
                 LAWRENCE I. KAWASAKI, ESQ.
                 820 Mililani Street, Suite 714
                 Honolulu, Hawaii 96813

                 Attorneys for Third-Party
                 Defendant Gary W. Rodrigues

AND

```
                JAMES E.T. KOSHIBA, ESQ.
                CHARLES A. PRICE, ESQ.
                KOSHIBA AGENA & KUBOTA
                2600 Pauahi Tower
                1001 Bishop Street
                Honolulu, Hawaii 96813

                Attorneys for Defendant
                UPW, AFSCME, LOCAL 646, AFL-CIO
```

DATED:   Honolulu, Hawaii, April 29, 2008.

```
                _____
                CLAYTON C. IKEI
                JERRY P.S. CHANG

                Attorneys for Plaintiff
                JEANNE K. ENDO
```