CLAYTON C. IKEI
Attorney at Law
A Law Corporation

CLAYTON C. IKEI      1260
JERRY P.S. CHANG     6671
1440 Kapiolani Boulevard, Suite 1203
Honolulu, Hawaii 96814
Telephone: (808) 533-3777
Facsimile: (808) 521-7245
Email: CCIOffice@hawaii.rr.com

Attorneys for Plaintiff
JEANNE K. ENDO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO, | ) CIVIL NO. 03-00563 LEK |
| Plaintiff, | ) PLAINTIFF'S MEMORANDUM IN ) OPPOSITION TO THIRD-PARTY |
| v. | ) DEFENDANT GARY W. RODRIGUES' ) EIGHTH MOTION IN LIMINE TO BAR |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) ANY EVIDENCE REGARDING AN ) ARTICLE CRITICAL OF PLAINTIFF |
| Defendant. | ) WHICH CLIFFORD T. UWAINE WROTE ) PURPORTEDLY AT RODRIGUES' ) REQUEST; CERTIFICATE OF SERVICE |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| GARY W. RODRIGUES, | ) |
| Third-Party Defendant. | ) |
| | TRIAL DATE: May 13, 2008 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THIRD-PARTY DEFENDANT
GARY W. RODRIGUES' EIGHTH MOTION IN LIMINE TO BAR ANY EVIDENCE
REGARDING AN ARTICLE CRITICAL OF PLAINTIFF WHICH CLIFFORD T.
UWAINE WROTE PURPORTEDLY AT RODRIGUES' REQUEST**

Plaintiff Jeanne K. Endo, by and through her counsel, hereby submits her Memorandum in Opposition to Third-Party Defendant Gary W. Rodrigues' Eighth Motion in Limine to Bar Any Evidence Regarding an Article Critical of Plaintiff Which Clifford T. Uwaine Wrote Purportedly at Rodrigues' Request.

Rodrigues essentially contends that during Plaintiff's deposition, she stated that after she initially filed her EEOC complaint in April 2002, she believed that Rodrigues attempted to retaliate against her when he instructed Uwaine to write a news article for the UPW newspaper which was critical of Plaintiff's work for the purpose of terminating her. Plaintiff testified that Uwaine told her this. The article was never published.

Rodrigues also contends that during Uwaine's deposition, that after Plaintiff filed her complaint in April 2002, he saw no indication of Plaintiff being treated differently by Rodrigues in connection with the work Plaintiff performed for his division, and had no knowledge how Rodrigues treated Plaintiff at work otherwise. Also, Uwaine testified that when Rodrigues asked him to write the news article, Rodrigues made no reference to Plaintiff's complaint, and no reference to terminating Plaintiff, but Uwaine assumed that Rodrigues had that intent when he requested the article be written.

Rodrigues thus contends such testimony should be excluded under Federal Rules of Evidence ("FRE") 403, 404(b), 602 and 701.

## II. ARGUMENT

### A. FRE, Generally

FRE 403, Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time, states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

FRE 404, Character Evidence Not Admissible To Prove Conduct; Exceptions; Other Crimes, states in part:

> (a) Character evidence generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
> (1) Character of accused. Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same, or if evidence of a trait of character of the alleged victim of the crime is offered by an accused and admitted under Rule 404 (a)(2), evidence of the same trait of character of the accused offered by the prosecution;
> (2) Character of alleged victim. Evidence of a pertinent trait of character of the alleged victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the alleged victim offered by the prosecution in a homicide case to rebut evidence that the alleged victim was the first aggressor;
> (3) Character of witness. Evidence of the character of a witness, as provided in rules 607, 608, and 609.

3

> (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. *It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident*, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

FRE 602, Lack of Personal Knowledge, states:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of rule 703, relating to opinion testimony by expert witnesses.

FRE 701, Opinion Testimony by Lay Witnesses, states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

\\

\\

B.  **Evidence or Testimony Regarding Rodrigues' Insturction to Uwaine to Prepare the Critical New Article Is Relevant to Plaintiff's Reprisal Claim**

In a reprisal claim under Title VII, a plaintiff establishes a prima facie case of reprisal by showing: (1) she engaged in protected activity; (2) she was subjected to an adverse employment action; and (3) a causal link between the protected activity and adverse employment action. See, Ray v. Henderson, 217 F.3d 1234, 1241 (9th Cir. 2000). If a plaintiff has asserted a prima facie retaliation claim, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its decision. Ray, 217 F.3d at 1240. If the defendant articulates such a reason, the plaintiff bears the ultimate burden of demonstrating that the reason was merely a pretext for a discriminatory motive. Id.

