ORIGINAL

CLAYTON C. IKEI
Attorney at Law
A Law Corporation

CLAYTON C. IKEI    1260
JERRY P.S. CHANG   6671
1440 Kapiolani Boulevard, Suite 1203
Honolulu, Hawaii 96814
Telephone: (808) 533-3777
Facsimile: (808) 521-7245
Email: CCIOffice@hawaii.rr.com

Attorneys for Plaintiff
JEANNE K. ENDO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO, | CIVIL NO. 03-00563 LEK |
| Plaintiff, | PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THIRD-PARTY DEFENDANT GARY W. RODRIGUES' NINTH MOTION IN LIMINE TO BAR ALL TESTIMONY CONCERNING WORK PERFORMED ON A PROPERTY IN BEND, OREGON; CERTIFICATE OF SERVICE |
| v. | |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | |
| Defendant. | |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | |
| Third-Party Plaintiff, | |
| v. | |
| GARY W. RODRIGUES, | |
| Third-Party Defendant. | |
| | TRIAL DATE: May 13, 2008 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THIRD-PARTY DEFENDANT GARY W. RODRIGUES' NINTH MOTION IN LIMINE TO BAR ALL TESTIMONY CONCERNING WORK PERFORMED ON A PROPERTY IN BEND, OREGON**

I.  **INTRODUCTION**

Plaintiff Jeanne K. Endo, by and through her counsel, hereby submits her Memorandum in Opposition to Third-party Defendant Gary W. Rodrigues' Ninth Motion in Limine to Bar All Testimony Concerning Work Performed on a Property in Bend, Oregon.

Rodrigues' Motion notes that during the depositions of Dayton Nakanelua and Clifford Uwaine they testified they performed work on several occasions on a property the UPW owned in Bend, Oregon, at Rodrigues' direction. The UPW employees who worked on the property understood that it belonged to UPW; however, Rodrigues allegedly owned all or some portion of the property. Nakanelua asserted that these incidents showed Rodrigues was dishonest because Rodrigues allegedly asked him to fill out a vacation time slip for the trip.

Rodrigues contends that any testimony concerning work performed on the subject property is irrelevant to this matter, and be excluded under Federal Rules of Evidence ("FRE") 403 and 404(b).

A.  **FRE, Generally**

FRE 401, Definition of "Relevant Evidence," states:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

FRE 402, Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible, states:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

FRE 403, Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time, states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

FRE 404, Character Evidence Not Admissible To Prove Conduct; Exceptions; Other Crimes, states in part:

> (a) Character evidence generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
>     (1) Character of accused. Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same, or if evidence of a trait of character of the alleged victim of the crime is offered by an accused and admitted under Rule 404 (a)(2), evidence of the same trait of character of the accused offered by the prosecution;
>     (2) Character of alleged victim. Evidence of a pertinent trait of character of the alleged victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the alleged victim offered by

>    the prosecution in a homicide case to rebut
>    evidence that the alleged victim was the
>    first aggressor;
>        (3) Character of witness. Evidence of the
>    character of a witness, as provided in rules
>    607, 608, and 609.
>
>    (b) Other crimes, wrongs, or acts. Evidence
>    of other crimes, wrongs, or acts is not
>    admissible to prove the character of a person
>    in order to show action in conformity
>    therewith. *It may, however, be admissible for
>    other purposes, such as proof of motive,
>    opportunity, intent, preparation, plan,
>    knowledge, identity, or absence of mistake or
>    accident*, provided that upon request by the
>    accused, the prosecution in a criminal case
>    shall provide reasonable notice in advance of
>    trial, or during trial if the court excuses
>    pretrial notice on good cause shown, of the
>    general nature of any such evidence it
>    intends to introduce at trial.

**B.   Evidence Regarding Work Done on the Bend, Oregon Property at Rodrigues' Direction Is Relevant to the Control Rodrigues Held in the UPW**

Plaintiff contends that evidence regarding work done by UPW employees and officers is relevant to show the credibility of Rodrigues, as well as to show the extensive control he held over the UPW.[1] Plaintiff also contends that evidence showing the extensive control over the UPW is relevant to Plaintiff's claims that she was subjected to a hostile work environment and reprisal.

---

[1] Plaintiff notes that she filed a Motion in Limine to Admit Evidence Regarding Third-party Defendant Gary W. Rodrigues' Removal from United Public Workers, AFSCME Local 646, AFL-CIO and incorporates by reference the factual and legal arguments therein.

4

Thus, evidence regarding work done on the Bend, Oregon property is relevant and should be admitted.

### III. CONCLUSION

Therefore, for the foregoing reasons, Plaintiff requests that the Court denies Rodrigues' Motion.

DATED:  Honolulu, Hawaii, April 29, 2008.

_____
CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
JEANNE K. ENDO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO, | ) CIVIL NO. 03-00563 LEK )
| Plaintiff, | ) CERTIFICATE OF SERVICE )
| v. | ) )
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) ) )
| Defendant. | ) ) )
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) ) )
| Third-Party Plaintiff, | ) ) )
| v. | ) )
| GARY W. RODRIGUES, | ) )
| Third-Party Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was duly served upon the following parties at their last known address via U.S. mail, postage prepaid, on April 29, 2008:

    TO:  ERIC A. SEITZ, ESQ.
          LAWRENCE I. KAWASAKI, ESQ.
          820 Mililani Street, Suite 714
          Honolulu, Hawaii 96813

          Attorneys for Third-Party
          Defendant Gary W. Rodrigues

AND

```
JAMES E.T. KOSHIBA, ESQ.
CHARLES A. PRICE, ESQ.
KOSHIBA AGENA & KUBOTA
2600 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

Attorneys for Defendant
UPW, AFSCME, LOCAL 646, AFL-CIO
```

DATED: Honolulu, Hawaii, April 29, 2008.

_____
CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
JEANNE K. ENDO

2