ORIGINAL

CLAYTON C. IKEI
Attorney at Law
A Law Corporation

CLAYTON C. IKEI        1260
JERRY P.S. CHANG       6671
1440 Kapiolani Boulevard, Suite 1203
Honolulu, Hawaii 96814
Telephone: (808) 533-3777
Facsimile: (808) 521-7245
Email: CCIOffice@hawaii.rr.com

Attorneys for Plaintiff
JEANNE K. ENDO

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
APR 29 2008
at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO,<br><br>              Plaintiff,<br><br>     v.<br><br>UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO,<br><br>              Defendant.<br><br>UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO,<br><br>     Third-Party Plaintiff,<br><br>     v.<br><br>GARY W. RODRIGUES,<br><br>     Third-Party Defendant. | CIVIL NO. 03-00563 LEK<br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THIRD-PARTY DEFENDANT GARY W. RODRIGUES' TENTH MOTION IN LIMINE TO BAR TESTIMONY OR EVIDENCE CONCERNING RODRIGUES' CHARACTER; CERTIFICATE OF SERVICE<br><br><br><br><br><br><br><br>TRIAL DATE: May 13, 2008 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THIRD-PARTY DEFENDANT
GARY W. RODRIGUES' TENTH MOTION IN LIMINE TO BAR TESTIMONY OR
<u>EVIDENCE CONCERNING RODRIGUES' CHARACTER</u>**

I. INTRODUCTION

Plaintiff Jeanne K. Endo, by and through her counsel hereby submits her Memorandum in Opposition to Third-Party Defendant Gary W. Rodrigues' Tenth Motion in Limine to Bar Testimony or Evidence Concerning Rodrigues' Character.

Rodrigues contends that evidence or testimony concerning his character is irrelevant to this matter, and should be excluded under Federal Rules of Evidence ("FRE") 403, 404(b), and 405.

II. ARGUMENT

    A. **FRE, Generally**

FRE 401, Definition of "Relevant Evidence," states:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

FRE 402, Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible, states:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

FRE 404, Character Evidence Not Admissible To Prove Conduct; Exceptions; Other Crimes, states:

> (a) Character evidence generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving

>action in conformity therewith on a particular occasion, except: (1) Character of accused. In a criminal case, evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same, or if evidence of a trait of character of the alleged victim of the crime is offered by an accused and admitted under Rule 404(a)(2), evidence of the same trait of character of the accused offered by the prosecution; (2) Character of alleged victim. In a criminal case, and subject to the limitations imposed by Rule 412, evidence of a pertinent trait of character of the alleged victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the alleged victim offered by the prosecution in a homicide case to rebut evidence that the alleged victim was the first aggressor; (3) Character of witness. Evidence of the character of a witness, as provided in Rules 607, 608, and 609.
>
>(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

FRE 609, Impeachment by Evidence of Conviction of Crime, states in part:

>(a) General rule. For the purpose of attacking the character for truthfulness of a witness,

3

> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
> (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.
>
> (b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.
>
> * * *
>
> (e) Pendency of appeal. The pendency of an appeal therefrom does not render evidence of a conviction inadmissible. Evidence of the pendency of an appeal is admissible.

Courts have generally considered five factors when balancing probative weight and prejudicial effect under 609(a)(1): (1) the

nature (i.e., impeachment value) of the prior conviction; (2) the age of the conviction and the defendant's subsequent criminal history; (3) the similarity between the prior conviction and the charges for which the defendant is on trial; (4) the importance of the defendant's testimony; and (5) the importance of the defendant's credibility. The government bears the burden of showing, based on these factors, that the proffered evidence's probative value substantially outweighs its prejudicial effect. See, e.g., United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir.), cert. denied, 516 U.S. 878, 116 S.Ct. 210, 133 L.Ed. 2d 142 (1995).

With regards to FRE 609(a)(2), the Notes of Conference Committee, House Report No. 93-1597, states the phrase "dishonesty and false statement" means:

> crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.

See also, United States v. Ortega, 561 F.2d 803, 806 (9th Cir. 1977). (We concluded that rule 609(a)(2) applied only to "those crimes that involve some element of misrepresentation or other indicium of a propensity to lie" and not to "those crimes which, bad though they are, do not carry with them a tinge of falsification.")

5

Here, Plaintiff contends that Rodrigues' credibility is relevant to determine whether he subjected Plaintiff to a hostile work environment and reprisal in violation of Title VII. Plaintiff also contends that Rodrigues' conviction of fraud and swindles, embezzlement of assets, health care fraud, money laundering-interstate commerce, and employee benefits fraud are crimes of dishonesty or false statement, which falls under the FRE 609(a)(2), and do not require the balancing test of FRE 403. Notes of Conference Committee, Ortega, supra.

Alternatively, if the Court determines that FRE 609(a)(2) is inapplicable, Plaintiff contends that Rodrigues' convictions may be admissible under FRE 609(a)(1). Rodrigues' conviction occurred in 2003, and resulted in imprisonment of over five years.

Plaintiff contends that the probative value of admitting evidence of Rodrigues' criminal conviction outweighs the prejudicial effects, and the conviction goes to the issue of his credibility in this action as the jury must determine whether or not Rodrigues subjected Plaintiff to unlawful sexual harassment and discrimination, as well as reprisal for her prior EEO activity.

### III. CONCLUSION

Therefore, for the foregoing reasons, Plaintiff requests that the Court denies Rodrigues' Motion.

DATED:    Honolulu, Hawaii, April 29, 2008.

                                               CLAYTON C. IKEI
                                               JERRY P.S. CHANG

                                               Attorneys for Plaintiff
                                               JEANNE K. ENDO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO, | ) CIVIL NO. 03-00563 LEK )|
| Plaintiff, | ) CERTIFICATE OF SERVICE )|
| v. | ) ) |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) ) ) |
| Defendant. | ) ) |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| GARY W. RODRIGUES, | ) ) |
| Third-Party Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was duly served upon the following parties at their last known address via U.S. mail, postage prepaid, on April 29, 2008:

        TO:  ERIC A. SEITZ, ESQ.
              LAWRENCE I. KAWASAKI, ESQ.
              820 Mililani Street, Suite 714
              Honolulu, Hawaii 96813

              Attorneys for Third Party
              Defendant Gary W. Rodrigues

AND

```
                JAMES E.T. KOSHIBA, ESQ.
                CHARLES A. PRICE, ESQ.
                KOSHIBA AGENA & KUBOTA
                2600 Pauahi Tower
                1001 Bishop Street
                Honolulu, Hawaii 96813

                Attorneys for Defendant
                UPW, AFSCME, LOCAL 646, AFL-CIO

DATED:  Honolulu, Hawaii, April 29, 2008.


                        _____
                        CLAYTON C. IKEI
                        JERRY P.S. CHANG

                        Attorneys for Plaintiff
                        JEANNE K. ENDO
```