CLAYTON C. IKEI
Attorney at Law
A Law Corporation

CLAYTON C. IKEI           1260
JERRY P.S. CHANG          6671
1440 Kapiolani Boulevard, Suite 1203
Honolulu, Hawaii 96814
Telephone: (808) 533-3777
Facsimile: (808) 521-7245
Email: CCIOffice@hawaii.rr.com

Attorneys for Plaintiff
JEANNE K. ENDO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO, | ) CIVIL NO. 03-00563 LEK |
|  | ) |
| Plaintiff, | ) PLAINTIFF'S PROPOSED |
|  | ) SUPPLEMENTAL JURY INSTRUCTIONS |
| v. | ) (STERILE); CERTIFICATE OF |
|  | ) SERVICE |
| UNITED PUBLIC WORKERS, AFSCME | ) |
| LOCAL 646, AFL-CIO, | ) |
|  | ) |
| Defendant. | ) |
| UNITED PUBLIC WORKERS, | ) |
| AFSCME LOCAL 646, AFL-CIO, | ) |
|  | ) |
| Third-Party Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| GARY W. RODRIGUES, | ) |
|  | ) |
| Third-Party Defendant. | ) TRIAL DATE: May 13, 2008 |

**PLAINTIFF'S PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS (STERILE)**

Plaintiff Jeanne K. Endo, by and through her counsel, hereby submits her Proposed Supplemental Jury Instructions (Sterile), pursuant to Local Rule 51.1.

DATED: Honolulu, Hawaii, May 2, 2008.

                                              CLAYTON C. IKEI
                                              JERRY P.S. CHANG

                                              Attorneys for Plaintiffs
                                              JEANNE K. ENDO

**INSTRUCTION NO. \_\_\_\_\_**

In this case, you heard testimony from witnesses described as experts. Experts are persons who, by education, experience, training or otherwise, have special knowledge which is not commonly held by people in general. Experts may state an opinion on matters in their field of special knowledge and may also state their reasons for the opinion.

The testimony of expert witnesses should be judged in the same manner as the testimony of any witness. You may accept or reject the testimony in whole or in part. You may give the testimony as much weight as you think it deserves in consideration of all of the evidence in this case.

**INSTRUCTION NO. \_\_\_\_\_**

In order to constitute sexual harassment, the conduct must be "unwelcome" in the sense that the employee did not solicit or invite it, and the employee regarded the conduct as undesirable or offensive.

The voluntariness of sexual contact, in the sense that the complainant was not forced to participate against her will, is not a defense to a sexual harassment suit brought under Title VII.  The gravamen of any sexual harassment claim is that the alleged sexual advances were unwelcome.

**INSTRUCTION NO. \_\_\_\_\_**

Tangible employment actions are the means by which a supervisor brings the official power of the enterprise to bear on subordinates. A tangible employment action requires an official act of the enterprise, a company act. A tangible employment action consists of a significant change in employment status such as a significant change in responsibilities, or a significant change in benefits. A tangible employment action occurs when a superior obtains sexual favors from an employee by conditioning continued employment on participation in unwelcome acts.

A tangible employment action may also occur when the harassing supervisor bestows benefits in exchange for an employee's acquiescence.

**INSTRUCTION NO. \_\_\_\_\_**

You may consider evidence of a hostile work environment against other employees to determine whether one of the principal non-discriminatory reasons asserted by an employer for its actions was, in fact, a pretext for discrimination.

**INSTRUCTION NO. _____**

The plaintiff seeks damages against the defendant for retaliation. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

    1. The plaintiff engaged in or was engaging in an activity protected under federal law, that is filing complaints of discrimination;

    2. The employer subjected the plaintiff to an adverse employment action, that is, being subjected to punishment and ridicule, close scrutiny of her work, staff member instructed to write a critical article about her, plans to terminate her, suspension in September 2001, denial of vacation, discipline in March 2002, criticism to UPW's executive committee after April 2002, admonishments, reduced assignments, and accusations of insubordination; and

    3. The protected activity was a motivating factor in the adverse employment action.

If you find that the plaintiff has failed to prove any of these elements, your verdict should be for the defendant. If the plaintiff has proved all three of these elements, the plaintiff is entitled to your verdict, unless the defendant has proved by a preponderance of the evidence that it would have made the same decision even if the plaintiff's participation in a protected activity had played no role in the employment decision. In that

event, the defendant is entitled to your verdict, even if the plaintiff has met her burden of proof on all three of the above elements.

**INSTRUCTION NO. \_\_\_\_\_**

If you find defendant discriminated against plaintiff based on plaintiff's sex and/or prior Equal Employment Opportunity (EEO) activity, then you must determine an amount that is fair compensation for plaintiff's damages. You may award compensatory damages only for injuries that plaintiff proves were caused by defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation--no more and no less.

You may award damages for any pain, suffering, or mental anguish that plaintiff experienced as a consequence of defendant's hostile work environment and/or reprisal. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the fact in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that plaintiff prove the amount of

plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

**INSTRUCTION NO. _____**

Plaintiff claims the acts of defendant UPW were done with malice or reckless indifference to the plaintiff's federally protected rights so as to entitle plaintiff to an award of punitive damages in addition to compensatory damages.

In some cases, punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate in this case only if you find for plaintiff and then further find from a preponderance of the evidence:

First: That a higher management official of defendant UPW personally acted with malice or reckless indifference to plaintiff's federally protected rights; and

Second: That defendant UPW itself had not acted in a good faith attempt to comply with the law by adopting polices and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against defendant UPW, you may consider the financial resources of defendant UPW in fixing such damages.

```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

JEANNE K. ENDO,                   ) CIVIL NO. 03-00563 LEK
                                  )
          Plaintiff,              ) CERTIFICATE OF SERVICE
                                  )
     v.                           )
                                  )
UNITED PUBLIC WORKERS, AFSCME     )
LOCAL 646, AFL-CIO,               )
                                  )
          Defendant.              )
                                  )
                                  )
UNITED PUBLIC WORKERS,            )
AFSCME LOCAL 646, AFL-CIO,        )
                                  )
     Third-Party Plaintiff,       )
                                  )
     v.                           )
                                  )
GARY W. RODRIGUES,                )
                                  )
     Third-Party Defendant.       )
```

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was duly served upon the following parties at their last known address via hand delivery, on May 2, 2008:

TO: ERIC A. SEITZ, ESQ.
    LAWRENCE I. KAWASAKI, ESQ.
    820 Mililani Street, Suite 714
    Honolulu, Hawaii 96813

    Attorneys for Third Party
    Defendant Gary W. Rodrigues

    JAMES E.T. KOSHIBA, ESQ.
    CHARLES A. PRICE, ESQ.
    KOSHIBA AGENA & KUBOTA
    2600 Pauahi Tower
    1001 Bishop Street
    Honolulu, Hawaii 96813

```
                    Attorneys for Defendant
                    UPW, AFSCME, LOCAL 646, AFL-CIO

DATED:  Honolulu, Hawaii, May 2, 2008.


                    _____
                    CLAYTON C. IKEI
                    JERRY P.S. CHANG

                    Attorneys for Plaintiff
                    JEANNE K. ENDO
```