ORIGINAL

CLAYTON C. IKEI
Attorney at Law
A Law Corporation

CLAYTON C. IKEI        1260
JERRY P.S. CHANG       6671
1440 Kapiolani Boulevard, Suite 1203
Honolulu, Hawaii 96814
Telephone: (808) 533-3777
Facsimile: (808) 521-7245
Email: CCIOffice@hawaii.rr.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 02 2008

at _____ o'clock and _____ min. ____ M.
SUE BEITIA, CLERK

Attorneys for Plaintiff
JEANNE K. ENDO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO, | ) CIVIL NO. 03-00563 LEK |
| | ) |
| Plaintiff, | ) PARTIES' PROPOSED JOINT JURY |
| | ) INSTRUCTIONS; CERTIFICATE OF |
| v. | ) SERVICE |
| | ) |
| UNITED PUBLIC WORKERS, AFSCME | ) |
| LOCAL 646, AFL-CIO, | ) |
| | ) |
| Defendant. | ) |
| UNITED PUBLIC WORKERS, | ) |
| AFSCME LOCAL 646, AFL-CIO, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GARY W. RODRIGUES, | ) |
| | ) |
| Third-Party Defendant. | ) TRIAL DATE: May 13, 2008 |

**PARTIES' PROPOSED JOINT JURY INSTRUCTIONS**

Plaintiff Jeanne K. Endo and Defendant UNITED PUBLIC

WORKERS, AFSCME LOCAL 646, AFL-CIO, by and through their counsels

hereby submit the Parties' Proposed Joint Jury Instructions,

pursuant to Local Rule 51.1.  Plaintiff notes that despite her

attempts to arrange a meet and confer regarding the parties'
proposed instructions, Third-Party Defendant Gary W. Rodrigues
did not engage in any meet and confer with the other parties.

DATED:  Honolulu, Hawaii, May 2, 2008.


CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
JEANNE K. ENDO

**INSTRUCTION NO. 1**

**(CONSIDERATION & APPLICATION OF INSTRUCTIONS)**

Members of the Jury:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.

You are the judges of the facts.  It is your duty to review the evidence and to decide the true facts.  When you have decided the true facts, you must then apply the law to the facts.  I will tell you the law that applies to this case.  You must apply that law, and only that law, in deciding this case, whether you personally agree or disagree with it.

The order in which I give you the instructions does not mean that one instruction is any more or less important than any other instruction.  You must follow all the instructions I give you.  You must not single out some instructions and ignore others.  All the instructions are equally important and you must apply them as a whole to the facts.


Source: Court's General Jury Instructions in Civil Cases 1.1.

## INSTRUCTION NO. 2

### (NO FAVORITISM, PASSION, PREJUDICE OR SYMPATHY)

It is your duty and obligation as jurors to decide this case on the evidence presented in court and upon the law given to you. You must perform your duty and obligation without favoritism, passion, or sympathy for any party in the case, and without prejudice against any of the parties.

Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in this case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice.


Source:  Court's General Jury Instructions in Civil Cases 1.2

4

**INSTRUCTION NO. 3**

**(CONSIDERATION OF BUSINESS ENTITY PARTIES)**

You must not be prejudiced or biased in favor of or against a party simply because the party is a labor organization. You must treat a labor organization the same as you treat individuals. In this case, the labor organization/defendant is entitled to receive the same fair and unprejudiced treatment that an individual plaintiff/defendant would receive under similar circumstances.


Source:  Court's General Jury Instructions in Civil Cases 1.3 (as modified)

**INSTRUCTION NO. 4**

**(MULTIPLE PARTIES)**

Each defendant in this case has separate and distinct rights.  You must decide the case of each defendant separately, as if it were a separate lawsuit.  Unless I tell you otherwise, these instructions apply to all of the defendants.


Source:  Court's General Jury Instructions in Civil Cases 1.4 (second paragraph)

**INSTRUCTION NO. 5**

**(REMARKS OF THE COURT)**

If any of these instructions, or anything I have said or done in this case makes you believe I have an opinion about the facts or issues in the case, the weight to be given to the evidence, or the credibility of any witness, then you must disregard such belief.  It is not my intention to create such an impression.  You, and you alone, must decide the facts of this case from the evidence presented in court and you must not be concerned about my opinion of the facts.

