KOSHIBA AGENA & KUBOTA

JAMES E. T. KOSHIBA          768-0
CHARLES A. PRICE            5098-0
ANDREW D. STEWART          7810-0
2600 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No.:     523-3900
Facsimile No.:     526-9829

Attorneys for Defendant
UNITED PUBLIC WORKERS,
AFSCME, LOCAL 646, AFL-CIO

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEANNE ENDO, ) | CIVIL NO. CV03-00563 SPK KSC |
| ) | |
| Plaintiff, ) | DEFENDANT'S PROPOSED |
| ) | SUPPLEMENTAL JURY |
| vs. ) | INSTRUCTIONS (STERILE) |
| ) | |
| UNITED PUBLIC WORKERS, ) | |
| AFSCME LOCAL 646, AFL-CIO, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| vs. ) | |
| ) | |
| GARY W. RODRIGUES, ) | |
| ) | |
| Third-Party Defendant. ) | |
| ) | |
| _____ ) | |

## DEFENDANT'S PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS

Defendant previously filed its Proposed Jury Instructions on April 29, 2008. Of those proposed jury instructions, the substantive proposed instructions on pages 1, 2, 6, 8, 10, 11, 13, 20, and 22 have been incorporated into the Proposed Joint Jury Instructions, filed May 2, 2008. A sterile version (without the supporting authority) of the remaining substantive proposed supplemental instructions that were not included in the Joint Instructions is attached.

DATED: Honolulu, Hawaii, May 6, 2008.

JAMES E.T. KOSHIBA
CHARLES A. PRICE
ANDREW D. STEWART
Attorneys for Defendant
UNITED PUBLIC WORKERS, AFSCME
LOCAL 646, AFL-CIO

## INSTRUCTION NO. ____

The plaintiff seeks damages from the defendant for a hostile or abusive environment caused by sexual harassment. The plaintiff has burden of proving both of the following elements by a preponderance of the evidence:

1. the plaintiff was subjected to a sexually hostile work environment by a non-immediate supervisor; and

2. the defendant or a member of the defendant's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

A person is a member of management if the person has substantial authority and discretion to make decisions concerning the terms of the harasser's employment or the plaintiff's employment, such as authority to counsel, investigate, suspend, or fire the accused harasser, or to change the conditions of the plaintiff's employment. A person who lacks such authority is nevertheless part of management if he or she has an official or strong duty in fact to communicate to management complaints about work conditions. You should consider all the circumstances in this case in determining whether a person has such a duty.

The defendant's remedial action must be reasonable and adequate. Whether the defendant's remedial action is reasonable and adequate depends upon the remedy's effectiveness in stopping the individual harasser from continuing to engage in such conduct and in discouraging other potential harassers from engaging in similar unlawful conduct. An effective remedy should be proportionate to the seriousness of the offense.

If you find that the plaintiff has proved both of the elements on which the plaintiff has the burden of proof, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

## INSTRUCTION NO. _____

Tangible employment actions are the means by which a supervisor brings the official power of the enterprise to bear on subordinates. A tangible employment action requires an official act of the enterprise, a company act. A tangible employment action consists of a significant change in employment status such as firing, failing to promote, reassignment, a significant change in responsibilities, undesirable reassignment, or significant change in benefits. A tangible employment action occurs when a superior obtains sexual favors from an employee by conditioning continued employment on participation in unwelcome acts.

INSTRUCTION NO. ____

Proof of the following facts will suffice to establish the exercise of reasonable care by UPW, the employer:

- UPW had promulgated an explicit policy against sexual harassment in the workplace;

- That policy was fully communicated to its employees; and

- That policy provided a reasonable avenue for Endo to make a complaint to higher management

On the other hand, proof that Endo did not follow a complaint procedure provided by UPW, employer, will ordinarily be enough to establish that Endo "unreasonably failed" to take advantage of a corrective opportunity.

INSTRUCTION NO. ____

You must evaluate Endo's claim of sexual harassment in the context of a blue collar environment where crude language is commonly used by male and female employees.

INSTRUCTION NO. ____

The plaintiff seeks damages against the defendant for retaliation. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. the plaintiff engaged in or was engaging in an activity protected under law, that is [activity];

2. the employer subjected the plaintiff to an adverse employment action; that is [adverse employment action]; and and

[3. the plaintiff was subjected to the adverse employment action because of her [participation in protected activity.]

If you find that the plaintiff has proved all three of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.]

*or*

[3. the protected activity was a motivating factor in the adverse employment action.

If you find that the plaintiff has failed to prove any of these elements, your verdict should be for the defendant. If the plaintiff has proved all of these elements, the plaintiff is entitled to your verdict, unless the defendant has proved by a preponderance of the evidence that it would have made the same decision even if the plaintiff's participation in a protected activity had played no role in the employment decision. In that event, the defendant is entitled to your verdict, even if the plaintiff has met her burden of proof on all three of the above elements.

