# MINUTES

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 03-00563LEK |
| CASE NAME: | Jeanne K. Endo vs. United Public Workers, etc., et al. |
| ATTYS FOR PLA: | Clayton C. Ikei |
| ATTYS FOR DEFT: | Charles A. Price<br>Eric A. Seitz |
| INTERPRETER: | |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | FTR-Courtroom 7; Courtroom 7-No Record |
| DATE: | 05/09/2008 | TIME: | FTR 11:01-12:05; No Record 12:06-12:30 |

COURT ACTION:  EP: Motions in Limine:

1) Plaintiff's Motion in Limine to Include Evidence of Third-Party Defendant Gary W. Rodrigues' Criminal Conviction as to Issue of Credibility;

2) Plaintiff's Motion in Limine to Exclude Evidence Regarding Plaintiff's Past Sexual Behavior;

3) Plaintiff's Motion in Limine to Exclude Evidence Regarding Plaintiff's Complaint Filed with the Hawaii Civil Rights Commission on June 18, 1993;

4) Plaintiff's Motion in Limine to Admit Evidence Regarding Third-Party Defendant Gary W. Rodrigues' Removal from United Public Workers, AFSCME Local 646, AFL-CIO;

5) Plaintiff's Motion in Limine to Admit Evidence Regarding Settlement of a Prior Sexual Harassment Complaint Against Defendant United Public Workers, AFSCME Local 646, AFL-CIO;

6) Plaintiff's Motion in Limine to Admit Evidence of Sexual Harassment of Other Women in the Workplace by Third-Party Defendant Gary W. Rodrigues;

7) Defendant United Public Workers' Motion in Limine Re: Expert Opinions;

8) Defendant United Public Workers' Motion in Limine Re: Settlement;

9) Third-Party Defendant Gary W. Rodrigues' First Motion in Limine to Bar All Testimony or Evidence Regarding Gary Rodrigues' Conviction in U.S. v. Rodrigues, CR NO. 01-00078;

10) Third-Party Defendant Gary W. Rodrigues' Second Motion in Limine to Bar All Testimony or Evidence as to Information that the Plaintiff Alleges Other People Told her About Gary Rodrigues;

11) Third-Party Defendant Gary W. Rodrigues' Third Motion in Limine to Bar All Testimony or Evidence Regarding UPW's Suspension and/or Removal of Gary Rodrigues' from his Posiiton at UPW;

12) Third-Party Defendant Gary W. Rodrigues' Fourth Motion in Limine to Bar All Testimony or Evidence of Georgietta Chock's Claims Against and Settlement with United Public Workers;

13) Third-Party Defendant Gary W. Rodrigues' Fifth Motion in Limine to Bar All Testimony or Evidence of Defendant's Alleged Relationships with Women Other than Plaintiff;

14) Third-Party Defendant Gary W. Rodrigues' Sixth Motion in Limine to Bar All Opinion Testimony by Witnesses as to Whether Defendant Engaged in Sexual Harassment of Plaintiff;

15) Third-Party Defendant Gary W. Rodrigues' Seventh Motion in Limine to Bar All Opinion Testimony by Witnesses as to Whether Defendant "Controlled" the UPW, it's State Executive Borad, or it's Executive Committee;

16) Third-Party Defendant Gary W. Rodrigues' Eighth Motion in Limine to Bar Any Evidence Regarding An Artical Critical of Plaintiff which Clifford T. Uwaine Wrote Purportedly at Rodrigues' Request;

17) Third-Party Defendant Gary W. Rodrigues' Ninth Motion in Limine to Bar All Testimony Concerning Work Performed on a Property in Bend, Oregon;

18) Third-Party Defendant Gary W. Rodrigues' Tenth Motion in Limine to Bar Testimony or Evidence Regarding Rodrigues' Character;

**Court's inclination given. Arguments heard. Court rulings made. Court to issue Order with specific rulings.**

Trial procedures discussed with Counsel off the record.

Submitted by: Warren N. Nakamura, Courtroom Manager