# MINUTES

CASE NUMBER: CIVIL NO. 03-00563LEK

CASE NAME: Jeanne K. Endo vs. United Public Workers, etc., et al.

ATTYS FOR PLA:

ATTYS FOR DEFT:

INTERPRETER:

JUDGE: Leslie E. Kobayashi   REPORTER:

DATE: 05/13/2008   TIME:

COURT ACTION:   EO:   COURT'S RULINGS ON MOTIONS IN LIMINE

1. Plaintiff's Motion in Limine to Include Evidence of Third-Party Defendant Gary W. Rodrigues' Criminal Conviction as to Issue of Credibility - GRANTED IN PART AND DENIED IN PART.

   Granted to the extent that if Third-Party Defendant Gary W. Rodrigues ("Rodrigues") testifies or otherwise places his credibility in issue, evidence of his criminal conviction is relevant and can be used as impeachment pursuant to Fed. R. Evid. 609(a)(2).  Denied in all other respects.

2. Plaintiff's Motion in Limine to Exclude Evidence Regarding Plaintiff's Past Sexual Behavior - GRANTED IN PART AND DENIED IN PART.

   Denied to the extent that evidence governed by Fed. R. Evid. 412 regarding Plaintiff's speech and conduct in the workplace is relevant to the claims and defenses raised, and this relevance outweighs any prejudice.  Granted in all other respects.

3. Plaintiff's Motion in Limine to Exclude Evidence Regarding Plaintiff's Complaint filed with the Hawaii Civil Rights Commission on June 18, 1993 - GRANTED IN PART AND DENIED IN PART.

   Denied as to the fact that Plaintiff filed the complaint of discrimination on June 18, 1993 with the Hawaii Civil Rights Commission against Plaintiff's former employer, the nature and specifics of the claims, Plaintiff's thought process in

deciding to file the claim, and that the claim was resolved without filing a lawsuit in that these facts are relevant to the claims and defenses raised, and this relevance outweighs any prejudice. Granted in all other respects, specifically as to the fact that Plaintiff settled the claim by agreement and withdrew her complaint, as that the evidence's relevance is far outweighed by prejudice and/or potential for jury confusion.

4. Plaintiff's Motion in Limine to Admit Evidence Regarding Third-party Defendant Gary W. Rodrigues' Removal From United Public Workers, etc. - DENIED

   Denied on the basis that the evidence is not relevant to the claims and/or defenses raised, or if it has any relevance, it is clearly outweighed by prejudice and potential for jury confusion. Fed. R. Evid. 403. Also denied on the basis of inadmissible hearsay.

5. Plaintiff's Motion in Limine to Admit Evidence Regarding Settlement of A Prior Sexual Harassment Complaint Against Defendant United Public Workers, et al. - GRANTED IN PART AND DENIED IN PART.

   Granted to the extent that Georgetta Chock and any person with personal knowledge may testify as to Ms. Chock's complaint against UPW and the fact of her settlement of that complaint as such evidence is relevant to the claims and defenses raised in the action and while prejudicial, the relevance outweighs the potential prejudice and/or potential jury confusion. Such testimony and evidence does not include the terms of the settlement, unless hearsay and best evidence rules are first met. Denied in all other respects on the basis of hearsay, that the evidence is not relevant or, if relevant, its prejudice outweighs any probative value and/or would lead to jury confusion.

6. Plaintiff's Motion in Limine to Admit Evidence of Sexual Harassment of Other Women in the Workplace by Third-Party Defendant Gary W. Rodrigues - GRANTED IN PART AND DENIED IN PART. The motion is granted to the extent that witnesses with personal knowledge may testify about incidents involving Gary Rodrigues and women other than Plaintiff being harassed. Having personal knowledge fulfill the requirement of Fed. R. Evid. 602. The evidence is relevant to whether Plaintiff's working conditions were altered as a result of witnessing hostility towards other women in the workplace, and with regard to issues of motive and/or intent, and whether the employer knew or should have known that Mr. Rodrigues was acting in a way which created a hostile work environment. Loring v. Universidad Metrololitana, 190 F.Supp.2d 268, 271-72 (D.Puerto Rico 2002). Further, the motion is granted to the extent that any Plaintiff may testify, even without personal first-hand knowledge, as to incidents of sexual harassment in the workplace involving Mr. Rodrigues and women other than Plaintiff. Hurley v. Atlantic City Police Dept, 174 F.3d 95, 110 (3rd Cir. 1999)("Evidence of harassment of other women and widespread sexism is also probative of 'whether one of the principal nondiscriminatory reasons asserted by

[an employer] for its actions was in fact a pretext for ... discrimination.")(citations omitted). Denied in all other respects on the basis of hearsay, and that the evidence is more prejudicial than probative.

7. Defendant UPW's Motion in Limine Re Expert Opinions - DENIED IN PART AND GRANTED IN PART. To the extent that treating physicians are called to testify regarding their treatment and knowledge of Plaintiff, the motion is denied. Shepardon v. West Beach Estates, 172 F.R.D. 415, 416 (D. Haw. 1997)(Rule 26 expert report is not required where expert is not employed to provide testimony in the case). However, the motion is granted in that the witnesses will not be permitted to testify outside of their capacity as treating physicians.

8. Defendant UPW's Motion in Limine Re Settlement Discussions - GRANTED.

9. Third-Party Defendant Gary W. Rodrigues' First Motion in Limine to Bar All Testimony or Evidence Regarding Gary Rodrigues' Conviction in U.S. v. Rodrigues, CR. No. 01-00078 - GRANTED IN PART AND DENIED IN PART.