Additionally, in Porter v. California Dept. of Corrections, 383 F.3d 1018 (9th Cir. 2004), the Ninth Circuit stated that causality is not dependant, as a matter of law, on temporal proximity. Although a lack of temporal proximity may make it more difficult to show causation, "circumstantial evidence of a 'pattern of antagonism' following the protected conduct can also give rise to the inference." Porter, 383 F.3d at 1029. It stated:

> It is important to emphasize that it is causation, not temporal proximity itself, that is an element of plaintiff's prima facie case, and temporal proximity merely provides

5

>an evidentiary basis from which an inference can be drawn. The element of causation, which necessarily involves an inquiry into the motives of an employer, is highly context-specific. When there may be valid reasons why the adverse employment action was not taken immediately, the absence of immediacy between the cause and effect does not disprove causation.

Id. at 1030 (quoting, Kachmar v. SunGard Data Sys., Inc., 109 F.3d 173, 178 (3rd Cir. 1997)).

In Black v. City & County of Honolulu, 112 F.Supp. 2d 1041 (D. Haw. 2000), the court stated that refusal of sexual advances is sufficient to constitute protected activity under Title VII. Id. at 1049, citing, Fleming v. South Carolina Dept. of Corrections, 952 F.Supp. 283 (D. S.C. 1996). The Ninth Circuit has stated that a wide array of disadvantageous changes in the workplace constitute adverse employment actions, and thus has taken a broad view of what may constitute an adverse employment action. Ray, 217 F.3d at 1240-1244; See also, EEOC Compliance Manual § 8, Retaliation, ¶ 8008 (1998) ("Adverse employment action" means "any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in protected activity.") For instance, the transfer of job duties or issuance of a sub-average performance rating may constitute an adverse action. Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir. 1987).

Here, Plaintiff contends after she filed her EEOC complaint, she was subjected to retaliation by Rodrigues. The first incident being Rodrigues instructing Uwaine to write the article for the Union newspaper disparaging Plaintiff's job performance. Although Defendants contend that the article was never published, Plaintiff contends that as Rodrigues instructed Uwaine to prepare the negative article about Plaintiff which he did, constitutes unlawful reprisal.

Thus, Plaintiff contends that she should be allowed to introduce evidence regarding Rodrigues' instructing Uwaine to write and publish the negative article about Plaintiff in the UPW newspaper.

## III. CONCLUSION

Therefore, for the foregoing reasons, Plaintiff requests that the Court denies Rodrigues' Motion.

DATED: Honolulu, Hawaii, April 29, 2008.

_____
CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
JEANNE K. ENDO

```
            IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII
```

JEANNE K. ENDO,                    ) CIVIL NO. 03-00563 LEK
                                   )
            Plaintiff,             ) CERTIFICATE OF SERVICE
                                   )
      v.                           )
                                   )
UNITED PUBLIC WORKERS, AFSCME      )
LOCAL 646, AFL-CIO,                )
                                   )
            Defendant.             )
                                   )
                                   )
UNITED PUBLIC WORKERS,             )
AFSCME LOCAL 646, AFL-CIO,         )
                                   )
      Third-Party Plaintiff,       )
                                   )
      v.                           )
                                   )
GARY W. RODRIGUES,                 )
                                   )
      Third-Party Defendant.       )

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was duly served upon the following parties at their last known address via U.S. mail, postage prepaid, on April 29, 2008:

        TO:  ERIC A. SEITZ, ESQ.
             LAWRENCE I. KAWASAKI, ESQ.
             820 Mililani Street, Suite 714
             Honolulu, Hawaii 96813

             Attorneys for Third-Party
             Defendant Gary W. Rodrigues

AND

```
               JAMES E.T. KOSHIBA, ESQ.
               CHARLES A. PRICE, ESQ.
               KOSHIBA AGENA & KUBOTA
               2600 Pauahi Tower
               1001 Bishop Street
               Honolulu, Hawaii 96813

               Attorneys for Defendant
               UPW, AFSCME, LOCAL 646, AFL-CIO

DATED:  Honolulu, Hawaii, April 29, 2008.


                              _____
                              CLAYTON C. IKEI
                              JERRY P.S. CHANG

                              Attorneys for Plaintiff
                              JEANNE K. ENDO
```