When warranted, additional reference may also be made to jury views, site inspections, matters of judicial notice, and the like.

Source:  Court's General Jury Instructions in Civil Cases 1.5

**INSTRUCTION NO. 6**

**(CONSIDER ONLY THE EVIDENCE)**

In reaching your verdict, you may consider only the testimony and the exhibits received in evidence.  The following are not evidence and you must not consider them as evidence in deciding the facts of this case.

1.    Attorneys' statements, arguments and remarks during opening statements, closing arguments, jury selection, and other times during the trial are not evidence, but may assist you in understanding the evidence and applying the law.

2.    Attorneys' questions and objections are not evidence.

3.    Excluded or stricken testimony or exhibits are not evidence and must not be considered for any purpose.

4.    Anything seen or heard when the court was not in session is not evidence.  You must decide this case solely on the evidence received at the trial.


Source:  Court's General Jury Instructions in Civil Cases 2.1

## INSTRUCTION NO. 7

### (OBSERVATIONS & EXPERIENCE)

Even though you are required to decide this case only upon the evidence presented in court, you are allowed to consider the evidence in light of your own observations, experiences, and common sense. You may use your common sense to make reasonable inferences from the facts.

Source:  Court's General Jury Instructions in Civil Cases 2.2

## INSTRUCTION NO. 8

### (NO INDEPENDENT INVESTIGATION OR RESEARCH)

You must not use any source outside the courtroom to assist you in deciding any question of fact. This means that you must not make an independent investigation of the facts or the law. For example, you must not visit the scene on your own, conduct experiments, or consult dictionaries, encyclopedias, textbooks, or other reference materials for additional information.


Source:  Court's General Jury Instructions in Civil Cases 2.3

**INSTRUCTION NO. 9**

**(BURDEN OF PROOF)**

Plaintiff has the burden of proving by a preponderance of the evidence every element of each claim that plaintiff asserts. Defendants have the burden of proving by a preponderance of the evidence every element of each affirmative defense that defendants assert.  In these instructions, whenever I say that a party must prove a claim or affirmative defense, that party must prove such claim or affirmative defense by a preponderance of the evidence, unless I instruct you otherwise.


Source:  Court's General Jury Instructions in Civil Cases 3.1

## INSTRUCTION NO. 10

### (PREPONDERANCE OF THE EVIDENCE)

To "prove by a preponderance of the evidence" means to prove that something is more likely so than not so.  It means to prove by evidence which, in your opinion, convinces you that something is probably more true than not true.  It does not mean that a greater number of witnesses or a greater number of exhibits must be produced.

In deciding whether a claim, defense, or fact has been proven by a preponderance of the evidence, you must consider all of the evidence presented in court by both the plaintiff and the defendants.  Upon consideration of all the evidence, if you find that a particular claim, defense or fact is more likely true than not true, then such claim, defense, or fact has been proven by a preponderance of the evidence.

If a preponderance of the evidence does not support each essential element of a claim or affirmative defense, then the jury should find against the party having the burden of proof as to that claim or affirmative defense.


Source:  Court's General Jury Instructions in Civil Cases 3.2

12

**INSTRUCTION NO. 11**

**(STIPULATIONS)**

Where the attorneys for the parties have stipulated to a fact, you must consider the fact as having been conclusively proved.


Source:  Court's General Jury Instructions in Civil Cases 4.1

**INSTRUCTION NO. 12**

**(DEPOSITION TESTIMONY)**

The testimony of a witness has been read into evidence from a deposition.  A deposition is the testimony of a witness given under oath before the trial and preserved in written form.  You must consider and judge the deposition testimony of a witness in the same manner as if the witness actually appeared and testified in court in this trial.