INSTRUCTION NO.____

Protected activity may be an informal or formal complaint made, or other opposition engaged in, by the Plaintiff, in response to an act of sexual harassment by the employer or the employer's agent.

However, not every complaint about an employer's action constitutes a protected activity; retaliation in response to an activity that is not protected does not support a retaliation claim. In order to be protected activity, Endo's opposition must have been directed toward sexual harassment by UPW. Opposition to sexual harassment by a co-employee cannot be the basis of a retaliation claim. Only reasonable opposition to an employer's actions are protected by Title VII; unreasonable, bad faith or malicious complaints are not protected.

INSTRUCTION NO. ____

UPW raises the affirmative defense of laches; that is UPW contends that Endo waited too long in bringing suit and the UPW was unfairly prejudiced as a result of the delay. Laches is a defense that is similar to a statute of limitations, and prevents a plaintiff from presenting old claims that they have not pursued for many years.

To prove laches, UPW must establish by a preponderance of the evidence that:

(1) Endo had knowledge of her right to file a sexual harassment claim;
(2) Endo inexcusably or unreasonably delayed in filing the present lawsuit, and
(3) UPW has been prejudiced by a belated assertion of her rights.

In presenting its defense, UPW is entitled to a presumption of laches if Endo delayed filing suite more than two years. The two-year time period for the presumption of laches is based on Hawaii's statute of limitations for sexual harassment claims. The presumption of laches means that it is presumed that the delay was unreasonable, and that UPW was prejudiced by the delay.

If Endo delayed for more than two years between the time at which the incidences giving rise to her sexual harassment occurred and the filing of the present lawsuit on October 17, 2003, it creates a presumption in UPW's favor, and Endo has the burden of presenting evidence that she had a reasonable excuse for the delay.

If Endo can show she had a reasonable excuse then you have to consider the case in its entirety to determine if there was laches; if Endo does not show a reasonable excuse, then the presumption of laches can be applied and you may find in favor of UPW.

If you decide that Endo has provided evidence that its delay in bringing the current lawsuit is justified, you will then consider the case in its

entirety to decide whether laches should be applied because UPW has been unfairly prejudiced by Endo's delay.

In determining whether Endo's delay was unreasonable, you should consider the length of delay.

A defendant is prejudiced by a delay when the assertion of a claim available some time ago would cause defendant difficulty. Specifically in this case, UPW was unfairly prejudiced if Endo's delay caused it difficulty to defend itself in this lawsuit that would not have existed if Endo had not delayed. If you find that UPW was unfairly prejudiced by Endo's unreasonable delay, then you must apply the defense of laches.

INSTRUCTION NO. ____

Endo claims the acts of UPW were done with malice or reckless indifference to Endo's federally protected rights so as to entitle Endo to an award of punitive damages.

In some cases punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, so long as the employee who engaged in the sexually harassing conduct is not an alter ego of the employer, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

If Endo has not proved that Rodrigues was an alter ego of UPW, then you must decide, an award of punitive damages would be appropriate in this case only if you find for Endo and then further find from a preponderance of evidence:

(1)    That Rodrigues acted as a managerial employee within the scope of his employment; and

(2)    That Rodrigues personally acted with malice or reckless indifference to Endo's federally protected rights; and

(3)    That UPW itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

On the other hand, if Endo has proved that Rodrigues was an alter ego of UPW, then you must decide, an award of punitive damages would be appropriate in this case only if you find for Endo and then further find from a preponderance of evidence:

   (1) That Rodrigues acted as a managerial employee within the scope of his employment; and

   (2) That Rodrigues personally acted with malice or reckless indifference to Endo's federally protected rights.

   If you find that punitive damages should be assessed against UPW, you may consider the financial resources of UPW in fixing the amount of such damages.

   Punitive damages must bear a reasonable relationship to Endo's actual injury. However, there is no simple way to link punitive to compensatory damages. In determining a reasonable relationship to the actual injury, you must consider all relevant factors. These include:

  1. The impact and severity of UPW's conduct.
  2. The amount of time UPW conducted itself in this manner.
  3. The amount of compensatory damages.
  4. The potential profits UPW may have made from UPW's conduct.
  5. The attitudes and actions of UPW's top management after the misconduct was discovered.
  6. The effect of the damage award on UPW's financial condition.

INSTRUCTION NO. ____

In determining whether an employee is a "managerial employee", you should look at the type of authority that the employer has given to the employee, the amount of discretion that the employee has in what is done and how it is accomplished. An employee must be important but need not be the employer's top management, officer, or director to be acting as a managerial employee.

INSTRUCTION NO. _____

Endo claims UPW acted intentionally, wilfully, wantonly, oppressively, maliciously, or with gross negligent, with respect to Endo's rights protected by state law so as to entitle Endo to an award of punitive damages.

In some cases punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, so long as the employee who engaged in the sexually harassing conduct is not an alter ego of the employer, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

If Endo has not proved that Rodrigues was an alter ego of UPW, then you must decide, an award of punitive damages would be appropriate in this case only if you find for Endo and then further find from a preponderance of evidence:

(1) That Rodrigues acted as a managerial employee within the scope of his employment; and

(2) That UPW itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

and from clear and convincing evidence:

(3) That Rodrigues personally acted intentionally, wilfully, wantonly, oppressively or with gross negligence.