    Denied to the extent that if Def. Rodrigues testifies or otherwise places his credibility in issue, evidence of his criminal conviction is relevant and can be used as impeachment pursuant to Fed. R. Evid. 609(a)(2). Granted in all other respects.

10. Third-Party Defendant Gary W. Rodrigues' Second Motion in Limine to Bar All Testimony or Evidence as to Information that the Plaintiff Alleges Other People Told Her About Gary Rodrigues - GRANTED IN PART AND DENIED IN PART.

    The motion is granted to the extent that Plaintiff may not testify about Clifford Uwaine stating that Gary Rodrigues told him to write an article criticizing her job performance because this evidence is hearsay and not relevant, and if relevant, it is excluded because such testimony is more prejudicial than probative and is likely to cause jury confusion. The motion is denied to the extent that any Plaintiff may testify, even without personal first-hand knowledge, as to incidents of sexual harassment in the workplace involving Mr. Rodrigues and women other than Plaintiff. Hurley v. Atlantic City Police Dept, 174 F.3d 95, 110 (3rd Cir. 1999)("Evidence of harassment of other women and widespread sexism is also probative of 'whether one of the principal nondiscriminatory reasons asserted by [an employer] for its actions was in fact a pretext for ... discrimination.")(citations omitted). Denied in all other respects on the basis of hearsay, and that the evidence is more prejudicial than probative.

11. Third-Party Defendant Gary W. Rodrigues' Third Motion in Limine to Bar All Testimony or Evidence Regarding UPWE's Suspension and/or Removal of Gary Rodrigues From His Position at UPW - GRANTED.

    Granted on the basis that the evidence is not relevant to the claims and/or defenses

raised, or if it has any relevance, it is clearly outweighed by prejudice and potential for jury confusion. Fed. R. Evid. 403. Also denied on the basis of inadmissible hearsay.

12. Third-Party Defendant's Fourth Motion in Limine to Bar All Testimony or Evidence of Georgietta Chock's Claims Against and Settlement With UPW - GRANTED IN PART AND DENIED IN PART.

    Denied to the extent that Georgetta Chock and any person with personal knowledge may testify as to Ms. Chock's complaint against UPW and the fact of her settlement of that complaint as such evidence is relevant to the claims and defenses raised in the action and while prejudicial, the relevance outweighs the potential prejudice and/or potential jury confusion. Such testimony and evidence does not include the terms of the settlement, unless hearsay and best evidence rules are first met. Granted in all other respects on the basis of hearsay, that the evidence is not relevant or, if relevant, its prejudice outweighs any probative value and/or would lead to jury confusion.

13. Third-Party Defendant's Fifth Motion in Limine to Bar All Testimony or Evidence of Third-Party Defendant's Alleged Relationships With Women Other Than Plaintiff - GRANTED IN PART AND DENIED IN PART.

    The motion is denied to the extent that any Plaintiff may testify, even without personal first-hand knowledge, as to incidents of sexual harassment in the workplace involving Mr. Rodrigues and women other than Plaintiff. Hurley v. Atlantic City Police Dept, 174 F.3d 95, 110 (3rd Cir. 1999)("Evidence of harassment of other women and widespread sexism is also probative of 'whether one of the principal nondiscriminatory reasons asserted by [an employer] for its actions was in fact a pretext for ... discrimination.")(citations omitted). Denied in all other respects on the basis of hearsay, and that the evidence is more prejudicial than probative.

14. Third-Party Defendant's Sixth Motion in Limine to Bar All Testimony or Evidence of Witnesses as to Whether Third-Party Defendant Engaged in Sexual Harassment of Plaintiff - GRANTED.

    This motion is granted and witnesses may not testify as to whether or not Mr. Rodrigues sexually harassed Plaintiff unless the witness has personal knowledge of the matter. Fed. R. Evid. 602, 701.

15. Third-Party Defendant's Seventh Motion in Limine to Bar All Testimony or Evidence of Witnesses as to Whether Third-Party "Controlled" the UPW, Its' State Executive Board, or Its' Executive Board - GRANTED.

    Granted on the basis that the evidence is not relevant to the claims and/or defenses

raised, or if it has any relevance, it is clearly outweighed by prejudice and potential for jury confusion.  Fed. R. Evid. 403.  Also granted on the basis of inadmissible hearsay.

16. Third-Party Defendant's Eighth Motion in Limine to Bar Any Evidence Regarding An Article Critical of Plaintiff Which Clifford Uwaine Wrote Purportedly at Rodrigues' Request - the court defers its ruling until Mr. Uwaine testifies on this matter.  His testimony will be taken outside the presence of the jury until the court rules on admissibility.

17. Third-Party Defendant's Ninth Motion in Limine to Bar All Testimony Concerning Work Performed on a Property in Bend, Oregon - GRANTED.

    Granted on the basis that the evidence is not relevant to the claims and/or defenses raised, or if it has any relevance, it is clearly outweighed by prejudice and potential for jury confusion.  Fed. R. Evid. 403.  Also granted on the basis of inadmissible hearsay.

18. Third-Party Defendant's Tenth Motion in Limine to Bar All Testimony or Evidence Concerning Rodrigues' Character - GRANTED IN PART and DENIED IN PART.

    Denied to the extent that if Third-Party Defendant Gary W. Rodrigues ("Rodrigues") testifies or otherwise places his credibility in issue, evidence of his criminal conviction is relevant and can be used as impeachment pursuant to Fed. R. Evid. 609(a)(2).  Granted in all other respects.

Submitted by: Warren N. Nakamura, Courtroom Manager