Source:  Court's General Jury Instructions in Civil Cases 4.2

**INSTRUCTION NO. 13**

**(ANSWERS TO INTERROGATORIES)**

Evidence has been presented in the form of written answers given by a party in response to written questions from another party.  The written answers were given under oath by the party.  The written questions are called "interrogatories."

You must consider and judge a party's answers to interrogatories in the same manner as if the party actually appeared and testified in court in this trial.


Source:  Court's General Jury Instructions in Civil Cases 4.3

15

## INSTRUCTION NO. 14

## (JUDICIAL NOTICE)

The Court may take judicial notice of certain facts.  When the Court says that it takes judicial notice of some fact, the jury must accept that fact as conclusively proved.


Source:  Court's General Jury Instructions in Civil Cases 4.4

## INSTRUCTION NO. 15

### (TYPES OF EVIDENCE--DIRECT & CIRCUMSTANTIAL)

There are two kinds of evidence from which you may decide the facts of a case:  direct evidence and circumstantial evidence.  Direct evidence is direct proof of a fact, for example, the testimony of an eyewitness.

Circumstantial evidence is indirect proof of a fact, that is, when certain facts lead you to conclude that another fact also exists.

You may consider both direct evidence and circumstantial evidence when deciding the facts of this case.  You are allowed to give equal weight to both kinds of evidence.  The weight to be given any kind of evidence is for you to decide.


Source:  Court's General Jury Instructions in Civil Cases 4.5

**INSTRUCTION NO. 16**

**(OBJECTIONS TO EVIDENCE)**

During the trial, I have ruled on objections made by the attorneys.  Objections are based on rules of law designed to protect the jury from unreliable or irrelevant evidence.  It is an attorney's duty to object when he or she believes that the rules of law are not being followed.  These objections relate to questions of law for me to decide and with which you need not be concerned.

As to any questions to which an objection was sustained, you must not speculate as to what the answer might have been or as to the reason for the objection.  You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken out by the court; such matter is to be treated as though you had never known of it.

You must never speculate as to be true any insinuation suggested by a question asked a witness.  A question is not evidence and may be considered only as it supplied meaning to the answer.

Source:  Court's General Jury Instructions in Civil Cases 4.6

### INSTRUCTION NO. 17

### (WEIGHT ON EVIDENCE & CREDIBILITY OF WITNESSES)

I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility of all witnesses who testified in this case. The weight their testimony deserves is for you to decide.

It is your exclusive right to determine whether and to what extent a witness should be believed and to give weight to that testimony according to your determination of the witness' credibility. In evaluating a witness, you may consider:

(1) the witness' appearance and demeanor on the witness stand;

(2) the manner in which a witness testified and the degree of intelligence shown;

(3) the witness' degree of candor or frankness;

(4) the witness' interest, if any, in the result of this case;

(5) the witness' relationship to either party in the case;

(6) any temper, feeling or bias shown by the witness;

(7) the witness' character as shown by the evidence;

19

(8) the witness' means and opportunity to acquire information;

(9) the probability or improbability of the witness' testimony;

(10) the extent to which the witness' testimony is supported or contradicted by other evidence;

(11) the extent to which the witness made contradictory statements; and

(12) all other circumstances affecting the witness' credibility.

Inconsistencies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause you to discredit the inconsistent testimony.  This is because two or more persons witnessing an event may see or hear the event differently.  An innocently mistaken recollection or failure to remember is not an uncommon experience.  In examining any inconsistent testimony, you should consider whether the inconsistency concerns important matters or unimportant details. You should also consider whether inconsistent testimony is the result of an innocent mistake or a deliberate false statement. You may, in short, accept or reject the testimony or any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the

existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.


Source:  Court's General Jury Instructions in Civil Cases 5.1

### INSTRUCTION NO. 18

### (DISCREDITED TESTIMONY)

The testimony of a witness may be discredited by contradictory evidence or by evidence showing that at other times the witness made statements inconsistent with the witness' testimony in this trial.

If you believe that testimony of any witness has been discredited, you may give that testimony the degree of credibility you believe it deserves.