On the other hand, if Endo has proved that Rodrigues was an alter ego of UPW, then you must decide, an award of punitive damages would be appropriate in this case only if you find for Endo and then further find from a preponderance of evidence:

(1) That Rodrigues acted as a managerial employee within the scope of his employment; and

and from clear and convincing evidence:

(2) That Rodrigues personally acted intentionally, wilfully, wantonly, oppressively or with gross negligence.

The proper measure of punitive damages under state law is (1) the degree of intentional, wilful, wanton, oppressive, malicious or grossly negligent conduct that formed the basis for your prior award of damages against that defendant and (2) the amount of money required to punish that defendant considering his/her/its financial condition.    In determining the degree of a particular defendant's conduct, you must analyze that defendant's state of mind at the time he/she/it committed the conduct which formed the basis for your prior award of damages against that defendant.  Any punitive damages awarded must be reasonable.

INSTRUCTION NO. ____

UPW claims that Rodrigues should indemnify it, that is compensate UPW monetarily, for the damages, if any, Endo recovers against UPW on her state law retaliation claim.

Under Hawaii law, an employer held liable under respondeat superior is entitled to indemnification from its employee.

If you find in favor of Endo on her state law retaliation claim, UPW is entitled to prevail on its indemnification claim and recover from Rodrigues the full amount it is held liable to Endo, under the state law retaliation claim, if you find from a preponderance of evidence that:

    (1)    UPW must discharge a legal obligation owing to Endo;

    (2)    Rodrigues is also responsible to Endo for causing her damages;

    (3)    as between UPW and Rodrigues, the obligation ought to be discharged by Rodrigues.

The last requirement means that UPW's fault must have been "passive" while Rodrgiues' fault must have been active or primary.

INSTRUCTION NO. ____

Rodrigues claims that UPW entered into an oral contract whereby UPW promised to indemnify him, that is compensate Rodrigues monetarily, for attorney's fees he incurs in this lawsuit.

It is for you to determine (1) whether such a contract exists and (2) whether the contract requires UPW to indemnify Rodrigues.

In order for Rodrigues to obtain reimbursement from UPW, the contract must express the parties' intentions in clear and definite language. General language is not sufficient; rather, the parties must express this intent in clear and unequivocal language for the contract to be enforceable.

INSTRUCTION NO. ____

Except in certain situations, an oral contract is just as effective as if the agreement had been reduced to writing. If you find that all the items needed to form a contract are present, you must find that Rodrigues has established that both parties intended to be bound by the terms of the agreement, which were sufficiently definite to be specifically enforce, and there was mutuality of consideration. The burden of proving the oral contract is on Rodrigues, and Rodrigues must prove that the contract was clear and concise. You are to consider the conduct of the parties and the surrounding circumstances as to the formation of the contract, and whether the parties' conduct would be reasonable in light of the alleged contract and the surrounding circumstances. If you find that an oral contract existed in this case, it is irrelevant that the party seeking to enforce the contract did not take steps to obtain a written contract, despite his or her apparent ability and opportunity to do so.

## INSTRUCTION NO. ____

Contracts of indemnity are to be strictly construed.

## INSTRUCTION NO. ____

A contract is an agreement between two or more persons which creates an obligation to do or not do something. A contract may be written or oral.

A contract requires proof of all of the following elements:

(1)    Persons with the capacity and authority to enter into the contract; and

(2)    An offer; and

(3)    An acceptance of that offer producing a mutual agreement, or a meeting of the minds, between the persons as to all of the essential terms of the agreement at the time the offer was accepted; and

(4)    Consideration.

In this case, all elements are in dispute.

INSTRUCTION NO. _____

Authority means having the permission or right to enter into a contract.

INSTRUCTION NO. ____

An offer is an expression of willingness to enter into a contract which is made with the understanding that the acceptance of the offer is sought from the person to whom the offer is made.

An offer must be sufficiently definite, or must call for such definite terms in the acceptance, that the consideration promised is reasonably clear.

INSTRUCTION NO. _____

An acceptance is an expression of agreement to the essential terms of an offer, in the manner which may be invited or required by the offer. All of the essential elements of the offer must be accepted without change or condition.

A change in any essential term set forth in the offer or an attempt to condition acceptance is a rejection of the offer. It is a counteroffer which may be accepted, rejected totally, or rejected by a further counteroffer.

INSTRUCTION NO. _____

The essential terms of an agreement are those terms which are basic, necessary and important to the agreement between the parties.  In most contracts, the essential terms of an agreement are:

1.  a description of the property, goods or services to be received;
1.  the amount of money or other consideration to be given; and
2.  the manner and time in which the property, goods or services are to be received and the money or other consideration is to be given.

It is for you to decide whether there are any other essential terms under the circumstances of this case.