Source:  Court's General Jury Instructions in Civil Cases 5.2

## INSTRUCTION NO. 19

### (FALSE WITNESS)

You may reject the testimony of a witness if you find and believe from all of the evidence presented in this case that:

     1.   The witness intentionally testified falsely in this trial about any important fact; or

     2.   The witness intentionally exaggerated or concealed an important fact or circumstance in order to deceive or mislead you.

In giving you this instruction, I am not suggesting that any witness intentionally testified falsely or deliberately exaggerated or concealed an important fact or circumstance.  That is for you to decide.


Source:  Court's General Jury Instructions in Civil Cases 5.3

**INSTRUCTION NO. 20**

**(DAMAGE INSTRUCTIONS--FOR GUIDANCE ONLY)**

Instructions on damages are only a guide for an award of damages if you find defendants responsible to plaintiff. The fact that the Court is instructing you on damages does not mean that defendants are responsible to plaintiff. That is for you to decide.


Source:  Court's General Jury Instructions in Civil Cases 8.1

### INSTRUCTION NO. 21

### (IMPEACHMENT EVIDENCE—WITNESS)

The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.


Source: 9th Circuit Civil Model Jury Instruction 2.8 (March 2008)

INSTRUCTION NO. 22

**(CIVIL RIGHTS — TITLE VII — HOSTILE WORK ENVIRONMENT — HARASSMENT BECAUSE OF PROTECTED CHARACTERISTICS — ELEMENTS)**

The plaintiff seeks damages against the defendant for sexually hostile work environment while employed by the defendant. In order to establish a sexually hostile work environment, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. The plaintiff was subjected to sexual advances, requests for sexual conduct, or other verbal or physical conduct of a sexual nature;

2. The conduct was unwelcome;

3. The conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a sexually abusive or hostile work environment;

4. The plaintiff perceived the working environment to be abusive or hostile; and

5. A reasonable woman in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a sexually hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and

26

whether it unreasonably interfered with an employee's work performance.


Source: 9th Circuit Civil Model Jury Instruction 10.2A (March 2008)

INSTRUCTION NO. 23

**(HOSTILE WORK ENVIRONMENT CAUSED BY SUPERVISOR – CLAIMS BASED UPON VICARIOUS LIABILITY – TANGIBLE EMPLOYMENT ACTION – AFFIRMATIVE DEFENSE)**

An employer may be liable when a supervisor with immediate or successively higher authority over the employee creates a <u>sexually</u> hostile work environment for that employee.  The plaintiff claims that <u>she</u> was subjected to a sexually hostile work environment by <u>Gary W. Rodrigues</u> and that <u>Gary W. Rodrigues</u> was <u>her immediate supervisor</u>.

The defendant denies the plaintiff's claim.  The plaintiff must prove <u>her</u> claim by a preponderance of the evidence.  In addition to denying the plaintiff's claim, the defendant has asserted an affirmative defense.  Before you consider this affirmative defense, you must first decide whether plaintiff has proven by a preponderance of the evidence that <u>she</u> suffered a tangible employment action as a result of harassment by the supervisor.

If you find that the plaintiff has proved that <u>she</u> suffered a tangible employment action as a result of harassment by a supervisor, you must not consider the affirmative defense.  If the plaintiff has not proved that <u>she</u> suffered a tangible employment action, then you must decide whether the defendant has proved by preponderance of the evidence each of the following elements:

1.  the defendant exercised reasonable care to prevent and promptly correct the sexually harassing behavior; and

2.  the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or unreasonably failed to otherwise avoid harm.

If the defendant proves these elements, the plaintiff is not entitled to prevail on this claim.

Source:  Ninth Circuit Model Civil Jury Instructions 10.2B (2007) (with underlined insertions)

29

## INSTRUCTION NO. 24

### ("SUPERVISOR" - DEFINED)

A "supervisor" is a person with immediate or successively higher authority over the employee. The essence of supervisory status is the authority to affect terms and conditions of employment, primarily consisting of the power to hire, fire, demote, promote, transfer or discipline employees.

A "supervisor" is any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibility to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

Sources:  O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 171.44 (5th ed. 2001) (citing Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 765 (1998); Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998)) (paragraph in bracket is from 19 U.S.C.A. § 152(11) of the National Labor Relations Act); Parkins v. Civil Constructors of Illinois, Inc., 163 F.3d 1027, 1034 (7th Cir. 1998) ("Cases subsequent to Faragher and Ellerth indicate that whether an individual is 'a supervisor with immediate (or successively higher) authority' is dependent upon whether his authority was of a substantial magnitude. See, e.g., Deffenbaugh-Williams v. Wal-Mart Stores, Inc., 156 F.3d 581, 592 (5th Cir.1998) (employee was victim's supervisor under Faragher and Ellerth where he had the authority to discharge her); Phillips v. Taco Bell Corp., 156 F.3d 884, 888 (8th Cir.1998) (harasser, who was the store manager, was a supervisor based on the authority he had over the plaintiff). The Fourth Circuit has recently held that the Ellerth-Faragher

standard of liability applied where the harasser 'could hire and fire sales representatives,' such as the plaintiff. <u>See</u> <u>Lissau v. Southern Food Serv., Inc.</u>, 159 F.3d 177, 179 (4th Cir.1998). Hence, it is manifest that the essence of supervisory status is the authority to affect the terms and conditions of the victim's employment. This authority primarily consists of the power to hire, fire, demote, promote, transfer, or discipline an employee.").

**INSTRUCTION NO. 25**

**(REASONABLE WOMAN STANDARD)**

In determining whether a hostile work environment existed, you must consider the evidence from the perspective of a reasonable woman.  This is an objective standard and requires you to look at the evidence from the perspective of a reasonable woman's reaction to a similar environment under similar circumstances.  You cannot view the evidence from the perspective of an overly sensitive person.  Instead, you must consider the total circumstances and determine whether a reasonable woman would consider the conduct as sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment.

Sources: Federal Jury Practice and Instructions (5th ed. 2001) § 171.41 ("Discrimination in Employment - Reasonable Person") (citing Harris v. Forklift Systems, Inc., 510 U.S. 17, 22 (1993) ("Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment---an environment that a reasonable person would find hostile or abusive---is beyond Title VII's purview.") (modified to reflect "reasonable woman" standard adopted by the Ninth Circuit in Ellison v. Brady, 924 F.2d 872, 879 - 81 (9th Cir. 1991) ("In order to shield employers from having to accommodate the idiosyncratic concerns of the rare hyper-sensitive employee, we hold that a female plaintiff states a prima facie case of hostile environment sexual harassment when she alleges conduct which a reasonable woman would consider sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment.") (footnote omitted)  Underlined language used to replace the following sentence: "Instead, you must consider the total circumstances and determine whether the alleged harassing behaviour could be objectively classified as the kind of behaviour that would seriously affect the psychological well-being of a reasonable person.").

INSTRUCTION NO. 26

(STATUTE OF LIMITATIONS AND CONTINUING VIOLATION)

A plaintiff can only recover on a hostile work environment claim for non-discrete acts, which took place within 300 days prior to the filing of her EEOC complaint, unless the plaintiff can show the existence of a continuing violation. Because Endo filed her EEOC complaint on April 5, 2002, she may only recover damages on her hostile work environment claim for non-discrete acts occurring on or after June 9, 2001. However, Endo may recover damages on her hostile work environment claim for non-discrete acts occurring prior to June 9, 2001 if you determine that such non-discrete acts are related to other non-discrete acts occurring on or after June 9, 2001, and together form a single unlawful employment practice (i.e., a continuing violation). Otherwise, evidence presented of acts that occurred prior to June 9, 2001 serve only to establish relevant background information. You may not award damages to Endo on her hostile environment claim for any discrete acts.

Sources:  42 U.S.C. § 2000e-5(c)); Mems v. City of St. Paul, Dept. of Fire and Safety Services, 327 F.3d 771, 783 (8th Cir. 2003), r'hrg denied.  ("[E]ach Plaintiff may only recover damages on his race discrimination claim for unlawful acts occurring within the limitations period listed on his Special Verdict Form. Evidence has been presented of acts that occurred outside of this period; however, such acts serve only to establish relevant background information.  You may not award damages for any acts which occurred outside of the period listed on each Plaintiff's Special Verdict Form."); Nat'l Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts

33

are not actionable if time barred, even when they are related to acts alleged in timely filed charges.  Each discrete discriminatory act starts a new clock for filing charges alleging that act.").

**INSTRUCTION NO. 27**

**(DISCRETE AND NON-DISCRETE ACTS)**

Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice" that is composed of a single discrete act.

Examples of "discrete acts" include:  termination, failure to promote, denial of transfer, refusal to hire, refusing to grant vacation requests, threatening disciplinary action while on medical leave, and leaving a negative performance evaluation in an employee's personnel file.

A hostile work environment claim, on the other hand, is composed of a series of separate non-discrete acts that collectively constitute one "unlawful employment practice."  Its very nature involves repeated conduct and occurs over a series of days or perhaps years, and in direct contrast to discrete acts, a single act of harassment may not be actionable on its own.  Thus, a hostile environment claim is based on the cumulative effect of individual non-discrete acts.

Sources:  <u>Nat'l Railroad Passenger Corp. v. Morgan</u>, 536 U.S. 101, 114 (2002) ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify.  Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'"); <u>Id</u>. at 115 ("Hostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct.  The 'unlawful employment practice' therefore cannot be said to occur on any particular day.  It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of

harassment may not be actionable on its own.  Such claims are
based on the cumulative effect of individual acts.") (citations
omitted); <u>Porter v. Calif. Dept. of Corrections</u>, 383 F.3d 1018,
1028  (9th Cir. 2004) ("When the ashes are sifted, the bulk of
the conducted attributed by Porter to the CDC and its agents
falls into the category of discrete acts; for instance, refusing
to grant Porter's requests for vacation or holidays, requiring
Porter to be tested for tuberculosis by her own physician,
threatening disciplinary action while she was on medical leave,
leaving a negative performance evaluation in her personnel file,
and instructing her to enter the work site through the back
gate.").

INSTRUCTION NO. 28

("ALTER EGO" - DEFINED)

Where an employee serves in a supervisory position and exercises significant control over an employee's hiring, firing or conditions of employment, that individual operates as the alter ego of the employer, and the employer is liable for any unlawful employment practices of the individual even though what the supervisor is said to have done violates company policy.


Sources:  <u>Mallinson-Montague v. Pocrnick</u>, 224 F.3d 1224, 1232 (10th Cir. 2000) ("Defendant [Pro Bank] is a corporation.  A corporation may only act through natural persons as its agents or employees and, in general, any employee of a corporation may bind the corporation by his or her actions done and statements made while acting within the scope of his or her employment.  Where an employee such as Mr. Pocrnick serves in a supervisory position and exercises significant control over an employee's hiring, firing, or conditions of employment, that individual operates as the alter ego of the employer, and the employer is liable for any unlawful employment practices of the individual even though what the supervisor is said to have done violates company policy.").

## INSTRUCTION NO. 29

### ("SCOPE OF EMPLOYMENT" - DEFINED)

Any act or omission of an agent is within the scope of employment if:

1.  it is of the kind he is employed to perform;

2.  it occurs substantially within the authorized time and space of his employment; and

3.  is motivated, at least, in part, by a purpose to serve his employer.

Conduct of an employee is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time and space limits, or too little actuated by a purpose to serve the employer.

Sources:  <u>Kolstad v. American Dental Assn.</u>, 527 U.S. 526, 543 - 544 (1999) ("The Restatement of Agency provides that even intentional torts are within the scope of an agent's employment if the conduct is 'the kind [the employee] is employed to perform,' 'occurs substantially within the authorized time and space limits,' and 'is actuated, at least, in part, by a purpose to serve the employer.'  According to the Restatement, so long as these rules are satisfied, an employee may be said to act within the scope of employment even if the employee engages in acts 'specifically forbidden' by the employer and uses 'forbidden means of accomplishing results.'") (citing *Restatement (Second) Agency*, § 228 (1958)).

**INSTRUCTION NO. 30**

**(CIVIL RIGHTS — TITLE VII — "ADVERSE EMPLOYMENT ACTION" IN RETALIATION CASES)**

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination.


Source:  9th Circuit Civil Model Jury Instruction 10.4A.1 (March 2008); Burlington Northern & Santa Fe Ry. v. White, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed. 2d 345, 2006 ; Ray v. Henderson, 217 F.3d 1234, 1242-43 (9th Cir.2000)

INSTRUCTION NO. 31

**(CONDUCT OF JURY)**

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

When you retire to the jury room to begin your deliberations, your first duty will be selection of a foreperson to preside over the deliberations and to speak on your behalf in court.

The foreperson's duties are:

1.   To keep order during the deliberations and to make sure that every juror who wants to speak is heard;

2.   To represent the jury in communications you wish to make to me; and

3.   To sign, date and present the jury's verdict to me.

In deciding the verdict, all jurors are equal and the foreperson does not have any more power than any other juror.  After you select a foreperson, you will proceed to discuss the case with your fellow jurors and reach agreement on a verdict, if you can.  You may take as much time as you feel is necessary for your deliberations.

40

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after you have considered the views of your fellow jurors.  Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is a right decision, or simply to get the case over with.

Source:  Court's General Jury Instructions in Civil Cases 9.1

**INSTRUCTION NO. 32**

**(EXHIBITS IN THE JURY ROOM)**

During this trial, items were received in evidence as exhibits.  These exhibits will be sent into the jury room with you when you begin to deliberate.

Source:  Court's General Jury Instructions in Civil Cases 9.2

**INSTRUCTION NO. 33**

**(VERDICT)**

Remember at all times that you are not partisans. You are judges - judges of the facts in this case. Your only interest is to seek the truth from the evidence presented. From the time you retire to the jury room to begin your deliberations until you complete your deliberations, it is necessary that you remain together as a body. You should not discuss the case with anyone other than your fellow jurors. If it becomes necessary for you to communicate with me during your deliberations, you may send a note by the bailiff. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom.

Your verdict will consist of answers to the questions on the verdict form. You will answer the questions according to the instructions I have given you and according to the directions contained in the verdict form.

Your verdict must be unanimous. It is necessary that each of you agree on all answers required by the verdict form. Each of you must be able to state, when you return to the courtroom after a verdict is reached, that his or her vote is expressed in the answers on the verdict form.

As soon as all of you agree upon each answer required by the directions in the verdict form, the form should be dated and

43

signed by your foreperson.  The foreperson will then notify the
bailiff by a written communication that the jury has reached a
verdict.  Thereafter, the bailiff will arrange to have you return
with the verdict form to the courtroom.

Bear in mind that you are not to reveal to the court or
anyone else how the jury stands on the verdict until all of you
have agreed on it.


Source:  Court's General Jury Instructions in Civil Cases 9.3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE K. ENDO, | ) CIVIL NO. 03-00563 LEK |
| Plaintiff, | ) CERTIFICATE OF SERVICE |
| v. | ) |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) |
| Defendant. | ) |
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| GARY W. RODRIGUES, | ) |
| Third-Party Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was duly served upon the following parties at their last known address via Hand Delivery, on May 2, 2008:

TO:  ERIC A. SEITZ, ESQ.
     LAWRENCE I. KAWASAKI, ESQ.
     820 Mililani Street, Suite 714
     Honolulu, Hawaii 96813

     Attorneys for Third Party
     Defendant Gary W. Rodrigues

     JAMES E.T. KOSHIBA, ESQ.
     CHARLES A. PRICE, ESQ.
     KOSHIBA AGENA & KUBOTA
     2600 Pauahi Tower
     1001 Bishop Street
     Honolulu, Hawaii 96813

Attorneys for Defendant
UPW, AFSCME, LOCAL 646, AFL-CIO

DATED:  Honolulu, Hawaii, May 2, 2008

_____
CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
JEANNE K. ENDO

2